**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANA GARZA<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC.,<br>*et. al.,*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:22-CV-00467-MJT |

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SOUTHWEST KEY PROGRAM'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a) OR 28 U.S.C. § 1404(a)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Southwest Key Programs, Inc. ("SWK"), hereby moves the Court, in accordance with Local Civil Rule CV-7(g) and the Court's April 3, 2024 Order (ECF No. 48), for an order dismissing Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, transferring venue to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

In compliance with Local Civil Rule CV-7(h), SWK, by and through counsel, met and conferred with counsel for Relator and the currently-served Co-Defendants. Relator has stated that venue is improper in the Eastern District of Texas, *see* ECF No. 47, but indicates she opposes the motion. Co-Defendants consent to the motion. To the extent Co-Defendants file their own motions and evidence challenging Relator's choice of venue, SWK incorporates all such evidence and arguments herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Southwest Key Programs, Inc. ("SWK"), through undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss this action under Fed. R. Civ. P. 12(b)(3), for improper venue; or, alternatively, should the Court determine it be in the interest of justice, to transfer this action to the Southern District of Texas under 28 U.S.C. § 1406(a); or, alternatively, for the convenience of parties and witnesses and in the interest of justice, to transfer to the Southern District of Texas under 28 U.S.C. § 1404(a). In support thereof, SWK states the following:

## PRELIMINARY STATEMENT

Relator has hauled nearly a dozen defendants into federal court in the Eastern District of Texas without alleging any facts in her Complaint that would support a finding that venue is proper here. Moreover, Relator, by and through her counsel of record, has acknowledged that venue is improper in this Division and District. In light of this admission, and a complete absence of facts in the Complaint establishing any connection to the Eastern District, Rule 12(b)(3) dismissal is appropriate.

Should the Court determine that the interest of justice require transfer of Relator's action rather than dismissal, SWK respectfully requests the Court transfer this case, pursuant to 28 U.S.C. § 1406(a), to the Houston Division of the Southern District of Texas, where Relator could—and should—have brought her action in the first instance.

Finally, should the Court conclude that neither Rule 12(b)(3) dismissal nor § 1406(a) transfer is required, it should nonetheless transfer to the Houston Division of the Southern District of Texas under 28 U.S.C. § 1404(a), as the convenience of parties and witnesses and the interest of justice will be best served by such transfer. As evident from the face of Relator's Complaint,

venue would be proper there, many of the named Defendants reside in that District, SWK operates several unaccompanied minor shelter facilities in that District, and the Houston Division is convenient for all parties and witnesses who might testify in court. 28 U.S.C. § 1404(a).

## STATEMENT OF THE ISSUES

1. Whether venue is improper in the Beaumont Division of the Eastern District of Texas under 31 U.S.C. § 3732(a), requiring dismissal under Fed. R. Civ. P. 12(b)(3), where no facts alleged relate to this District and Division and Relator has conceded venue is improper.

2. Whether, assuming venue is improper, transfer to the Houston Division of the Southern District of Texas is in the interest of justice pursuant to 28 U.S.C. § 1406(a).

3. Alternatively, should the Court conclude venue is proper here, whether transfer to the Houston Division of the Southern District of Texas is warranted for convenience under 28 U.S.C. § 1404(a).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an October 26, 2022 *qui tam* action filed by Relator Jana Garza against more than a dozen Defendants. ECF No. 2. The G1overnment investigated Relator's claims while the case was sealed, as required by the civil False Claims Act ("FCA"), and declined to intervene on July 10, 2023. ECF No. 7. Relator filed a First Amended Complaint on February 8, 2024. ECF No. 24 (hereinafter "Complaint"). Of the eleven Defendants remaining after amendment, Relator served nine Defendants in February 2024. Two Defendants—Geraldo Rivera and Fanny Figueroa—have not yet been served.

Relator's Complaint alleges violations of the FCA based on allegations that the defendants collectively: knowingly presented or caused to be presented, false or fraudulent claims for payment, 31 U.S.C. § 3729(a)(1)(A); engaged in a conspiracy to violate the FCA, 31 U.S.C. §

3729(1)(C); and retaliated against Relator in violation of 31 U.S.C. § 3730(h). The gravamen of Relator's Complaint is that SWK allegedly steered medical provider contracts at its largest shelters—none of which are located in the Eastern District of Texas—to friends, family, and personal associates in violation of the FCA and Anti-Kickback Statute. Compl. ¶ 2. Relator further contends that the alleged kickbacks consisted of federal health care dollars from a program to provide health care to unaccompanied children housed in shelters financed by the Office of Refugee Resettlement ("ORR"), an agency component of the U.S. Department of Health and Human Services ("HHS"), headquartered in Washington, D.C.

In an attempt to resolve issues related to venue, undersigned counsel met and conferred with counsel for Relator in a March 20, 2024 videoconference and through a series of email communications between March 18 and April 5, 2024. Following counsel's brief initial videoconference—in which undersigned counsel indicated Defendants were considering dismissal or transfer based on improper venue—Relator volunteered that the Eastern District is an improper venue for her action. *See* ECF No. 47, Ex. A, Email Correspondence at 3, 5, 6. Despite conceding that this action should not proceed before this Court, counsel for Relator does not consent in this motion and has steadfastly refused to provide any basis for her opposition to transferring this action to the Houston Division of the Southern District of Texas. *Id.* at 1–3, 6–7. Instead, Relator—without alerting Defendants to any forthcoming motion of her own—has indicated she would like the case to proceed in the Austin Division of the Western District of Texas. *Id.* at 2, 6. Indeed, despite Defendants' repeated requests that Relator meet and confer in good faith in accordance with Local Rule CV-7(h), Relator's counsel has declined to provide any substantive response, merely stating that Relator would only consent to proceed in Austin.

## LEGAL STANDARD

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(3), the court must accept all well-pleaded facts as true and resolve any factual conflicts in the plaintiff's favor. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 492–93 (5th Cir. 2018). A court may decide the propriety of venue on "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). The plaintiff bears the burden of demonstrating that venue is proper. *See Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003) ("Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff."); *accord Gutierrez v. Drill Cuttings Disposal Co., L.L.C.*, 319 F. Supp. 3d 856, 861 (W.D. Tex. 2018) ("Once challenged, the burden of sustaining venue lies with the plaintiff.").

Where venue is improper, 28 U.S.C. § 1406(a) provides for the mandatory dismissal or, should the interest of justice require, transfer of a case brought in the wrong division or district. 28 U.S.C. § 1406(a) (directing that district court "shall dismiss" an action "laying venue in the wrong division or district" or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"). A district court has broad discretion to select either remedy—dismissal or transfer—in the interest of justice. *See Caldwell v. Palmetto State Says. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

Where venue is proper, transfer is available under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court's § 1404(a) transfer analysis comprises two steps. First, the court must determine whether the action could have been brought

in the target forum. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If this first requirement is met, the court proceeds to weigh public and private factors. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197–98 (Fed. Cir. 2009) (applying Fifth Circuit law). The factors "are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am. (Volkswagen II)*, 545 F.3d 304, 314–15 (5th Cir. 2008) (*en banc*).

## ARGUMENT

The parties agree this action should not proceed in the Eastern District of Texas. An action under the FCA "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732(a); *see, e.g.*, *United States ex. rel. Cook-Reska v. Cmty. Health Sys., Inc.*, No. 9-cv-1565, 2014 WL 5500710, at *4 (S.D. Tex. Oct. 30, 2014) (identifying § 3732(a) as applicable venue provision in FCA cases).

Relator's Complaint alleges no connection between this District and the parties, witnesses, facts, or allegations in this case. Accordingly, the case should be dismissed under Fed. R. Civ. P. 12(b)(3) or, in the alternative, and to the extent justice requires, transferred to the Houston District of the Southern District of Texas, where venue would be proper. 28 U.S.C. § 1406(a).

In light of Relator's less than pellucid position on this motion, SWK respectfully asserts, as a second alternative measure of relief, that the Court transfer venue to the Houston Division of the Southern District of Texas under 28 U.S.C. § 1404(a). The applicable private and public interest factors unmistakably favor transfer to the Southern District of Texas, whereas "not a single relevant factor favors [the Relator's] chosen venue." *Volkswagen II*, 545 F.3d at 318. The connections to the Southern District of Texas, and in particular the Houston Division, are clear. The Naranjo defendants and the Hernandez Defendants (a total of eight named Defendants) reside

in the Southern District of Texas. *See* Declaration of Kela Kasemi (hereinafter "Kasemi Decl.") ¶¶ 7–11. Of the twenty SWK shelter locations Relator lists in her Complaint, fifteen shelters are, or were, located within the Southern District of Texas; of those, five are located in the Houston area. *See* Declaration of Eleanor Benmenashe (hereinafter "Benmenashe Decl.") ¶¶ 10. Moreover, due to Houston's large size, convenient location, and two international airports, it is an easier and more centralized location for party and non-party witnesses (including any former SWK employees who no longer live in Texas) than the Beaumont Division of the Eastern District of Texas.

## I. Relator's Complaint Should Be Dismissed Because Venue Is Improper In The Eastern District Of Texas

Relator's Complaint should be dismissed because, as she concedes, venue is improper in the Eastern District. ECF No. 47. Relator fails to assert any factual allegation that any defendant can be found, resides, or transacts business in the Eastern District of Texas within the meaning of 31 U.S.C. § 3732(a). The Complaint provides only the formulaic and conclusory assertion that it is based on "multiple violations of 31 U.S.C. § 3729, some of which occurred in the Eastern District of Texas" and that "Defendants transact business in the Eastern District of Texas and are subject to general and specific personal jurisdiction under 31 U.S.C. § 3732(a) . . . ." Compl. ¶ 3. The Complaint's asserted basis for venue is unsupported by a single fact alleged therein.

First, the Complaint is entirely devoid of any facts alleged to have occurred anywhere in this District, much less within the confines of the Beaumont Division. Instead, the allegations center largely around Houston, the surrounding area, and other locations in the Southern District of Texas. *See, e.g.*, Compl. ¶ 77 (alleging Defendant Eder Hernandez contacted Relator at her home in Houston, to ask whether she would be willing to accept a business deal working with government agencies, and sent her a list of addresses corresponding to SWK's shelter locations); ¶ 84 (alleging Hernandez traveled to Houston to meet Relator about "entering a business deal to

become a medical provider" for "INS"); ¶ 85 (alleging Hernandez's overtures related to a new SWK shelter set to open in Houston); ¶ 87–91 (alleging July 2018 meeting in Houston between Hernandez and Relator); ¶ 104 (alleging Relator and Defendant Figueroa entered into a verbal agreement relating to two SWK shelters located in North Houston) ¶ 129 (alleging Defendant Naranjo called Relator to tell her that he was going to "divide the Houston region"); ¶ 139 (alleging Relator would serve as medical director for all SWK Houston shelters); ¶ 143 (alleging Relator assumed all Houston shelters); ¶ 171 (alleging Relator signed one-year renewal contracts for five Houston shelters in 2020); ¶ 177 (alleging Relator received renewal contracts for the same five Houston shelters in 2021); ¶ 178–79 (alleging SWK informed Relator of a competitive bidding process for 2022 medical provider contracts for five Houston shelters and eight shelters in other Southern District of Texas locations); ¶ 186 (alleging Relator's bids were successful for two Houston shelters and unsuccessful for three others); ¶¶ 210–16 (alleging claim premised on conflicts of interest involving, in part, Houston and other Southern District shelters). Indeed, Relator's allegations concern the award of SWK medical provider contracts for unaccompanied minor shelter facilities, including five shelters in Houston and others in McAllen and Brownsville.[1]

Second, nowhere in Relator's 229-paragraph Complaint does she identify any residences, facilities, or other physical locations in the Eastern District of Texas associated with any

[1] Relator herself appears to reside in Houston or the surrounding area. Although her Complaint does not allege her current city of residence, publicly available and judicially noticeable information on Relator's LinkedIn profile indicates she has lived in Houston since at least 2018, when she began working as a family nurse practitioner at Houston-based Nutrix Medical Worx, PLLC. *See* LinkedIn, Jana Garza, https://www.linkedin.com/in/jana-garza-631516b2/ (last visited April 10, 2024). Many of her allegations likewise support that she lived in Houston at least from 2015 through 2022. *See, e.g.*, Compl. ¶ 75 (noting Relator "moved to Houston, Texas" in January 2015); ¶ 82 (Relator began working at Doctors Clinic Houston in January 2018); ¶ 87 (meeting held in Houston with Relator in July 2018); ¶ 153 (October 2019 dinner in Houston); ¶ 184 (Relator submits proposal to SWK in January 2022 for bids for medical provider contracts at five SWK Houston shelters).

Defendant. SWK is headquartered in Austin, Texas (within the Western District of Texas). Compl. ¶ 9; Benmenashe Decl. ¶ 4. SWK also has Regional Headquarters offices in Houston and Brownsville Texas (both within the Southern District of Texas). Benmenashe Decl. ¶ 5. None of SWK's Texas unaccompanied minor shelter facilities are located in the Eastern District of Texas. *See* Compl. ¶¶ 48–50 (listing shelters in Houston, Channelview, Canutillo, Clint, El Paso, San Antonio, Brownsville, Los Fresnos, McAllen, San Benito, and Weslaco); Benmenashe Decl. ¶ 9. None of the other named Defendants can be found, or reside in, the Eastern District of Texas. *See* Compl. ¶¶ 10–23.

Finally, Relator does not allege that SWK—or any other Defendant—"transacts business" in the Eastern District of Texas within the meaning of § 3732, or allege any facts from which that inference could reasonably be drawn. The phrase "transacts business" within the second prong of § 3732(a), "appears in many jurisdiction granting statutes and has been thoroughly examined in those contexts on numerous occasions." *See Anchor Invs. LLC v. Urbana, LLC*, 2008 WL 11417288, at *2 (S.D. Fla. Feb. 19, 2008). It is understood to mean "[t]he practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character'" in a district. *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948) (quoting *Eastman Kodak v. S. Photo Materials Co.*, 273 U.S. 359, 372–73 (1927) (interpreting phrase in context of Clayton Act venue provision)); *accord A.L. Black v. Acme Markets, Inc.*, 564 F.2d 681, 687 (5th Cir. 1977). As noted *supra*, SWK's Texas shelters are found in the Southern and Western Districts of Texas, with the majority of shelter locations (a total of sixteen) in the Southern District. Benmenashe Decl. ¶ 10–12.

Simply put: Relator concedes her action should not proceed in the Eastern District, alleges no facts having occurred in this Division or in the Eastern District, and has not made—and cannot

make—any showing that SWK or any other Defendant has office or business locations within the Eastern District or otherwise "transacts business" within the meaning of the FCA's venue provision. Accordingly, Relator has failed to carry her burden in establishing that venue is proper under § 3732(a), and the Court should dismiss under Rule 12(b)(3).

## II. In The Alternative, The Court Should Transfer The Case To The Southern District Of Texas – Houston Division

### A. Any Transfer Made In The Interest Of Justice Should Be To The Houston Division Of The Southern District Of Texas

Should the Court determine that the interests of justice require transfer, rather than dismissal, of Relator's action, SWK respectfully requests transfer be made to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a) (permitting transfer "if it be in the interest of justice"). As evident from the face of the Complaint and described *supra*, venue would be proper in the Houston Division of the Southern District under 31 U.S.C. § 3732(a). A significant portion of the alleged events giving rise to the claims in this case occurred in and around Houston, SWK transacts substantial business in and around Houston, and several of the named defendants reside in the Southern District.

### B. Any Transfer Made For Convenience Should Be To The Houston Division Of The Southern District Of Texas

Even considering the more extensive test for discretionary transfer under 28 U.S.C. § 1404, transfer to the Houston Division of the Southern District of Texas is plainly warranted. *See Volkswagen II*, 545 F.3d at 315 (listing private and public interest factors, none of which is dispositive); *see also Qualls v. Prewett Enters.*, No. 21-cv-00192, 2022 WL 889034, at *6 (S.D. Tex. Mar. 25, 2022) (convenience of witnesses often considered most important factor in § 1404(a) analysis). Relator's allegations demonstrate a clear nexus to the Southern District, and specifically, to Houston. Relator could have brought her action in that district and division, and the convenience

of parties and witnesses and the interest of justice would be served by such transfer. As to each of the § 1404(a) factors, briefly:

The relative ease of access to sources of proof favors transfer. *See Fintiv, Inc. v. Apple Inc.*, No. 18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019) (stressing factor is based on location "where documentary evidence, such as documents and physical evidence, [are] stored."); *see also Houston Fed'n of Teachers v. Tex. Educ. Agency*, No. 20-cv-222, 2020 WL 12584275, at *3 (W.D. Tex. May 28, 2020) (reasoning first factor "strongly" favored transfer as "[t]he case has no ties to San Antonio, and all the events occurred and thus sources of proof are in Austin (or Houston)"). Relator alleges a scheme that occurred largely in and near Houston, where Relator resided and where she provided medical services at five SWK shelters. Accordingly, a considerable amount of evidence relating to the purported scheme would most likely be found in Houston, including evidence relating to (1) SWK's award of medical provider contracts to Relator for services at Houston shelters, and (2) the numerous meetings, phone calls, and other communications between Defendant Eder Hernandez and Relator regarding SWK's Houston shelters, many of which purportedly occurred while Relator was in her home or at other Houston meeting locations. (Compl. ¶¶ 77, 84, 87, 106, 108). Moreover, to the extent any paper records relevant to Relator's allegations exist, they are located in SWK's physical locations, which include SWK's Austin Headquarters, Regional Headquarters offices in Houston and Brownsville, and/or shelter locations. Benmenashe Decl. ¶ 14.

The Houston Division is significantly more convenient for willing witnesses, both party and non-party. The distance from SWK's headquarters in Austin to Houston is approximately 2 hours and 45 minutes of driving time, or 160 miles. *See* Kasemi Declaration at ¶¶ 19, 24. The distance by car from Austin to Beaumont is nearly 4 hours of driving time, or about 250 miles. *Id.*;

*Cf. United States ex rel. Beck v. St. Joseph Health Sys*., No. 5:17-cv-052, 2020 WL 10786540, at *2 (N.D. Tex. Feb. 10, 2020) (concluding distance of 120 miles is not negligible).

Houston is likewise substantially more convenient for non-party witnesses, whether those witnesses travel by plane or car. *See* Benmenashe Decl. ¶ 14; Kasemi Decl. ¶ 16. SWK would expect to call various former employees to testify at trial. Benmenashe Decl. ¶ 14. Because there are considerably more options for witnesses to fly directly into Houston's two major airports, non-party witnesses could attend trial for a lower cost and expenditure of time if this action is transferred to Houston. Kasemi Decl. ¶ 16; *see ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) (finding "existence or non-existence of direct flights can impact analysis of travel time."); *see also Roco v. Am. Airlines, Inc.*, No. 21-cv-2839, 2022 WL 658566, at *3 (N.D. Tex. Mar. 4, 2022) (convenience to non-party witnesses accorded significant weight).[2]

The cost of attendance for any unwilling witnesses to appear at trial likewise supports the transfer of this case to Houston, given the ease of direct flights into Houston's two major airports, as compared to the significantly more limited travel options available to reach Beaumont. Kasemi Decl. ¶¶ 15–16.[3]

Turning to public interest factors, an examination of court congestion—based on docket loads and median interval time between case filing and disposition—favors transfer to Houston. *See* Fed. Court Management Statistics, Judicial Caseload Profile: District Courts, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2023.pdf

[2] Beyond SWK's witnesses, it appears many of the other defendants named in this case reside in Brownsville, Texas. It is a nearly a 6-hour and 30-minute drive from Brownsville to Beaumont; while Houston is a 5-hour and 7-minute drive. Kasemi Decl. ¶¶ 21–22.

[3] The availability of compulsory process—another factor in the analysis—is neutral here as both the Eastern District and Southern District enjoy nationwide subpoena power under 31 U.S.C. § 3731(a). *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (If "all . . . likely witnesses in this case are within the subpoena power of either court," factor is neutral).

(12-month period ending December 31, 2023) (hereinafter "Fed. Court Mgmt Stats."); *see also USPG Portfolio Two, LLC v. John Hancock Real Estate Fin.*, No. 10–cv–2466, 2011 WL 1103372, at *5 (N.D. Tex. 2011) (courts "commonly consider the Federal judicial caseload statistics"). While the median time between filing and disposition is 7.9 months in the Southern District and—very similarly—eight months in the Eastern District, all other factors relating to court congestion unambiguously favor the Southern District. Fed. Court Mgmt Stats. at p. 5. Relating to "actions per judgeship," the Eastern District had 413 civil filings per judge, while the Southern District's total was nearly 70 filings lower per judge. *Id.* An examination of pending cases per judgeship likewise favors the Southern District, at 768 pending cases per judge, a lower amount than the Eastern District's pending total of 821 cases. *Id.*

The local interest in having localized controversies decided at home also favors transfer to Houston. In instances in which a community has "no relation to the litigation," "jury duty is a burden that ought not to be imposed upon the people" of that community. *Roco*, 2022 WL 658566, at *4. Here, the Complaint alleges no facts having occurred in the Eastern District. Relator alleges she was a contracted medical service provider at five shelter locations in Houston, and that SWK operates nine other shelters within the Southern District. Compl. ¶¶ 48, 50. SWK does not operate any shelters in Beaumont or in the Eastern District. Benmenashe Decl. ¶¶ 9–10.

The remaining public interest factors—forum familiarity with governing law and avoidance of unnecessary problems related to conflicts of laws—are neutral. As to the first, all United States district courts are equally situated in their ability and skill to hear an FCA claim. *See Roe v. Intellicorp Records, Inc.*, No. 12-cv-0256, 2012 WL 3727323, at *4 (N.D. Cal. Aug. 27, 2012) ("As the FCA is a federal statute, the Northern District and the Central District are

equally equipped to adjudicate Relator's claims. This factor is neutral."). Regarding the second, Relator's claims do not pose issues related to conflicts of law.

## CONCLUSION

For the foregoing reasons, SWK respectfully requests that the Court (1) dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3); or, in the alternative, (2) transfer venue to the United States District Court for the Southern District of Texas, pursuant to either 28 U.S.C. §§ 1404(a) or 1406(a).

Dated: April 10, 2024

Respectfully submitted,

By: */s/ Rosie Dawn Griffin*

**FELDESMAN LEIFER LLP**
Rosie Dawn Griffin
Scott S. Sheffler
1129 20th Street NW, Suite 400
Washington, DC 20036
(202) 466-8960

*Counsel for Defendant Southwest Key Programs Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

*/s/ Rosie Dawn Griffin*
Rosie Dawn Griffin

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and that the foregoing motion is opposed by Relator. All currently served Defendants consent in the motion.

*/s/ Rosie Dawn Griffin*
Rosie Dawn Griffin