**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| ex rel. JANA GARZA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:22-CV-00467-MJT |
| | § | |
| SOUTHWEST KEY PROGRAMS, INC., | § | |
| et. al., | § | |
| *Defendants.* | § | |

**NARANJO & HERNANDEZ DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)**

Defendants Diego Naranjo, Divine Family Care, PLLC, Trinity Health Services, PLLC, and Diego Naranjo d/b/a UC Health Consultants (collectively, "Naranjo Defendants"), and Defendants Eder Francisco Hernandez, Alyssa Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC (collectively, "Hernandez Defendants") hereby file this Motion to Dismiss the First Amended Complaint for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3) because, as Relator Jana Garza concedes, the Eastern District of Texas is not a proper venue for this case.

## I. BACKGROUND

Plaintiff/Relator Jana Garza ("Relator" or "Garza") alleges that Defendants violated the False Claims Act by "steer[ing] Southwest Key's lucrative medical provider contracts for its largest shelters to friends, family, and personal associates. . . ." *See* ECF 42 at ¶ 2.

Aside from conclusory, unsupported assertions that "some of [the alleged violations of the False Claims Act] occurred in the Eastern District of Texas," and that "Defendants transact business in the Eastern District of Texas," ECF 24 at ¶ 3, Relator completely fails to allege a single instance of conduct in the Eastern District of Texas or otherwise establish that venue in the Eastern

District of Texas is proper. In fact, Counsel for Relator has since informed Counsel for Defendants that he "agree[s] that the E.D. Tex. is not a proper venue." Ex. A.

The Naranjo and Hernandez Defendants therefore respectfully request that the Court dismiss Relator's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, the Naranjo and Hernandez Defendants respectfully request that the Court transfer this action to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a).[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of a case for improper venue. The False Claims Act, 31 U.S.C. § 3732(a), provides that:

> Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.

Once a defendant objects to a plaintiff's chosen venue, "the burden is on the plaintiff to establish that the district he chose is a proper venue." *Knapper v. Safety Kleen Sys., Inc.*, No. CIV A 908-CV-84, 2009 WL 909479, at *2 (E.D. Tex. Apr. 3, 2009) (first citing *Youman v. Newfield Exploration Co.*, 977 F. Supp. 809, 810 (E.D. Tex. 1997); then citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001)). Courts generally accept a plaintiff's well-pleaded facts as true, but only to the extent that such facts remain uncontroverted by a defendant's affidavit. *Intirion Corporation v. College Products*, 669 F. Supp. 3d 650 (W.D. Tex. 2023).

If a district court finds that a case was improperly filed in an incorrect venue, the court may either dismiss the case, or, if the interest of justice requires, transfer the case to the appropriate

[1] The Naranjo and Hernandez Defendants hereby join and adopt by reference all arguments and authorities set forth in Co-Defendants' Motions to Dismiss (ECF 49).

venue pursuant to 28 U.S.C. § 1406(a). *See Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

## III. ARGUMENT

### A. Dismissal for Improper Venue

Relator alleges no facts to support venue in the Eastern District of Texas. On the contrary, Relator simply states, without any basis, that there was wrongdoing, "some of which occurred in the Eastern District of Texas." *See* ECF 24 at ¶ 3. Relator similarly alleges, again, without any basis, that "Defendants transact business in the Eastern District of Texas[.]" *See id.* Aside from these conclusory statements, Relator alleges no facts to support venue. Furthermore, Relator's counsel has conceded that the Eastern District of Texas "is not a proper venue." Ex. A.

The actual facts in this case also belie Relator's allegations. The Naranjo and Hernandez Defendants neither reside in the Eastern District of Texas nor conduct business in the Eastern District of Texas. *See* Ex. B, Naranjo Affidavit; Ex. C, E. Hernandez Affidavit; and Ex. D, A. Hernandez Affidavit.

Accordingly, because: (1) Relator fails to allege any facts to establish that venue is proper in the Eastern District of Texas; (2) Relator's counsel has conceded that venue is improper; and (3) the facts evidence that venue is indeed improper, the Court should dismiss this case for improper venue. *See* FED. R. CIV. P. 12(b)(3).

### B. Transfer to the Southern District of Texas

If the Court declines to dismiss this action, then it should transfer the action to the Southern District of Texas. *See* 28 U.S.C. § 1406(a). Transfer under § 1406(a) is permitted if: (1) the defendant is subject to the jurisdiction of the proposed forum; (2) venue is proper in the proposed forum; and (3) transfer is in the interest of justice. Each of those elements are met here.

*First*, Mr. Naranjo resides in Cameron County, Texas. Both Divine Family Care, PLLC, and Trinity Health Services, PLLC, conduct business in the Southern District of Texas and have offices in Brownsville, Texas. *See* Ex. B, Naranjo Affidavit. Defendants Eder and Alyssa Hernandez also reside in Cameron County, Texas. Both Migdal Eder, LLC, and Valley Med Urgent Care, PLLC, conduct business in the Southern District of Texas and have offices in Sugar Land, Texas. *See* Ex. C, E. Hernandez Affidavit; and Ex. D, A. Hernandez Affidavit.

*Second and third*, venue is proper in the Southern District of Texas, and transfer (in the alternative to outright dismissal) is in the interest of justice. The purported events alleged in the First Amended Complaint substantially occurred in Houston, Texas, within the Southern District of Texas. Southwest Keys operates the following shelters in Houston: Quetzal, Mesa, Montezuma, Reliant, Sunzal, and Casa Conroe. *See* ECF 24 at ¶ 48. Southwest Keys also operates the following shelters in South Texas: El Presidente, La Esperanza, Nueva Esperanza, Casa Padre, Casa Norma Linda, Casa Oasis, Casa Rio Grande, Casa Antigua, and Casa Sueno. *See* ECF 24 ¶ 50.

According to the First Amended Complaint, Relator's first contact with Mr. Eder Hernandez occurred in Houston, Texas, in 2015 *See* ECF 24 at ¶¶ 75–76. In 2018, while Relator was working at Doctors Clinic Houston, *see id.* at ¶ 82, Mr. Hernandez allegedly traveled to Houston to ask Relator whether she would work for SWK's immigration shelters. *See id at* ¶¶ 84–85. Relator specifically alleges that Mr. Hernandez told Relator that he would set up a call with her and Mr. Naranjo to discuss Relator providing medical services at Casa Sunzal, a shelter in Houston, Texas. *See id.* at ¶ 92. Following that call, Relator states that she was informed that she would be the medical provider at Casa Quetzal, another shelter in Houston. *See id.* at ¶ 103.

In 2019, Relator alleges that Mr. Naranjo called her to tell her that he was going to "divide the Houston region." *See id.* at ¶ 129. She alleges that Mr. Naranjo then offered her Casa Mesa

and Casa Reliant, two other Houston shelters, on March 21, 2019. *See id.* at ¶ 134. Relator claims that she "officially took over all of SWK's Houston shelters" on June 6, 2019, including Casa Quetzal, Casa Sunzal, Casa Montezuma, Casa Conroe, Casa Mesa, and Casa Reliant. *See id.* at ¶ 143.

In July 2020, Relator claims that she renewed her contracts for Casa Quetzal, Casa Sunzal, Casa Montezuma, Casa Mesa, and Casa Reliant, all shelters in Houston, Texas. *See id.* at ¶ 171. In May 2021, Relator claims that she again renewed her contracts for Casa Quetzal, Casa Sunzal, Casa Montezuma, Casa Mesa, and Casa Reliant. *See id.* at ¶ 177. Following her 2021 renewal, Relator alleges that SWK created "a sham bidding process for the shelters" and awarded Mr. Naranjo "the three largest Houston shelters." *See id.* at Part V.

Based on these facts, if the Court chooses to transfer the case rather than dismiss it, transfer to the Southern District of Texas, Houston Division, is proper. Relator's allegations revolve completely around her involvement in Houston, Texas. Defendants are subject to the jurisdiction of the Southern District of Texas. Based on Relator's own allegations, venue is proper in the Southern District of Texas, Houston Division. And while dismissal is the proper remedy here, in the alternative, a transfer to the Southern District of Texas would be in the interest of justice based on the facts set forth above.

## IV. CONCLUSION

Because Relator filed her Complaint improperly in the Eastern District of Texas, the Court should dismiss Relator's Complaint. Alternatively, the Court should transfer this action to the Southern District of Texas, Houston Division.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR NARANJO DEFENDANTS**

**MBMT LAW FIRM**

By: */s/ Benigno (Trey) Martinez*
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
trey@mbmtlawfirm.com
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com

1201 East Van Buren
Brownsville, Texas 78520
956-550-4868
956-621-0135 (Facsimile)

**ATTORNEYS FOR HERNANDEZ DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) and that the foregoing motion is opposed by Relator. All currently served Defendants consent in the motion.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova