**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANA GARZA<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC., *et. al.,*<br><br>*Defendants* | ) | Civil Action No. 1:22-CV-00467-MJT |

**DEFENDANT SOUTHWEST KEY PROGRAMS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER**

The Court should dismiss Relator's action under Fed. R. Civ. P. 12(b)(3) because it is undisputed that venue is improper in the Eastern District, and Relator has not demonstrated that transfer under 28 U.S.C. § 1406(a) would be in the interest of justice. Should the Court decide that transfer is warranted—despite Relator's failure to make the required showing—the most convenient venue is the Houston Division of the Southern District of Texas, as explicated in SWK's Motion (ECF No. 49), and the Joint Motion of the Naranjo and Hernandez Defendants (ECF No. 50). Finally, the Court should summarily dispose of Relator's Motion to Strike and Motion for Transfer under 28 U.S.C. § 1404(a).

## ARGUMENT

### I. Rule 12(b)(3) Dismissal is Appropriate Because All Parties Agree Venue is Improper in the Eastern District

Relator's action should be dismissed. The text of Rule 12(b)(3) is clear: dismissal is the remedy afforded to Defendants hauled into an improper venue. Fed. R. Civ. P. 12(b)(3); *Seville*

*v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) ("Where venue is improper, the district court should generally dismiss the case.").

Despite the bare statements made in her Complaint, Relator does not dispute that she improperly filed her action in the Eastern District. And she cannot: SWK and the other Defendants have demonstrated they can neither be found, reside, nor transact business in the Eastern District. *See* Defendant SWK's Motion to Dismiss, ECF No. 49, at 7–9 (hereinafter "SWK Mot."); Joint Motion to Dismiss of Naranjo and Hernandez Defendants, ECF No. 50, at 3 (hereinafter "Def's Joint Mot."). No more need be shown to support dismissal. Fed. R. Civ. P. 12(b)(3); *accord Seville*, 53 F.4th at 894.

## II. Transfer Is Neither In The Interest Of Justice Under 28 U.S.C. § 1406(a) Nor Available Under 28 U.S.C. § 1404(a)

To the extent Relator moves the Court for affirmative relief in the form of transfer to the Austin Division of the Western District of Texas, transfer is neither warranted under 28 U.S.C. § 1406(a), nor available under 28 U.S.C. § 1404(a).[1]

***First***, Relator has not demonstrated that transferring her case to a proper venue would be "in the interest of justice." 28 U.S.C. § 1406(a). In determining whether to waive dismissal under § 1406(a), "courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the plaintiff's belief that venue was proper was in good faith and

[1] Relator's motion is also procedurally improper for failure to comply with Local Rule CV-7(h): Relator's counsel provided no notice to SWK counsel of an intent to move for affirmative relief under either 28 U.S.C. §§ 1406(a) or 1404(a), and refused to engage on a proposed scheduling order that could have contemplated cross-motions. SWK Mot. at 4. Relator's Motion to Strike suffers the same flaw. Tellingly, Relator's "response" brief—while clearly moving the Court for relief—fails to include counsel's required certification of compliance with the procedural and substantive requirements of Local Rule CV-7(h). *Cf. Turner v. Home Depot, Inc.*, No. 18-cv-509, 2019 WL 13253385, at *1 (E.D. Tex. May 22, 2019) (noting "meet and confer requirement is not a perfunctory obligation" and striking motion for noncompliance with Local Rule CV-7(h)).

reasonable." *Seville*, 53 F.4th at 894 (internal citations and quotation marks omitted). Where a plaintiff's attorney "reasonably could have foreseen that the forum in which the suit was filed was improper, courts often dismiss rather than transfer under Section 1406(a) on the idea that similar conduct should be discouraged." *Id.* (internal citations and quotation marks omitted). "That's because it is 'obviously not 'in the interest of justice' to allow [§ 1406(a)] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.'" *Id.* (quoting *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967)).

Here, Relator has provided no explanation for why she filed her suit in the Eastern District or why she could not have "reasonably . . . foreseen that the forum in which the suit was filed was improper." *Id.* She points instead to vague and unfounded first-to-file fears and the asserted burden of coordinating a *qui tam* case with the Department of Justice. Relator's Response Brief, ECF No. 51, at 8–11 (hereinafter "Relator's Br.") (citing 31 U.S.C. §§ 3730(b)(1), (5)). Neither concern implicates the interests of justice. Indeed, Relator concedes she knows of no live first-to-file issue and believes "she is the first person to file a qui tam action against Defendants." *Id.* at 9. Moreover, raising these issues at the eleventh hour merely indicates Relator's continuous lack of diligence. *Cf. Seville* 53 F.4th at 894–95 ("The rule is clear and well-established: A district court may deny a request for transfer under § 1406 and dismiss the case where transfer would reward the plaintiff's lack of diligence."). Relator could—and should—have raised her concerns in response to Defendants' good faith attempts to meet and confer after Relator asserted the Eastern District was "improper" in her first communication on the issue. *See* ECF No. 47, Ex. A.

It is "well-established" that a district court may "dismiss the case . . . even if the dismissal means that plaintiff will be time-barred from filing again in a proper venue." *Seville*, 53 F.4th at

894–95 (collecting cases dismissing for improper venue where transfer would reward a Plaintiff's lack of diligence). Here, Relator has not asserted she will be unable to refile in her preferred District and Division. At best, she argues that dismissal will impose on her the well-known burdens inherent in *qui tam* litigation. Such concerns are "insufficient to warrant a transfer of venue." *Miller v. Chevron USA, Inc.*, No. 23-cv-327, 2024 WL 966886, at *3 (M.D. La. Mar. 6, 2024) (finding "insufficient" Plaintiff's assertion "that a transfer is warranted because her claims may be subject to prescription should they be dismissed").

***Second***, Relator's 28 U.S.C. § 1404(a) motion requests relief the statute does not provide. Simply put, transfer under 28 U.S.C. § 1404(a) is only available where venue is proper in the court in which the suit was originally filed. *See In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 740 (5th Cir. 2012) ("[T]he determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed."), *rev'd and remanded on other grounds sub nom. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.'").[2]

Where, as here, venue is improper in the court of original filing, § 1406(a) or Rule 12(b)(3) applies, not § 1404(a). *Id.*; *see also, e.g., Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009) ("To the extent plaintiffs argue that the district court should have transferred their case pursuant to section 1404, they are mistaken. The purpose of this provision is to transfer actions brought in a permissible yet inconvenient forum."); *Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007) ("Many courts have noted that the . . . distinction between the venue-

[2] As provided in SWK's Motion, SWK's alternative request for transfer to the Houston Division of the Southern District under 28 U.S.C. § 1404(a) was made "[i]n light of Relator's less than pellucid position" on venue. SWK Mot. at 6. It is now clear that § 1404(a) transfer is unavailable.

transfer statutes is simply which of 'the two principal transfer statutes—§§ 1404(a) and 1406(a)'—is appropriate for transfers: the former is appropriate 'when venue is proper and [the latter] should be used when venue is improper.'"). Indeed, although the established § 1404(a) test requires a comparison between the division and district in which the case was originally filed and the proposed transferee court, Relator makes no effort to compare the Beaumont Division of the Eastern District to the Austin Division of the Western District, *i.e.*, her proposed transferee court. She instead wrongly compares her preferred transferee court to Defendants' proposed transferee venue, further underscoring her understanding that the Eastern District is improper.

## III. Any Transfer In The Interest Of Justice Should Be Made To The Houston Division Of The Southern District Of Texas

Should the Court be inclined to transfer under 28 U.S.C. § 1406(a), it should—for the reasons provided in SWK's Motion and the Joint Motion of the Naranjo and Hernandez Defendants—transfer this matter to the Houston Division of the Southern District of Texas. There is no dispute that the alleged events underlying Relator's claim are asserted as having occurred primarily in and around Houston. SWK Mot. at 7–8. There is likewise no dispute that SWK and the other currently-served Defendants are found and reside in the Southern District. *Id.* at 6–7 (citing Kasemi Decl., ECF No. 49-2, at ¶¶ 7–11, and Benmenashe Decl., ECF No. 49-1, at ¶¶ 10); Def's Joint Mot. at 4 (citing Naranjo and Hernandez Affidavits). The convenience of the Houston Division as a proper venue for Relator's suit is likewise clear. *See, e.g.,* SWK Mot. at 10–13. Even Relator herself appears to reside in or around Houston. *See, e.g.,* Relator's Br., Ex. K, ECF No. 51-12 (contract between Relator and SWK indicating Relator's business, Nutrix Medical Worx, Inc., is located in Houston); Relator's Br., Ex. L, ECF No. 51-13 (same).

Relator points to SWK's Austin headquarters as the primary basis for her plea for transfer to the Western District, while ignoring that SWK has a regional Headquarters office in Houston

and glossing over the fact that the shelter locations relevant to Relator's claim are in the Southern District. *Compare* Relator's Br. at 11 *with* Compl. ¶¶ 48, 50 (alleging Relator was a contracted medical service provider at five SWK shelter locations in Houston, and that SWK operates nine other shelters within the Southern District) *and* SWK Mot. at 9 ("SWK also has Regional Headquarters offices in Houston and Brownsville Texas (both within the Southern District of Texas)."). In short, Relator steadfastly maintains the untenable position she held throughout the parties' discussions regarding venue—that she would simply prefer to pursue her case in Austin.

The proper test under 28 U.S.C. § 1406(a) is not one of preference, but of justice. Justice is best served by dismissal. However, should the Court exercise its § 1406(a) authority to transfer, rather than dismiss, this action, the interest of justice is best served by transfer to the Houston Division of the Southern District as the proper and most convenient forum.

**CONCLUSION**

For the foregoing reasons, and those provided in SWK's Motion, the Court should dismiss Relator's Complaint pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative, transfer her action to the Houston Division of the Southern District of Texas.

Dated: May 1, 2024

Respectfully submitted,

By: *s/ Rosie Dawn Griffin*

FELDESMAN LEIFER LLP
Rosie Dawn Griffin
Scott S. Sheffler
1129 20th Street, NW, Suite 400
Washington, DC 20036
202.466.8960

*Counsel for Defendant Southwest Key Programs, Inc.*

**Certificate of Service**

I hereby certify that on May 1, 2024, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

*s/ Rosie Dawn Griffin*
Rosie Dawn Griffin