**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. JANA GARZA<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | Case No. 1:22-CV-00467-MJT |
| SOUTHWEST KEY PROGRAMS, INC.,<br>et al.,<br>*Defendants.* | §<br>§<br>§<br>§ | |

**NARANJO & HERNANDEZ DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)**

The Court should dismiss Relator's Complaint for improper venue as Relator concedes, again, that "venue in the Eastern District [of Texas is] not proper." ECF 51 at 5. That should be the end of the matter—transfer is not appropriate under § 1406(a)'s interest of justice test. Nevertheless, if the Court decides that transfer is appropriate, then the Court should transfer the action to the Southern District of Texas.[1]

## I. ARGUMENT

### A. Relator's case should be dismissed.

Relator concedes, again, that she filed her action in an improper venue, thereby necessitating dismissal. *See* ECF 50 at 3 & Ex. A; ECF 51 at 5. Relator's attempt to manufacture

[1] Relator's motion to strike is both improper and unwarranted. First, as a procedural matter, Relator's motion to strike is improper under Local Rule CV-7(a), which explicitly provides that each motion "must be filed as a separate document." Moreover, Relator's separate motion is improper under Local Rule CV-7(h), as Relator never conferred with the Naranjo and Hernandez Defendants prior to filing the motion.

Relator's motion is also substantively unwarranted. Citing Rule 12(g)(2) of the Federal Rules of Civil Procedure, Relator claims that all Defendants were somehow limited to one motion. But that is not what Rule 12(g)(2) states. Rather, Rule 12(g)(2)'s limits are directed toward each individual "party." As Relator undoubtedly knows, each of the Defendants that Relator chose to sue are separate parties. Rule 12(g)(2) is accordingly irrelevant. Likewise, Rule 12(f) is inapplicable here as the motions are not redundant. Each motion provides separate facts with separate supporting evidence and affidavits. The Court should deny Relator's motion to strike.

a hypothetical "justice-defeating" issue does not change that conclusion. Indeed, Relator acknowledges that her speculation about the First-to-File bar is just that: speculation. *See* ECF 51 at 9 (noting that if the action is dismissed, "then it is *possible* that another relator . . . *could* step in and file" (emphasis added)). And Relator does not cite a single case where a court found that hypothetical future claims warranted transfer under § 1406 due to the First-to-File Bar. The possibility that Relator *could* face some *hypothetical* prejudice of her own making is not enough to amend the Federal Rules of Civil Procedure.

Moreover, Relator's assertion that she represents the United States in her action as the real party in interest cuts against her "interest of justice" argument. Relator is correct, the United States is the real party in interest in her lawsuit. Accordingly, the U.S. Attorney's Office in the District in which Relator should have sued should have the opportunity to consider Relator's claim before a suit is initiated in that District. *See* 31 U.S.C. § 3730(b). Similarly, the United States has not consented to the transfer of Relator's action. *See Curcio ex rel. United States v. CCS Med., Inc.*, No. CV-195527, 2023 WL 4295738, at *1 n.2 (D.N.J. June 30, 2023) (noting in support of transfer that the United States consented to transfer). Thus, Relator lacks a credible claim that a transfer is in the interest of justice for the real party in interest.

The Court should dismiss Relator's action under Federal Rule of Civil Procedure 12(b)(3) as venue is improper in the Eastern District of Texas.

**B. The Southern District of Texas is the proper venue for a transfer.**

If the Court transfers Relator's action, it should transfer the action to the Southern District of Texas, Houston Division. The Naranjo and Hernandez Defendants have established—*from Relator's Complaint*—why the Southern District of Texas is the appropriate venue in their Motion. *See* ECF 50 at 3–7 (citing paragraphs 48, 50, 75–76, 82, 84–85, 92, 103, 129, 134, 143, 171, 177

of Relator's Complaint, all of which establish that the purported events alleged in Relator's Complaint occurred in Houston, Texas).[2] Relator's decision to deviate from her Complaint and cite the location of SWK's headquarters and certain Naranjo- and Hernandez-related offices does not change the fact that Relator's Complaint focuses on events that allegedly occurred in and around Houston within the Southern District of Texas. Furthermore, Relator still refuses to provide any response whatsoever on why she is opposed to the Southern District of Texas, even though she recognizes that "an argument can be made to transfer to Houston." *See* ECF 51 at 11. Accordingly, for the reasons outlined in the Naranjo and Hernandez Defendants' Motion to Transfer, any transfer should be to the Houston Division of the Southern District of Texas. *See* ECF 50 at 3–7.

## II. CONCLUSION

The Court should dismiss Relator's Complaint under Rule 12(b)(3) because venue is improper in the Eastern District of Texas. Alternatively, the Court should transfer this action to the Southern District of Texas, Houston Division.

---

[2] The Naranjo and Hernandez Defendants hereby join and adopt by reference all arguments and authorities set forth in Co-Defendant SWK's Reply.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR NARANJO DEFENDANTS**

**MBMT LAW FIRM**

By: */s/ Benigno (Trey) Martinez*
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
trey@mbmtlawfirm.com
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com

1201 East Van Buren
Brownsville, Texas 78520
956-550-4868
956-621-0135 (Facsimile)

**ATTORNEYS FOR HERNANDEZ DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova