**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANA GARZA<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC.,<br>*et. al.,*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-00305-ADA-SH |

**JOINT MOTION FOR BRIEFING SCHEDULE; AND RELATOR AND DEFENDANTS' SEPARATE PROPOSED SCHEDULES FOR DISCOVERY**

Plaintiff United States of America ex rel. Jana Garza and Defendant Southwest Key Programs, Inc. et. al., and by and through their respective undersigned counsel, hereby respond to the Court's Docket Control Order (Dkt. No. 78), pursuant to Rules 16(b) and 26(f). Accordingly, the parties have provided a proposed scheduling and discovery plan below for the Court's review. The parties have met and conferred pursuant to Rule 26(f).

**A. Joint Proposed Scheduling Order**

1. Both parties jointly move that the Court set a briefing schedule for Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have agreed to the following schedule:

a. Wednesday June 25, 2025 – Defendants shall file 12(b)(6) motions to dismiss;

b. Wednesday, July 23, 2025 – Relator shall file opposition to Defendants' 12(b)(6) motion; and

c. Wednesday, August 7, 2025 – Defendants shall file 12(b)(6) reply to Relator's opposition.

2. Should the Court deny the motions in whole or in part, Defendants' Answers will be due 21 days after the Court's decision.

**B. <u>Discovery Plan</u>**

The parties met and conferred in good faith but could not agree upon a discovery schedule. Relator asserts that discovery should begin immediately—to run concurrently at the same time as briefing on Defendants' motions to dismiss—while Defendants contend discovery should be stayed pending the Court's decision to the 12(b)(6) motions. Accordingly, the parties hereby submit separate discovery plans for the Court's review below.

1. <u>Relator's Discovery Plan</u>

Relator Jana Garza respectfully submits that discovery should commence without waiting for the resolution of Rule 12(b)(6) motions. This matter has been pending for a long time. Relator filed her Amended Complaint on February 28, 2024, approximately 16 months ago. Defendants filed their motions to dismiss over improper venue in April 2024. The district court for the Eastern District of Texas issued its decision transferring venue to the Western District on February 27, 2025.

Under the schedule proposed by all parties herein, Defendants' motions to dismiss will be due on June 25, 2025. Relator proposes that initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) be due at that same time, i.e., on June 25, 2025. Relator proposes that discovery commence at that time and proceed according to the schedule below.

Relator Garza is prejudiced if discovery is further delayed pending resolution of the motions to dismiss because the longer the time before discovery commences the greater the risk of the loss or spoliation of evidence.

The only way any defendant would be prejudiced if we're allowed to take discovery now would be if that defendant could be dismissed from the case entirely, without leave to plaintiff to amend the claims against that defendant -- and none of the defendants has shown that it can meet that standard. *See, e.g., United States ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001) (leave to amend should be granted unless the court determines that the pleading could not possibly be cured by the allegation of other facts). The defendant makes several assertions that purportedly raise a "jurisdictional" issue including the FCA's "public disclosure" rule – but that provision unquestionably is not a jurisdictional bar at all. S*ee, e.g., Abbott v. BP Exploration & Prod., Inc.*, 851 F.3d 384, 387 n.2 (5th Cir. 2017) (cases cited noting the 2010 amendments to the public disclosure bar rendered it no longer a jurisdictional bar.). And although, the defendants suggest a constitutionality challenge, thus far, every circuit to consider the currently brewing Article II questions (including the Fifth Circuit – *see Riley v. St. Luke's Episcopal Hosp*., 252 F.3d 749, 755 (5th Cir. 2001)) has upheld the constitutionality of non-intervened qui tam lawsuits – and the government has consistently filed statements of interest supporting constitutionality in those circumstances. So, the defendants' chances of success on that argument seem quite low.

For these reasons, Relator recommends that the Court enter the schedule below:

| **DATE** | **EVENT** |
|---|---|
| June 25, 2025 | Discovery commences on all issues. The Parties shall exchange 26(a)(1) initial disclosures and agree upon any update or changes to the discovery plan below. |
| Two hundred seventy (270) days after discovery commences. | Fact Discovery Deadline. Any discovery requests must be propounded so that the responses are due by this date. |
| | |

| | |
|---|---|
| Thirty (30) days after fact discovery deadline. | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. |
| Ninety (90) days after fact discovery deadline. | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| Twenty-one (21) days after the first written offer of settlement. | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. |
| Ninety (90) days after expert witness reports provided. | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports. |
| Sixty (60) days after all rebuttal expert witness reports are exchanged. | Expert Discovery Deadline. Expert discovery must be completed by this date. |
| No later than 14 days following the respective dates above for the (i) Expert Witness Report or deposition, whichever is later; and (ii) Rebuttal Expert Witness Report or deposition, whichever is later. | Any objection to the reliability of an expert's proposed testimony under FRE 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. |
| Sixty (60) days after the Expert Discovery Deadline. | All dispositive motions shall be filed and served on all other parties on or before this date, and shall be limited to 30 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. **The dispositive motion deadline must be at least 4 months before trial.** |
| Twenty-one (21) days after the Court issues any rulings on dispositive motions. | By this date, the parties shall meet and confer to determine pre-trial deadline, including the exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |

| | |
|---|---|
| Thirty (30) days after the meet and confer to determine the pre-trial deadline. | By this date, the parties shall exchange a proposed jury charge and questions for the jury. By this date, the parties will also exchange draft Motions in Limine to determine which may be agreed. |
| Ten (10) days after the proposed jury charge is submitted. | By this date, the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. |
| Ten (10) days after draft Motions in Limine are exchanged. | By this date, the parties shall also submit to the Court their Motions in Limine. |
| Twenty-one (21) days after Motions in Limine are submitted. | By this date, the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and other pertinent information. By this date, the parties will also submit their oppositions to Motions in Limine. |
| Fourteen (14) days after the parties their Joint Pre-Trial Order to the Court. | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. This date should be a Friday not less than 90 days after the dispositive motion deadline and 2 months before trial. |
| No earlier than seventy (70) days after the Final Pre-Trial Conference. | Jury selection shall begin at 9:00 a.m. on this date during the week before trial. |
| Either one or two weeks following Jury selection, depending on whether the Monday in question is the first or third week of the month. | Jury Trial Commences at 9:00 a.m. on this Monday. This date should be during either the first or third week of the month. |

2. Defendants' Discovery Plan

Defendants contend it would be more efficient, and conserve this Court's resources, if discovery was stayed until after this Court issues its decision on Defendants' 12(b)(6) motions to dismiss. The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) 12(b)(6) motions should be decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery. *See Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (granting a stay in a False Claims Act case to evaluate 12(b)(6) motion to dismiss) (internal citations omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) ("[T]he court may stay discovery for good cause, such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.") (citing *Petrus* among others) (internal quotations omitted).

False Claims Act allegations, such as those raised by Relator, require a stay of further discovery prior to the resolution of 12(b)(6) motions to dismiss—owing to potentially dispositive pleading requirements particular to FCA litigation including 9(b) specificity and the public disclosure bar. *See* CIVIL QUI TAM ACTIONS § 5.03 (2018 & Supp. 2024) ("[I]t is appropriate and within the court's inherent power to stay discovery or other proceedings in FCA cases where potentially dispositive motions are pending, including motions to dismiss for failure to comply with Rule 9(b), for lack of subject matter jurisdiction (e.g., because of constitutional challenges),

to address public disclosure issues, government action bar issues, or where courts have granted the plaintiffs leave to amend a complaint in order to comply with Rule 9(b).") (citing cases including *Vanderlan*, 2017 WL 9360854 at *1).

To that end, similarly here, Defendants' 12(b)(6) motions to dismiss are potentially dispositive and certainly affect the proper scope of discovery. Moreover, deciding to start discovery concurrently with 12(b)(6) briefing would prejudice Defendants because of specific False Claims Act jurisdictional issues including the public disclosure doctrine and Rule 9(b) specificity; it is possible that Relator could use discovery to more fully establish her claims and then file an amended complaint based on newly discovered information. These are threshold jurisdictional issues in False Claims Act cases and should not be disregarded here.

Defendants understand Relator's position that more than a year has passed since this case was originally filed; however, it was Relator's decision to first file this case in the Eastern District of Texas, which Relator acknowledged was not a proper venue. (See Dkt. No. 51 at p. 1 (stating that the parties "only dispute" whether to transfer venue to the Southern District of Texas or to the Western District of Texas); p. 5 ("Based on this representation, Relator's counsel accepted that venue in the Eastern District was not proper."); p. 17 (acknowledging that the "center of gravity of this case lies" in the Western District of Texas)). Thus, the year-long delay in this case has stemmed from Relator's own choice to file the case in an inappropriate forum. Defendants should not suffer prejudice as a result of the time that it took to transfer this case to a more appropriate forum.

Accordingly, Defendants favor a stay of discovery until this Court issues a decision on the 12(b)(6) motion.[1] Pursuant to Rule 16, Defendants propose the following Scheduling Order:

| DATE | EVENT |
|---|---|
| Thirty (30) days after the Court issues its Order on Defendants 12(b)(6) motions to dismiss. | Discovery commences on all issues. The Parties shall exchange 26(a)(1) initial disclosures and agree upon any update or changes to the discovery plan below. |
| One hundred eighty (180) days after discovery commences. | Fact Discovery Deadline. Any discovery requests must be propounded so that the responses are due by this date. |
| Thirty (30) days after fact discovery deadline. | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. |
| Ninety (90) days after fact discovery deadline. | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| Twenty-one (21) days after the first written offer of settlement. | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. |
| Ninety (90) days after expert witness reports provided. | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports. |
| Sixty (60) days after all rebuttal expert witness reports are exchanged. | Expert Discovery Deadline. Expert discovery must be completed by this date. |
| No later than 14 days following the respective dates above for the (i) Expert Witness Report or deposition, whichever is later; and | Any objection to the reliability of an expert's proposed testimony under FRE 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 |

[1] To avoid undue prejudice, Defendants reserve all rights to file Motions to Stay Discovery if this Court approves a schedule that permits discovery to run concurrently with 12(b)(6) motion to dismiss briefing.

| | |
|---|---|
| (ii) Rebuttal Expert Witness Report or deposition, whichever is later. | days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. |
| Sixty (60) days after the Expert Discovery Deadline. | All dispositive motions shall be filed and served on all other parties on or before this date, and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. **The dispositive motion deadline must be at least 4 months before trial.** |
| Twenty-one (21) days after the Court issues any rulings on dispositive motions. | By this date, the parties shall meet and confer to determine pre-trial deadline, including the exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |
| Thirty (30) days after the meet and confer to determine the pre-trial deadline. | By this date, the parties shall exchange a proposed jury charge and questions for the jury. By this date, the parties will also exchange draft Motions in Limine to determine which may be agreed. |
| Ten (10) days after the proposed jury charge is submitted. | By this date, the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. |
| Ten (10) days after draft Motions in Limine are exchanged. | By this date, the parties shall also submit to the Court their Motions in Limine. |
| Twenty-one (21) days after Motions in Limine are submitted. | By this date, the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and other pertinent information. By this date, the parties will also submit their oppositions to Motions in Limine. |
| Fourteen (14) days after the parties their Joint Pre-Trial Order to the Court. | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. This date should be a Friday not less than 90 days after the dispositive motion deadline and 2 months before trial. |
| | |

| | |
|---|---|
| No earlier than seventy (70) days after the Final Pre-Trial Conference. | Jury selection shall begin at 9:00 a.m. on this date during the week before trial. |
| Either one or two weeks following Jury selection, depending on whether the Monday in question is the first or third week of the month. | Jury Trial Commences at 9:00 a.m. on this Monday. This date should be during either the first or third week of the month. |

AGREED BY:

Dated: May 23. 2025


*/s/ Mindy B. Pava*
**FELDESMAN LEIFER LLP**
Scott S. Sheffler
Mindy B. Pava
Stephen M. Kuperberg
1129 20th Street, NW Suite 400
Washington, DC 20036
Phone: (202) 466-8960
Fax: (202) 293-8103

*Counsel for Defendant Southwest Key Programs Inc.*

/s/ John A. Kolar
**GOVERNMENT ACCOUNTABILITY PROJECT**
John A. Kolar
1612 K St. NW, Suite #808
Washington, DC 20006
Phone: (202) 457-0034
Direct Dial: (202) 926-3311
Fax: None

**MILPA LAW PLLC**
Carlos Doroteo
2030 N Loop W #115

By: */s/ Tomas F. Tijerina*
**MARTINEZ & TIJERINA P.L.L.C**
Tomas F. Tijerina
Benigno (Trey) Martinez
1201 E. Van Buren Brownsville, Texas 78520
Phone: (956) 550-4868
Fax (956) 621-0135

*Counsel for the Hernandez Defendants*

*/s/ Laura M. Kidd Cordova*
**JACKSON WALKER LLP**
Laura M. Kidd Cordova
Michael J. Murtha
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

*Counsel for Defendants Diego Naranjo, Divine Family Care, PLLC, Trinity Health Services, PLLC, and Diego Naranjo dba UC Health Consultants*

Houston, TX 77018
Phone: (866) 666-4572
Fax: (713) 529-3785

**MEHRI & SKALET, PLLC**
Richard Condit
Cleveland Lawrence, II
Mehri & Skalet, PLLC
2000 K Street, NW, Suite Ste 325
Washington, DC 20006
202-822-5100
Fax: 202-822-4997

*Counsel for Plaintiffs United States of American ex. rel. Jana Garza*

**Certificate of Service**

I hereby certify that on May 23, 2025, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

/*s/ Mindy B. Pava*