**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANA GARZA<br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC.,<br>*et. al.,*<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00305-ADA-SH |

**CONSOLIDATED DEFENDANTS' RESPONSE TO RELATOR'S MOTION TO EXCEED PAGE LIMITS AND**
**EMERGENCY MOTION TO STRIKE RELATOR'S CONSOLIDATED RESPONSE**

## Introduction

Defendants—Southwest Key, Inc., the Naranjo Defendants, and the Hernandez Defendants (collectively, "Defendants")—file this response to Relator's Motion to File Corrected Response and Exceed Page Limit ("Motion") (Dkt. No. 96) and move on an emergency basis to strike Relator's nonconforming Consolidated Response in Opposition to Motions to Dismiss by Three Groupings of Defendants (Dkts. No. 94 and 95, collectively "Relator's Consolidated Response").

At the heart of Rule 9(b) is Defendants' right to clearly understand the claims made against them—a standard explicitly heightened when fraud is alleged. Relator's Consolidated Response, however, continues to assert collective allegations, depriving Defendants of their right to clearly understand the allegations of fraud made against them. Accordingly, Defendants respectfully request that the Court strike the Consolidated Response and order Relator to file

three separate responses, one to each pending motion, so that each Defendant can sufficiently understand the allegations against them.

This response and motion are only necessary because Relator chose not to confer with Defendants about filing an omnibus response before doing so as required under Local Rule CV-7(G). Had Relator conferred with Defendants, Defendants would have informed Relator that they objected to a Consolidated Response.

**Argument**

Relator's Motion is substantively and procedurally flawed.

The issue at hand is not, at bottom, a page-count issue. Relator asserts the Motion will "in no way result in prejudice to the Defendants." (Dkt. No. 96 at paragraph 5.) Defendants disagree. Rather, Defendants are prejudiced in two substantive ways. First, Defendants assert in their Motions to Dismiss that when Relator's allegations are parsed by them as required, Relator has failed to plead any actual fraud with the particularity required by Rule 9(b). Relator tries to avoid this problem in her Consolidated Response by continuing to make allegations collectively. This improper tactic deprives Defendants of their right to a clear statement of the allegations against each of them. As explained in each Defendant's Motion to Dismiss, such collective allegations are improper. *See* Southwest Key Programs Motion to Dismiss (Dkt. No. 89) at 7 (citing *Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-cv-130-RP, 2016 WL 3081060, at *2-3 (W.D. Tex. May 31, 2016), *United States. v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1275 (4th Cir. 2010), *United States ex rel. Adams v. Dell Comput. Corp.*, 496 F. Supp. 3d 91, 101 (D.D.C. 2020); *See also* Naranjo Defendants' Motion to Dismiss (Dkt. No. 90) at 4-5 (asserting Rule 9(b)'s requirement that fraud be plead with particularity and that conclusory allegations will not suffice to survive a motion to dismiss); Hernandez Defendants' Motion to Dismiss (Dkt. No.

91) at 5 and 9 (objecting to the fact that "[t]he Complaint does not differentiate among the individual defendants or describe with specificity the who, what, when, where, and how of any alleged fraud" and emphasizing the complaint fails to satisfy Rule 9(b) in that it relies upon "vague references, indirect associations, and speculative motives").

Second, with only 10 pages to reply to Relator's Consolidated Response, each Defendant must decide where to spend precious space to respond to allegations that do not seem plausibly to apply to them but for the fact that Relator adopts generalized language when making assertions. Relator's unilateral decision to continue her collective pleading approach in response to *three separate motions to dismiss* can only be another attempt to create an appearance of impropriety from disparate facts—facts spread among multiple parties over several years and tied loosely together with speculation or conclusory statements.

In summary, Rule 9(b) requires that Relator clearly state her allegations of what each Defendant purportedly did that constitutes fraud, so that Defendants may defend themselves and so that the Court may assess those allegations against the applicable standards of Rules 12(b)(6) and 9(b). As Relator chose to bring claims against three different groups of Defendants, she cannot neglect her obligation to clearly state her claims as to each party.

Finally, judicial economy will be served far more by requiring Relator to file three, Defendant-specific opposition briefs of 20 pages or less, than by permitting Relator to file a single 39 page Consolidated Response that only exacerbates a critical failing of Relator's complaint—collective pleading.

Addressing procedure, Local Rule CV-7(G) provides that the court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by

agreement and certifies the specific reason that no agreement could be made." Nowhere in Relator's Motion does the Relator inform the Court that counsel for the parties have conferred to resolve Relator's Motion seeking to exceed the page limit. That is because Relator never conferred with Defendants' counsel before filing its omnibus response. If Relator's counsel had not ignored Local Rule CV-7(G) and instead attempted to meet and confer with Defendants' counsel, Relator's counsel would have learned that Defendants oppose Relator's Motion and the idea of a consolidated response.

In fact, when Defendants' counsel and Relator's counsel conferred about the briefing schedule on July 1 and July 3, 2025, Relator's counsel requested an extension of time for the opposition brief deadline and proposed "to make **all three responses** due on August 20, 2025." (Emphasis added). Defendants' counsel agreed to the extension based on the understanding that three opposition briefs would be filed. The July 3 correspondence (and the agreement by Defendants' counsel to the stipulation language) represents the last time that counsel for the parties have met and conferred over any issue in this case.

**Request that this Motion and Opposition be Treated as Warranting Emergency Relief**

Defendants have good cause to seek emergency relief given that Defendants' deadlines to reply to Relator's consolidated opposition response are September 5, 2025. Defendants are entitled to know whether they are tasked with replying to Relator's Consolidated Response or will have the opportunity to reply to separate opposition briefs that pertain specifically to the claims and allegations made against them.

**Local Rule CV-7(G) Meet and Confer**

Pursuant to Local Rule CV-7(G), Defendants informed Relator's counsel via e-mail on August 24, 2025 that they planned to move on an emergency basis to strike Relator's nonconforming Consolidated Response in Opposition to Motions to Dismiss by Three Groupings of Defendants and sought the consent of Relator's counsel. Defendants stressed the emergency nature of the filing and asked for a response on or before 1 p.m. Central Standard Time on August 25, 2025. Relator's counsel did not respond to Defendants' email correspondence before that deadline. Accordingly, this motion is opposed.

**Relief Requested**

For the reasons set forth above, Defendants respectfully request that this Court: (i) deny Relator's Motion to File Corrected Response and Exceed Page Limit (Dkt. No. 96); (ii) strike Relator's Consolidated Response (Dkt. Nos. 94 and 95) as prejudicial to Defendants and in violation of the Court's rules; and (iii) order that Relator file three separate opposition briefs, one each in response to the Motions to Dismiss filed by each separate group of Defendants (Dkt Nos. 89, 90 and 91.)

Defendants also ask that Relator have no more than 14 days from the date of this Court's Order to refile the opposition briefs. Defendants' reply brief deadline then would fall 14 days after the date which Relator re-files new opposition briefs.

Date: August 25, 2025

Respectfully submitted,

*/s/ Mindy B. Pava*
**FELDESMAN LEIFER LLP**
Mindy B. Pava (*pro hac vice*)
Stephen M. Kuperberg (*pro hac vice*)
1129 20th Street, NW Suite 400
Washington, DC 20036
Phone: (202) 466-8960
Fax: (202) 293-8103

**VENABLE LLP**
Scott S. Sheffler (*pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 805-1994
Fax: (202) 344-8300
Email: SSSheffler@venable.com

**WOMBLE BOND DICKINSON LLP**
Michael E. Clark (Texas Bar No. 04293200)
717 Texas Avenue, Suite 2100 Houston, TX 77002 Telephone: (346) 998-7807 Email: Michael.clark@wbd-us.com

*Counsel for Defendant Southwest Key Programs Inc.*

By: */s/ Tomas F. Tijerina*
**MARTINEZ & TIJERINA P.L.L.C**
Tomas F. Tijerina
Benigno (Trey) Martinez
1201 E. Van Buren Brownsville, Texas 78520
Phone: (956) 550-4868
Fax (956) 621-0135

*Counsel for the Hernandez Defendants*

*/s/ Laura M. Kidd Cordova*
**JACKSON WALKER LLP**
Laura M. Kidd Cordova
Michael J. Murtha
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

*Counsel for Defendants Diego Naranjo; Divine Family Care, PLLC; Trinity Health Services, PLLC; and Diego Naranjo dba UC Health Consultants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

_/s/ Mindy B. Pava_______________
Mindy B. Pava