IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JANA GARZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00305-ADA-SH |
| | § | |
| SOUTHWEST KEY PROGRAMS, INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

**RELATOR GARZA'S REPLY TO**
**DEFENDANTS' RESPONSE AND MOTION TO STRIKE**

On August 20, 2025, Relator filed a Consolidated Response in Opposition to Motion to Dismiss by Three Groupings of Defendants. Dkt. 95. On August 21, 2025, Relator filed a Motion to File Corrected Response and Exceed Page Limit. Dkt. 96.

On August 25, 2025, Defendants filed a Response in Opposition, which contained a motion to strike Relator's Consolidated response. Dkt. 97. Therein Defendants assert that Relator failed to meet and confer under Local Rule CV-7(G) on the matter.

As discussed below, Defendants motion to strike is meritless and should be denied because (1) since June the Defendants have known about Relator's desire to file a consolidated response; and (2) Defendants agreed that Relator could file a consolidated response. Specifically, Defense counsel Ms. Pava emailed Relator's counsel Kolar, the following:

> Jack,
>
> Thank you for consenting to the page extension, and yes, as I previously wrote, Southwest Key consents to a similar extension for Relator should you need it. We plan to file the extension motion tomorrow.
>
> However, I want to address the second part of your email: the defendants are filing separate motions to dismiss. Southwest Key (as the corporate entity) is situated

> differently than the individual defendants; we have not entered into any sort of joint defense agreement or arrangement. In my experience, it is common for defendants who are situated differently to file different motions to dismiss.
>
> We understand that puts a burden on you to respond to separate motions: **certainly, if you want to file one opposition brief (with separate portions addressing each defendant)** but keep the background, facts, etc. the same, we would understand that you would need an even larger page limit to address the separate defendants' arguments.

**Exhibit A** attached hereto (emphasis added).

The reason this came about is because under the Scheduling Order, Relator's counsel were under the impression that the Defendants would be filing a single omnibus motion to dismiss. Relator's counsel requested that Defendant obtain a modification or clarification, but then instead moved forward with the path discussed above.

Relator's counsel also further points out that Defendants' counsel only gave four-working hours to respond to their email "meet and confer" related to their motion to strike. This was insufficient time for Relator's counsel to meet internally (which they did) and respond. In no way did Relator not seek to meet and confer, and instead had to reply to their motion.

Defendants further argue that the Court should order Relator to re-file her opposition in the form of three separate briefs, each responding to a different defendant's motion. However, they do not cite a Federal Rule of Civil Procedure or a Local Rule that so requires, or that prohibits what Relator did (i.e., filing a single, consolidated opposition brief).

Defendants also simply re-argue certain of their grounds for seeking dismissal of Relator's Amended Complaint. In other words, their latest filing is a further brief in support of the motion to dismiss posing as a motion to strike. They assert that the Amended Complaint does not meet the standard of Rule 9(b) because of "collective pleading", which is precisely what they argued at length in their principal briefs. However, Relator's Consolidated Response refutes this

argument and articulates in detail how Relator's Amended Complaint alleges with particularity how each pertinent defendant violated the False Claims Act.

Relator Garza strongly urges the Court to deny the motion to strike, that defendants file their reply briefs, so that the Court may decide the motions, and discovery may ensue.

Dated: August 26, 2025

Respectfully submitted,

/s/ Jack Kolar
John A. (Jack) Kolar
D.C. Bar No. 292953
*Appearing pro hac vice (Lead Counsel)*
**Government Accountability Project**
1612 K Street NW, Suite 1100
Washington, DC 20006
(p) 202-926-3311
(e) JackK@whistleblower.org

Richard Condit
D.C. Bar No. 417786
Cleveland Lawrence III
D.C. Bar No. 480462
*Appearing pro hac vice*
**Mehri & Skalet, PLLC**
2000 K Street NW, Suite 325
Washington, DC 20006
(p) 202-822-5100
(e) rcondit@findjustice.com
(e) clawrence@findjustice.com

Carlos Doroteo
TX Bar No. 24097616
*Appearing pro hac vice*
**Milpa Law PLLC**
1300 W 18th Street # 7263 N
Houston, TX 77008
(p) 866-666-4572
(e) Carlos@MilpaLaw.com

**COUNSEL FOR PLAINTIFF-RELATOR JANA GARZA**

## CERTIFICATE OF SERVICE

I certify that on August 26, 2025, I caused a true and correct copy of this document to be served via ECF on all counsel of record.

/s/Carlos Doroteo
Carlos Doroteo

**COUNSEL FOR PLAINTIFF-RELATOR JANA GARZA**