UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JANA GARZA,** *Plaintiff* | § § § § |
| v. | § § |
| **SOUTHWEST KEY PROGRAMS, INC., et al.,** *Defendants* | § § § § **CASE NO. 1:25-CV-00305-ADA-SH** |

# O R D E R

Now before the Court are Relator's Motion to File Corrected Response and Exceed Page Limit, filed August 21, 2025 (Dkt. 96); Defendants' Consolidated Response to Relator's Motion to Exceed Page Limits and Emergency Motion to Strike Relator's Consolidated Response, filed August 25, 2025 (Dkt. 97); Defendants' Corrected Emergency Motion to Strike Relator's Consolidated Response, filed August 29, 2025 (Dkt. 100); and Relator's Reply to Defendants' Response and Motion to Strike, filed August 26, 2025 (Dkt. 98).[1]

## I.    Background

Relator Jana Garza, a Texas family nurse practitioner and owner of Nutrix Medical Worx, Inc., brings this *qui tam* action under the False Claims Act against Southwest Key Programs, Inc. and several other defendants. Garza alleges that Southwest Key has contracted with the federal government to provide shelter services to unaccompanied migrant children in Texas, Arizona, and California. Dkt. 54 at 2. She alleges that Southwest Key contracts with medical providers to perform the initial medical exam required within 48 hours of a child's arrival at a shelter, and that

---

[1] On February 28, 2025, the District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and all dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 56.

1

the providers submit claims for payment to the Office of Refugee Resettlement, an agency within the U.S. Department of Health and Human Services. First Amended Complaint, Dkt. 24 ¶ 64.

Garza alleges that physician's assistant Eder Hernandez recruited her to become a medical provider at a Southwest Key shelter in Houston, then solicited her to provide "kickbacks" to the individual defendants and their companies. *Id.* ¶ 111. She alleges that since 2018, Defendants have been involved in a fraudulent scheme "to steer Southwest Key's lucrative medical provider contracts for its largest shelters to friends, family, and personal associates in clear violation of conflict of interest, self-dealing, and antikickback prohibitions." *Id.* ¶ 2. Garza alleges that these schemes revolved around Hernandez and Diego Naranjo, who served as Southwest Key's Assistant Director of Medical Services. In her First Amended Complaint, she asserts claims for (1) presenting false and fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(A) and 42 U.S.C. § 1320a-7b; (2) engaging in a conspiracy to violate the False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C); and (3) retaliation, in violation of 31 U.S.C. § 3730(h). Dkt. 24 ¶¶ 204-29.

After Garza filed suit in the Eastern District of Texas, Defendants moved to transfer or dismiss for improper venue. The District Court for the Eastern District of Texas transferred the case to this Court on February 28, 2025. Dkt. 55. Defendants then filed three separate motions to dismiss, one each by: (1) Southwest Key, Dkt. 89; (2) the Naranjo Defendants (Diego Naranjo; Divine Family Care, PLLC; Trinity Health Services, PLLC; and Diego Naranjo d/b/a UC Health Consultants), Dkt. 90; and (3) the Hernandez Defendants (Eder Francisco Hernandez; Alyssa Hernandez; Migdal Eder, LLC; and Valley Med Urgent Care, PLLC), Dkt. 91. Garza filed one 48-page "Consolidated Response." Dkt. 94-95. Defendants ask the Court to strike the Consolidated Response and order Garza to file three sperate responses, one to each pending motion, "so that each Defendant can sufficiently understand the allegations against them." Dkt. 100 at 1.

## II. Analysis

Local Rule CV-7 provides that "any party opposing a motion shall file a response" containing "a concise statement of the reasons for opposition to the motion and citations of the legal authorities on which the party relies." Defendants argue that Garza's consolidated response "continues to assert collective allegations, depriving Defendants of their right to clearly understand the allegations of fraud made against them." Dkt. 100 at 1. The Court agrees that separate responses to each motion to dismiss will clarify the parties' claims and arguments.

Accordingly, the Court:

(1) **GRANTS** Defendants' Corrected Emergency Motion to Strike Relator's Consolidated Response (Dkt. 100) and **STRIKES** Garza's Consolidated Responses (Dkts. 94-95);

(2) **DENIES** Relator's Motion to File Corrected Response and Exceed Page Limit (Dkt. 96); and

(3) **ORDERS** Garza to file a separate response limited to 20 pages to each of the three motions to dismiss on or before **September 17, 2025**. Defendants may file reply briefs to each response in compliance with the time and page limits of Local Rule CV-7.

**SIGNED** on September 2, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE