**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**Ex rel. JANA GARZA**<br>**Plaintiff,**<br><br>**V.**<br><br>**SOUTHWEST KEY PROGRAMS, INC., et. al.,**<br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:25-CV-00305-ADA-SH** |

**DEFENDANTS EDER FRANCISCO HERNANDEZ, ALYSSA HERNANDEZ, MIGDAL EDER, LLC, AND VALLEY MED URGENT CARE, PLLC'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Eder Francisco Hernandez, Alyssa Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC (collectively, the "Hernandez Defendants") answer Relator Jana Garza's First Amended Complaint (Doc. 24) as follows. Each paragraph of the Complaint is answered in corresponding numbered paragraph below. Any allegation not expressly admitted is denied.

## I. INTRODUCTION

1. Defendants admit that Southwest Key Programs, Inc. ("SWK") has stated that its mission is "opening doors to opportunity so individuals can achieve their dreams." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore deny them.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny them. Defendants deny any implication that they engaged in fraudulent schemes, kickbacks, or violations of law as alleged.

## II. JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, the Hernandez Defendants do not contest that this Court has jurisdiction over this action or that venue is proper in this District.

4. Paragraph 4 contains legal conclusions regarding potential bars to suit and Relator's status as an "original source," to which no response is required. To the extent a response is required, Defendants deny that Relator's claims are free of statutory bars and deny that Relator qualifies as an original source under 31 U.S.C. § 3730(e). Defendants further deny any remaining allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5, including that Relator filed her original complaint under seal on October 26, 2022.

## III. PARTIES

### A. Plaintiff-Relator Jana Garza

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 (regarding Relator's residence), and therefore deny them.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny them.

### B. Defendant Southwest Key Programs, Inc.

9. Paragraph 9 is not directed at the Hernandez Defendants. To the extent a response is required, the Hernandez Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny them.

### C. The Naranjo Defendants and Related Participants and Entities

10. Paragraph 10 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

11. Paragraph 11 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny them.

12. Paragraph 12 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny them.

13. Paragraph 13 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

14. Paragraph 14 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny them.

### D. The Hernandez Defendants and Related Participants and Entities

15. Defendants admit the allegations in paragraph 15 to the extent that Eder Francisco Hernandez ("Eder") is a resident of Texas. Defendants deny any remaining allegations in paragraph 15 to the extent they imply wrongdoing.

16. Defendants admit the allegations in paragraph 16, including that Migdal Eder, LLC is a Texas limited liability company with the stated mailing address and registered agent as of the relevant time.

17. To the extent paragraph 17 alleges that companies connected to Diego Naranjo were located at the same address as Migdal Eder, LLC, Defendants lack knowledge or information sufficient to admit or deny those allegations and therefore deny them.

18. Defendants admit that Alyssa Hernandez ("Alyssa") is a resident of Texas. Defendants deny the allegation in paragraph 18 that Alyssa was involved in any "kickback agreement" proposed in August 2018, and deny any implication of wrongdoing by Alyssa. Defendants admit, on information and belief, that Alyssa Hernandez became employed by SWK around 2019.

19. Defendants admit that Annelise Hernandez is related to Eder Hernandez. Defendants specifically deny that any "kickback agreement" existed or that Annelise Hernandez engaged in any unlawful scheme.

20. Defendants deny the allegations in paragraph 20. In particular, Defendants deny that Eder Hernandez attempted to use Migdal Eder, LLC as part of any kickback arrangement. Defendants admit that Migdal Eder, LLC existed as a company, but deny that it was used for any improper purpose or to obtain payments from federal health care funds as alleged.

**E. <u>Other Defendants and Related Participants and Entities</u>**

21. Paragraph 21 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore deny them.

22. Paragraph 22 is not directed at the Hernandez Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore deny them.

23. Defendants admit the allegations in paragraph 23, including that Valley Med Urgent Care, PLLC ("Valley Med") is a Texas professional limited liability company with its mailing address

at 4 Sweetwater Ct., Sugar Land, Texas 77479, and that its registered agent is Bawla & Bawla, LLC at the same address. Defendants deny Diego worked with Dr. Rauf at Valley Med.

24. Paragraph 24 is not directed at the Hernandez Defendants. To the extent it alleges facts about a "related party" Daniel De La Cruz, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

25. Paragraph 25 is not directed at the Hernandez Defendants. To the extent it alleges facts about "related party Dr. Juan Garcia," Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them. Defendants admit Dr. Juan Garcia was the supervising physician over Eder Hernandez on March 25, 2019. Defendants deny the remaining allegations.

## IV. RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

26. Paragraph 26 contains legal conclusions regarding acts of "Defendants" being committed by agents or predecessors within the scope of employment or authority. No response is required to these generalized legal assertions. To the extent a response is required, the Hernandez Defendants deny that any person acted as their agent in furtherance of any unlawful act, and deny any wrongdoing attributed to them in paragraph 26.

## V. STATUTORY, REGULATORY, AND CONTRACTUAL BACKGROUND

27. Paragraph 27 provides background information about the Unaccompanied Children Program and federal agencies. Defendants are not responsible for these matters. To the extent a response is required, Defendants lack knowledge sufficient to verify the allegations in paragraph 27, and therefore deny them.

28. Paragraph 28 recites the mission of the U.S. Department of Health and Human Services. Defendants have no personal knowledge of the exact wording of HHS's mission statement. To the

extent a response is required, Defendants lack knowledge sufficient to form a belief as to the truth of paragraph 28 and therefore deny any allegations therein.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny them.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore deny them.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny them.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny them.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny them.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore deny them.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore deny them.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore deny them.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore deny them.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore deny them.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny them.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore deny them.

62. Defendants deny the allegations in paragraph 62. Defendants specifically deny that they (or anyone acting on their behalf) violated any conflict-of-interest prohibitions.

63. Defendants lack knowledge or information sufficient to form a belief as to what Relator "has first-hand knowledge" of, and therefore deny the allegations in paragraph 63.

64. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 64.

65. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 65.

66. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 66.

67. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 67.

68. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 68.

69. To the extent an admission is required, Defendants admit that Plaintiff has described the ORR guidebook and/or procedures in paragraph 69.

## VI. DEFENDANTS' KICKBACKS AND FALSE CLAIMS SCHEME

### A. Garza begins working for Dr. Mirafzali and provides medical services to UCs at an SWK shelter

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore deny them.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore deny them.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore deny them.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore deny them.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore deny them.

**B. Eder Hernandez Begins Trying to Recruit Garza to Work with Him**

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore deny them.

76. Defendants admit that in 2015 Eder Hernandez contacted Relator Garza regarding potential work opportunities. Defendants lack knowledge as to the truth of Relator's statements about any complaints made by Dr. Zamir or Dr. Mirafzali regarding Eder, or any prior business association between Eder and Dr. Mirafzali and therefore deny the remaining allegations in paragraph 76. Defendants deny Eder and Dr. Mirafzali had any type of business association.

77. Defendants admit that Eder Hernandez communicated with Relator via Facebook in 2015 about possible work or contracting opportunities with government agencies, and that he inquired about addresses near her location. Defendants lack knowledge as to what Relator "later learned" and therefore deny any remaining allegations in paragraph 77. Defendants deny any wrongful intent in Eder's 2015 communications.

78. Defendants deny the allegations in paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore deny them.

80. Defendants deny the allegations in paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore deny them.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore deny them.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore deny them.

**C. Eder offers Garza the role as SWK Medical Provider at Casa Sunzal and Garza meets Figueroa and Naranjo**

84. Defendants admit that in 2018, Eder Hernandez asked to meet with Relator Garza to discuss potential job opportunities. Defendants deny the remaining allegations.

85. Defendants admit that Eder met with Relator regarding job opportunities. Defendants deny the remaining allegations. Defendants deny any implication of wrongdoing in paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore deny them.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants admit that at some point Eder discussed the TVFC with Relator. Defendants deny the remaining allegations in paragraph 89.

90. Defendants admit that at some point Eder discussed the CLIA waiver with Relator. Defendants deny the remaining allegations in paragraph 90.

91. Defendants admit that Eder Hernandez spoke to Relator about potential job opportunities involving SWK. Defendants deny any wrongful implication concerning Eder's knowledge of this information or ability to offer any position.

92. Defendants deny the allegations is paragraph 92.

**D. <u>Eder shares "Master Plan" to take over SWK's shelters in Houston, Phoenix, and Brownsville.</u>**

93. Defendants deny the allegations in paragraph 93. In particular, Defendants deny that Eder Hernandez ever told Relator that he had an agreement or "kickback" arrangement with any physician (including "Dr. A") for a shelter contract, or that any doctor was paying him money for each child seen.

94. Defendants deny the allegations in paragraph 94. Defendants specifically deny that Eder Hernandez made the statement attributed to him in paragraph 94 about a "master plan" or any intention to "take over Houston, Phoenix, and Brownsville."

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

**E. <u>SWK Solicits Kickbacks from Dr. B.</u>**

98. Defendants deny any involvement in a kickback scheme. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98, and therefore deny them.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore deny them.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore deny them.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore deny them.

**F. Figueroa asks Garza to become the Medical Provider at Casa Sunzal, then Casa Quetzal**

102. Defendants deny the allegations in paragraph 102.

103. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore deny them.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore deny them.

105. Defendants admit that Garza informed Eder she was awarded a position with SWK and requested assistance, which Defendant Eder offered to provide. Defendants deny any implication of wrongdoing in paragraph 105.

106. Defendants admit that in August 2018, Relator exchanged emails with Eder Hernandez and Luis Ibarra to prepare for her new role at Casa Quetzal and Casa Sunzal. Defendants are unable to admit or deny that some of these communications included Annelise Hernandez and Alyssa Hernandez. Defendants admit that Eder, Annelise, and Ibarra used ProtonMail email accounts. Defendants deny any wrongdoing in the use of ProtonMail. Defendants specifically deny that Eder stated he chose ProtonMail to hinder authorities or that the use of ProtonMail was for any illicit purpose. Defendants deny the remaining allegations.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore deny them.

108. Defendants admit that on or about August 19, 2018, an email was sent to Relator, with copies to Eder Hernandez and Alyssa Hernandez, from the "casasunzal38@protonmail.com" account. Defendants admit that this email contained a "to-do" list and suggestions to help Relator commence her work. Defendants deny any remaining allegations in paragraph 108 to the extent they imply improper conduct.

109. Defendants admit that on or about August 21, 2018, an email was sent to Relator from the "casasunzal38@protonmail.com" account, with the subject line "PLAN OF ACTION STARTED." Defendants deny the remaining allegations.

**G. Eder solicits a kickback from Garza for the SWK Medical Provider contracts at Casa Quetzal and Casa Sunzal**

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111. Defendants specifically deny that Eder Hernandez was seeking an improper kickback or that he misrepresented the legality of the proposal. Defendants further lack knowledge or information sufficient to form a belief as to Relator's subjective beliefs or preferences, and therefore deny any characterizations of Relator's state of mind in paragraph 111.

112. Defendants admit the allegations in paragraph 112. Defendants deny any implication of wrongdoing in paragraph 112.

113. Defendants admit that on or about August 23, 2018, Eder Hernandez, through counsel, sent Relator multiple proposed written agreements. Defendants lack knowledge of the precise contents of the four agreements referenced in paragraph 113 as footnote 8, and therefore deny any specific allegations about them except to state that the documents speak for themselves.

Defendants specifically deny that Eder Hernandez was seeking an improper kickback or that he misrepresented the legality of the proposal.

114. Paragraph 114 purports to quote and characterize a portion of an agreement. The document speaks for itself. Defendants deny any remaining allegations in paragraph 114 and specifically deny that this provision created any improper "nexus" for a fraudulent scheme.

115. Defendants deny the allegations in paragraph 115.

116. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and therefore deny them.

**H. <u>Garza rejects Eder's kickback agreement and informs Figueroa and Naranjo about it.</u>**

117. Defendants lack knowledge or information sufficient to admit or deny Relator's subjective feelings of "stress" or "sleepless nights," and therefore deny the same. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117, and therefore deny them.

118. Defendants admit that Relator indicated she did not wish to involve Eder Hernandez in her contracts. Defendants deny any allegation of wrongdoing. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118, and therefore deny them.

119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore deny them

120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore deny them.

121. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore deny them.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and therefore deny them.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations that the Hernandez family was discontent with how the situation unfolded or that there was any expectation of a kickback. Defendants lack knowledge or information sufficient to form a belief as to the truth of the WhatsApp allegations in paragraph 124, and therefore deny them. Defendants specifically deny that Alyssa Hernandez became upset over any refusal to participate in an illegal scheme, deny that she "lambasted" Garza, and deny that any member of the Hernandez family sought to profit from an unlawful arrangement. Defendants generally deny all allegations inconsistent with this response.

## I. Garza begins providing medical services at Casa Quetzal and learns that she was only meant to serve as a temporary provider.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, and therefore deny them.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, and therefore deny them.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore deny them.

## J. Casa Sunzal fails to open as scheduled on October 28, 2018.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore deny them.

**K. <u>Naranjo creates a plan to divide the Houston region to steer shelters to business associates.</u>**

129. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, and therefore deny them.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore deny them.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore deny them.

**L. <u>Casa Sunzal opens over five months late in March 2019; Dr. Rauf is not ready to see children.</u>**

132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore deny them.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, and therefore deny them.

134. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore deny them.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore deny them.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore deny them.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore deny them.

### M. SWK begrudgingly allocates medical services at all Houston shelters by default to Garza

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, and therefore deny them.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore deny them.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and therefore deny them.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore deny them.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142, and therefore deny them.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, and therefore deny them.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and therefore deny them.

### N. Naranjo becomes a licensed nurse practitioner and immediately takes over the nation's largest shelter, Casa Padre, in May 2019.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, and therefore deny them.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and therefore deny them.

147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore deny them.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and therefore deny them.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and therefore deny them.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and therefore deny them.

151. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, and therefore deny them.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore deny them.

**O. Figueroa and De La Cruz move forward with plans to take over Arizona shelters.**

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, and therefore deny them.

154. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154, and therefore deny them.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, and therefore deny them.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, and therefore deny them.

**P. Divine Family Care becomes SWK medical provider in Arizona.**

157. Defendants deny Naranjo and Eder's office were located inside Valley Med Urgent Care. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore deny them.

158. Defendants admit on November 25, 2019, Eder obtained a physician assistant license in Arizona through Divine Family Care. Defendants deny the remainder allegations.

159. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore deny them.

160. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, and therefore deny them.

**Q. The Coronavirus arrives in the United States and Texas.**

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and therefore deny them.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, and therefore deny them.

163. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, and therefore deny them.

**R. Naranjo and Figueroa obtain a COVID consulting contract with SWK.**

164. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, and therefore deny them.

165. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165, and therefore deny them.

166. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, and therefore deny them.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and therefore deny them.

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and therefore deny them.

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, and therefore deny them.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, and therefore deny them.

**S. <u>Garza signs 2020 renewal contracts for all the Houston shelters.</u>**

171. Defendants admit that Alyssa Hernandez received a title change in 2020. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 171, and therefore deny them.

172. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and therefore deny them.

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, and therefore deny them.

174. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174, and therefore deny them.

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175, and therefore deny them.

**T. <u>Naranjo becomes medical provider at SWK's Midland influx sheter.</u>**

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and therefore deny them.

**U. <u>Garza signs 2021 renewal contracts for the Houston region.</u>**

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177, and therefore deny them.

**V. <u>SWK creates sham bidding process for the shelters and awards Naranjo the three largest Houston shelters.</u>**

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and therefore deny them.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and therefore deny them.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, and therefore deny them.

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181, and therefore deny them.

182. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182, and therefore deny them.

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore deny them.

184. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184, and therefore deny them.

185. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185, and therefore deny them.

186. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, and therefore deny them.

187. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187, and therefore deny them.

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188, and therefore deny them.

189. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189, and therefore deny them.

### W. SWK awards Naranjo the El Paso region shelters.

190. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190, and therefore deny them.

191. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and therefore deny them.

### X. SWK awards Naranjo and his companies the medical provider contract at other SWK shelters.

192. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192, and therefore deny them.

### Y. Conclusion

193. Defendants deny the allegation that Southwest Key Programs (SWK) implemented a fraudulent scheme in 2018 or at any other time to channel its largest medical provider contracts to Diego Naranjo. Defendants further deny that Eder Hernandez acted as a middleman in any

fraudulent scheme or that he solicited kickbacks from medical providers. Defendants generally deny all allegations that suggest Eder Hernandez or any of the Hernandez Defendants participated in, facilitated, or had knowledge of a long-running fraudulent contract award or kickback solicitation scheme.

194. Defendants generally deny all allegations that suggest Eder Hernandez or any of the Hernandez Defendants participated in, facilitated, or had knowledge of a long-running fraudulent contract award or kickback solicitation scheme. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 194, and therefore deny them.

195. Defendants generally deny all allegations that suggest Eder Hernandez or any of the Hernandez Defendants participated in, facilitated, or had knowledge of a long-running fraudulent contract award or kickback solicitation scheme. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195, and therefore deny them.

196. Defendants deny the allegations in paragraph 196. In particular, Defendants deny that SWK acted "through Eder Hernandez and Valley Med Urgent Care, PLLC" to solicit kickbacks from Dr. A or from Relator Garza, or that any such solicitations occurred.

197. Paragraph 197 states a legal conclusion or allegation that all claims submitted under certain contracts were false. Defendants deny the allegations in paragraph 197, including that any claims for payment were false or fraudulent.

## VII. THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 ET SEQ. AND THE ANTI-KICKBACK STATUTE (AKS) 42 U.S.C. § 1320A-7B(B)

198. Paragraph 198 contains a description of the federal Anti-Kickback Statute. To the extent paragraph 198 states conclusions of law, no response is required. To the extent any allegations of fact are made, Defendants deny any wrongdoing under the Anti-Kickback Statute.

199. Paragraph 199 contains a description of the federal Anti-Kickback Statute. To the extent paragraph 199 states conclusions of law, no response is required. To the extent any allegations of fact are made, Defendants deny any wrongdoing under the Anti-Kickback Statute.

200. Paragraph 200 describes the definition of a "Federal health care program" under the statute. This is a statement of law or statutory definition. No response is required from Defendants. To the extent a response is deemed required, Defendants deny any factual allegations in paragraph 200 and deny that they violated any law.

201. Paragraph 201 appears to continue a description of the law. No response is required to statements of law. To the extent paragraph 201 contains factual allegations, Defendants deny them.

202. Defendants deny that any of their actions violated the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b). Defendants specifically deny that Eder Hernandez solicited or received any payments from "Dr. A" in exchange for patient referrals at Casa Padre or any other facility. Defendants further deny that any services referred or rendered were arranged as part of a quid pro quo or in exchange for remuneration in violation of the AKS. Defendants also deny that Eder Hernandez or Alyssa Hernandez solicited or received any payment or agreement from Dr. Garza in violation of federal law. Finally, Defendants deny any knowledge of or involvement in any alleged solicitation of payments from Dr. B by SWK representatives. Defendants generally

deny all allegations that they knowingly and willfully offered, paid, solicited, or received any unlawful remuneration connected to federally reimbursed health services

203. Paragraph 203 appears to set forth legal conclusions or background. No response is required. To the extent a response is required, Defendants deny any allegations of wrongdoing in paragraph 203.

**COUNT 1 – Presenting False Claims in Violation of 31 U.S.C. § 3729(a)(1)(A)**

204. Paragraph 204 incorporates by reference prior allegations. Defendants restate and incorporate their answers to paragraphs 1–203 as if fully set forth herein.

205. Paragraph 205 states that Relator brings this Count against certain Defendants for allegedly presenting false claims involving kickbacks. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny that they violated 31 U.S.C. § 3729(a)(1)(A) or any other provision of the False Claims Act.

206. Defendants deny the allegations in paragraph 206. Defendants specifically deny that Eder Hernandez (whether on his own behalf or on behalf of any other Defendant) formed any agreement with "Dr. A" to receive kickbacks from federal funds, or that Eder sought kickbacks from Relator Garza on behalf of himself or others. Defendants deny that any kickback scheme or agreement as alleged in paragraph 206 ever existed.

207. Defendants deny the allegations in paragraph 207, including the speculative assertion that any "kickback scheme" was employed with other providers.

208. Paragraph 208 contains a legal conclusion regarding damages allegedly suffered by the United States. Defendants deny that the United States suffered any damages due to the

Hernandez Defendants' conduct, and deny that Relator or the United States is entitled to any relief from Defendants.

**COUNT 2 – Presenting False Claims in Violation of 31 U.S.C. § 3729(a)(1)(A)**

209. Paragraph 209 incorporates by reference prior allegations for purposes of Count 2. Defendants restate and incorporate their answers to paragraphs 1–203 as if fully set forth herein.

210. Paragraph 210 states that Relator brings this Count against certain Defendants for allegedly presenting false claims under a conflict-of-interest theory (31 U.S.C. § 3729(a)(1)(A)). The allegations in paragraph 210 consist of legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny that they violated 31 U.S.C. § 3729(a)(1)(A) or any False Claims Act provision under the "conflict of interest" theory.

211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211, and therefore deny them.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212, and therefore deny them.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213, and therefore deny them.

214. Defendants deny any implied wrongdoing alleged in paragraph 214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214, and therefore deny them.

215. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, and therefore deny them.

216. Defendants deny the allegations in paragraph 216.

217. Defendants deny the allegations in paragraph 217.

218. The allegations in paragraph 218 consist of legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny any statutory or contractual violation alleged in paragraph 218.

219. The allegations in paragraph 219 consist of legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny any allegation of wrongdoing in paragraph 219.

220. Defendants deny the allegations in paragraph 220.

**COUNT 3 – Conspiracy Under 31 U.S.C. § 3729(A)(1)(C)**

221. Paragraph 221 incorporates by reference prior allegations for purposes of Count 3. Defendants restate and incorporate their answers to paragraphs 1–203 as if fully set forth herein.

222. Paragraph 222 states that Relator brings this Count against the Hernandez Defendants (among others) for conspiracy to submit false claims. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they conspired to violate the False Claims Act or engaged in any conspiracy as alleged.

223. Defendants deny the allegations in paragraph 223. Defendants specifically deny that they entered into any agreement or "master plan" to violate the FCA, deny that they pressured Relator to pay kickbacks, deny that they implemented any kickback scheme with "Dr. A" or any other provider, and deny that they engaged in any conflicts of interest in awarding contracts.

**COUNT 4 – Retaliation in Violation of 31 U.S.C. § 3730(h)**

224. Paragraph 224 incorporates by reference prior allegations for purposes of Count 4. Defendants restate and incorporate their answers to paragraphs 1–203 as if fully set forth herein.

225. Paragraph 225 states that Relator brings a claim against all Defendants for retaliation under 31 U.S.C. § 3730(h). This paragraph consists of legal conclusions to which no

response is required. To the extent a response is required, Defendants deny that they retaliated against Relator or violated 31 U.S.C. § 3730(h). Defendants further state that none of the Hernandez Defendants was ever Relator's employer or in a position to discharge, demote, or discriminate against her in the terms of employment.

226. Defendants deny that Plaintiff Garza was a "contractor" of the Hernandez Defendants or that she had any employment, contractual, or agency relationship with them that would give rise to standing under 31 U.S.C. § 3730(h)(1). Defendants further deny that Garza engaged in any protected activity under the FCA as to the Hernandez Defendants. Specifically, Defendants deny that Eder Hernandez engaged in any kickback activity on behalf of himself, SWK, Naranjo, or Figueroa. Defendants also deny that Plaintiff Garza's communications with Lisdel Corderi Guerrero, Kimberlynn Luke, or any others involved reporting conduct by the Hernandez Defendants that would constitute protected activity under the statute. Accordingly, Defendants deny any liability under the FCA's retaliation provisions

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and therefore deny them. Defendants further deny that they had any awareness of Relator's alleged protected activity or any intent to retaliate against her.

228. Defendants deny the allegations in paragraph 228. Defendants specifically deny that they discriminated against Relator or denied her any contracts or opportunities because of any protected activity. Defendants further state that they had no authority to award or deny Relator's contracts with SWK.

229. Defendants deny the allegations in paragraph 229, including any assertion that Relator suffered financial or reputational damage as a result of any action by the Hernandez Defendants. Defendants deny that Relator is entitled to any relief.

230. The paragraphs under Relator's Prayer for Relief, including subparagraphs (1) through (6), state demands for relief to which no response is required. To the extent a response is required, Defendants deny that Relator or the United States is entitled to any relief, damages, penalties, fees, or other remedies from the Hernandez Defendants, whether as requested in the Prayer or otherwise. Defendants specifically deny all allegations of wrongdoing and deny that Relator has suffered any recoverable damages or is entitled to any award.

231. The final paragraph of the Complaint is Relator's demand for a jury trial, to which no response is required. To the extent a response is deemed required, Defendants acknowledge that Relator has demanded a jury trial. The Hernandez Defendants likewise demand a trial by jury on all claims so triable in this action.

## VIII. Defenses, Affirmative Defenses, and Other Responses

Without assuming any burden of proof that is not legally required, and reserving the right to assert additional defenses as appropriate, the Hernandez Defendants assert the following affirmative defenses:

1. Relator's First Amended Complaint fails to state a claim upon which relief can be granted against the Hernandez Defendants. The factual allegations, even if taken as true, do not establish all the essential elements of a False Claims Act violation or any other claim against these Defendants. Relator's claims should therefore be dismissed under Rule 12(b)(6).

2. To the extent any allegations in the Complaint were publicly disclosed prior to Relator's suit, Relator's claims are barred by the public disclosure provisions of 31 U.S.C. § 3730(e)(4). Relator is not an "original source" of the information underlying her allegations about the Hernandez Defendants. Relator lacks standing to pursue claims based on information derived from public disclosures and not from her own direct, independent knowledge.

3. Relator's claims are barred, in whole or in part, by the applicable statutes of limitations. Any allegations of fraudulent conduct or retaliation occurring outside the time periods allowed by 31 U.S.C. § 3731(b) (for False Claims Act claims) or other applicable limitations periods (for the retaliation claim) cannot form the basis of liability against the Hernandez Defendants.

4. The Hernandez Defendants did not present or cause to be presented any false or fraudulent claim to the government, nor did they make or use any false record or statement material to a false claim. Relator has not identified a single false claim for payment that was submitted because of any action by these Defendants. Accordingly, there is no violation of the False Claims Act by the Hernandez Defendants.

5. The conduct attributed to the Hernandez Defendants did not constitute a violation of the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b). Among other things, there was no knowing and willful offer, payment, solicitation, or receipt of any remuneration to induce referrals of federal health care program business by these Defendants. In particular, no quid pro quo arrangement or payment was ever consummated with respect to the Hernandez Defendants and any medical provider. Relator's allegations describe at most an unaccepted proposal for administrative services, which is not an AKS violation. Because there was no AKS violation by these Defendants, Relator's FCA claims predicated on AKS fail.

6. Any actions of the Hernandez Defendants did not cause the government to pay any false or improper claim. Relator has not shown – and cannot show – that the government paid out funds it otherwise would not have paid but for the Hernandez Defendants' conduct. Relator herself continued to provide services and submit legitimate claims for reimbursement long after ending contact with the Hernandez Defendants, indicating that their conduct had no impact on the claims

or payments at issue. Absent a causal link between these Defendants and the presentment of a false claim, there can be no FCA liability.

7. Relator's fraud-based claims (under the False Claims Act) are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b). The Complaint impermissibly groups multiple defendants together and relies on speculative or conclusory allegations regarding purported schemes, without identifying the "who, what, when, where, and how" of any specific false claim or fraudulent conduct by the Hernandez Defendants. This failure to plead with particularity is a complete defense to Relator's fraud claims.

8. Relator's retaliation claim under 31 U.S.C. § 3730(h) is barred because none of the Hernandez Defendants was ever her employer, contractor, or agent in a position to take adverse employment action against her. Relator's contractual and working relationship was with SWK (and its shelters), not with the Hernandez Defendants. The Hernandez Defendants had no authority to hire, fire, demote, suspend, or otherwise affect the terms and conditions of Relator's employment or contracts. Because the Hernandez Defendants were not Relator's employer or in an equivalent position, they are not proper defendants under the FCA's anti-retaliation provision.

9. The Office of Refugee Resettlement (ORR) grant program at issue is not a "Federal health care program" as defined in the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(f)). To the extent Relator's FCA claims rely on the AKS and the theory that ORR-funded shelter contracts fall under the AKS, that theory is legally incorrect. An essential element of an AKS-based FCA claim is missing because the underlying program does not meet the statutory definition of a federal health care program.

10. Relator has not demonstrated, and cannot demonstrate, that any alleged false statements or omissions by the Hernandez Defendants were material to the government's decision to pay claims.

In particular, the alleged violations of internal conflict-of-interest rules and the existence of any side arrangements were not material to ORR's payment of shelter healthcare costs. Under the False Claims Act's stringent materiality requirement, this lack of materiality is a complete defense to Relator's claims.

11. The Hernandez Defendants lacked any authority or decision-making power to influence or award contracts at Southwest Key Programs ("SWK"). They were not decision-makers in SWK's contracting or procurement processes and had no control over the awarding of SWK contracts. Accordingly, they cannot be held liable for any alleged wrongdoing related to SWK contract awards, as they had no power to influence or direct those decisions.

12. Any actions taken or arrangements proposed by the Hernandez Defendants were undertaken in good faith and for legitimate business purposes. They acted with honest intent to further lawful business objectives – not to defraud or engage in improper conduct. Because Defendants' conduct was driven by legitimate business considerations without improper motive, any claim premised on bad faith or illegitimate purpose is unfounded and should be barred.

13. The Hernandez Defendants specially deny any wrongdoing. To the extent applicable, the Hernandez Defendants did not knowingly or intentionally engage in any fraudulent or unlawful activity as alleged in the First Amended Complaint. They lacked the requisite scienter – i.e., knowledge of falsity or intent to violate the law – required to establish liability under the False Claims Act or related causes of action. Absent any knowing or intentional wrongdoing by Defendants, Relator's claims cannot be sustained and should be dismissed.

14. The Hernandez Defendants affirmatively plead that the United States suffered no actual damages attributable to any conduct by these Defendants. Accordingly, Relator's claims for

monetary relief fail to the extent they seek damages or penalties unsupported by any loss to the government.

15. To the extent applicable, the Hernandez Defendants' conduct falls within one or more statutory or regulatory safe harbor provisions (including those related to the Anti-Kickback Statute). Any actions by these Defendants were lawful under those safe harbors and cannot form the basis of liability, thereby barring Relator's claims predicated on alleged kickbacks.

16. Relator's claims are barred by the equitable doctrines of estoppel and unclean hands. Given Relator's own conduct and the circumstances surrounding her allegations, it would be unjust to permit her to obtain relief, and these equitable doctrines preclude her from doing so.

17. Relator seeks overlapping and duplicative forms of relief under different theories of liability. Such double recovery is not permitted. To the extent Relator's causes of action seek duplicative damages or penalties for the same alleged wrong, that relief is barred as a matter of law.

18. None of the Hernandez Defendants took any adverse employment action against Relator. An FCA retaliation claim under 31 U.S.C. § 3730(h) requires that the defendant have taken an adverse action against the plaintiff's employment or contracting position, which did not occur here. Because this essential element is missing, Relator's retaliation claim cannot be sustained against these Defendants.

19. Relator did not engage in any activity protected under 31 U.S.C. § 3730(h) with respect to the Hernandez Defendants. Any actions she took were not in furtherance of an effort to stop an FCA violation by these Defendants, nor were they known by or directed at these Defendants. In the absence of any protected whistleblower activity involving the Hernandez Defendants, Relator's retaliation claim against them fails.

20. The Hernandez Defendants were not parties to any contract, grant, or agreement with the United States that contained the conflict-of-interest or other conditions referenced by Relator. They had no legal duty or obligation under any such federal grant provisions. Therefore, any alleged violation of those grant conditions cannot form the basis of an FCA claim against these Defendants.

21. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

22. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

23. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts and/or omissions caused or contributed to Plaintiff's injury, if any.

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties.

25. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take steps necessary to mitigate her damages, if any.

26. Plaintiff's recovery, if any, should be precluded or reduced by the doctrine of proportionate responsibility.

27. Defendants assert and incorporate by reference any and all defenses, affirmative defenses, immunities, or limitations of liability asserted by any other defendant in this action to the extent they are not inconsistent with the positions taken by the Hernandez Defendants. This includes but is not limited to defenses based on statutory interpretation, procedural bars, factual denials, and legal insufficiencies raised by co-defendants in their respective pleadings or motions.

28. The Hernandez Defendants reserve the right to assert any further defenses, affirmative or otherwise, that become applicable or available during the course of litigation, including but not limited to any defenses under Federal Rule of Civil Procedure 12(b) and any defenses arising from information learned through discovery or further investigation.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Hernandez Defendants pray that all claims against Defendants Eder Francisco Hernandez, Alyssa Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC be dismissed with prejudice; Relator take nothing by her First Amended Complaint as against these Defendants, and that no relief be awarded to Relator or the United States from these Defendants; The Court enter judgment in favor of the Hernandez Defendants on all causes of action in the Complaint; The Hernandez Defendants be awarded their reasonable attorneys' fees and costs of defending this action to the extent permitted by law; and the Court award such other and further relief as it deems just and proper.

Respectfully submitted,

MARTINEZ/TIJERINA, PLLC
1201 E. Van Buren
Brownsville, Texas 78520
Ph: (956) 550-4868
Fax (956) 621-0135

______________________
Tomas F. Tijerina
Federal ID No. 1062166
State Bar No. 24070746
ttijerina@mbmtlawfirm.com
Benigno (Trey) Martinez
Federal ID No. 23945
State Bar No. 00797011
trey@mbmtlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on opposing counsel of record, via CM/ECF on this 26th day of November 2025.

______________________
Tomas Tijerina