**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* JANA GARZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00305 |
| | § | |
| SOUTHWEST KEY PROGRAMS, INC., | § | |
| *et. al.,* | § | |
| | § | |
| Defendants. | § | |

## DIEGO NARANJO'S, DIVINE FAMILY CARE, PLLC'S, AND TRINITY HEALTH SERVICES, PLLC'S ANSWER TO RELATOR JANA GARZA'S FIRST AMENDED COMPLAINT

Defendants Diego Naranjo ("Mr. Naranjo"); Divine Family Care, PLLC ("Divine Family Care"); Trinity Health Services, PLLC ("Trinity Health Services"); and Diego Naranjo d/b/a UC Health Consultants (also "Mr. Naranjo")[1] file this Answer and Affirmative Defenses in response to Relator Jana Garza's First Amended Complaint ("Complaint"). Mr. Naranjo, Divine Family Care, and Trinity Health Services deny each and every allegation in the Complaint except those hereinafter specifically admitted and deny all allegations contained in any heading or other portion of the Complaint that is not a numbered paragraph.

### I.    INTRODUCTION

1.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 1.

2.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 2.

---

[1] UC Health Consultants is not a legal entity. It is a d/b/a that Mr. Naranjo previously used that should not be a separate Defendant in this case. Accordingly, Mr. Naranjo's answers apply to himself and "UC Health Consultants."

## II.    JURISDICTION AND VENUE

3.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 3.

4.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegation that Relator submitted a voluntary pre-filing disclosure statement to the United States, and they deny the remaining allegations in Paragraph 4.

5.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit the allegations in Paragraph 5.

## III.    PARTIES

6.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 6.

7.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 7.

8.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 8.

9.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 9.

10.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit that Mr. Naranjo is a resident of Texas, has an address in Brownsville, Texas, and at the time of his departure from SWK served as the Assistant Director of Medical Services. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the remaining allegations in Paragraph 10.

11.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit that Mr. Naranjo formed Trinity Health Services on March 28, 2019, and that Mr. Naranjo formed Divine

Family Care on October 30, 2019. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the remaining allegations in Paragraph 11.

12.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit the allegations in Paragraph 12.

13.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit the allegations in Paragraph 13.

14.    Mr. Naranjo denies the allegations in Paragraph 14. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 14.

15.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 15.

16.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 16.

17.    Mr. Naranjo admits the allegations in Paragraph 17. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in the first sentence in Paragraph 17.

18.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 18.

19.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 19.

20.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 20.

21.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 21.

22.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 22.

23.     Mr. Naranjo denies the allegations in the sixth sentence in Paragraph 23. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 23. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 23.

24.     Mr. Naranjo and Trinity Health Services admit that Daniel De La Cruz worked for Trinity Health Services sometime after Mr. De La Cruz left SWK. Mr. Naranjo and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 24. Divine Family Care lacks sufficient information to admit or deny the allegations in Paragraph 24.

25.     Mr. Naranjo, Divine Family Care, and Trinity Health Services admit that Dr. Juan Garcia is a family practice physician in South Texas and was Mr. Naranjo's supervising physician on or around March 25, 2019. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 25.

## IV.     RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

26.     Paragraph 26 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 26.

## V.     STATUTORY, REGULATORY, AND CONTRACTUAL BACKGROUND

27.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 27.

28.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 28.

29.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 29.

30.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 30.

31.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 31.

32.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 32.

33.     Paragraph 33 contains legal conclusions to which no response is required.

34.     Paragraph 34 contains legal conclusions to which no response is required.

35.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 36.

37.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information admit or deny the allegations in Paragraph 37.

38.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 38.

39.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 39.

40.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required.

42.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 42.

43.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required.

45.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 45. To the extent Paragraph 45 contains legal conclusions, no response is required.

46.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 46.

47.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 47.

48.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 48.

49.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 49.

50.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 50.

51.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 51.

52.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 52.

53.      Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 53.

54.      Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 54.

55.      Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 55. Paragraph 55 contains legal conclusions to which no response is required.

56.      Paragraph 56 contains legal conclusions to which no response is required.

57.      Paragraph 57 contains legal conclusions to which no response is required.

58.      Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 58. Paragraph 58 contains legal conclusions to which no response is required.

59.      Paragraph 59 contains legal conclusions to which no response is required.

60.      Paragraph 60 contains legal conclusions to which no response is required.

61.      Paragraph 61 contains legal conclusions to which no response is required.

62.      Paragraph 62 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 62.

63.      Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 63.

64.      The first sentence in Paragraph 64 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 64.

65.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 65.

66.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 66. Paragraph 66 contains legal conclusions to which no response is required.

67.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 67. Paragraph 67 contains legal conclusions to which no response is required.

68.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 68. Paragraph 68 contains legal conclusions to which no response is required.

69.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 69. Paragraph 69 contains legal conclusions to which no response is required.

## VI.     DEFENDANTS' ALLEGED "SCHEME"

70.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 70.

71.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 71.

72.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 72.

73.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 73.

74.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 74.

75.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 75.

76.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 76.

77.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 77.

78.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 78.

79.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 79.

80.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 80.

81.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 81.

82.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 82.

83.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 83.

84.     Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 84.

85.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 85.

86.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 86.

87.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 87.

88.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 88.

89.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 89. Paragraph 89 contains legal conclusions to which no response is required.

90.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 90. Paragraph 90 contains legal conclusions to which no response is required.

91.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 91.

92.    Mr. Naranjo admits that for a period of time he served as the Assistant Director of Medical Services at SWK. Mr. Naranjo denies that he had the ability to select and award medical provider contracts. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 92. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 92.

93.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 93.

94.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the first three sentences in Paragraph 94. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the remaining allegations in Paragraph 94.

95.    Paragraph 95 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 95.

96.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny that they were "co-conspirators." Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 95. Paragraph 95 contains legal conclusions to which no response is required.

97.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 97.

98.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 98.

99.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 99.

100.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 100.

101.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 101.

102.    Mr. Naranjo admits, upon information and belief, that he spoke with Relator on or around July 26, 2018. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 102.

103.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 103.

104.    Mr. Naranjo admits, upon information and belief, that he participated in a conference call with Relator on or around August 13, 2018. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 104. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 104.

105.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 105.

106.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 106.

107.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 107.

108.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 108.

109.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 109.

110.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 110.

111.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 111. Paragraph 111 contains legal conclusions to which no response is required.

112.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 112.

113.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 113. Paragraph 113 contains legal conclusions to which no response is required.

114.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 114. Paragraph 114 contains legal conclusions to which no response is required.

115.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 115. Paragraph 115 contains legal conclusions to which no response is required.

116.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 116.

117.    Mr. Naranjo admits, upon information and belief, that Relator sent him the message included in Paragraph 117. The message speaks for itself, and Mr. Naranjo denies Relator's characterization of the message. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 117.

118.    Mr. Naranjo admits, upon information and belief, that Relator told him that she was willing to become a medical provider for SWK. Mr. Naranjo denies the remaining allegations in the first sentence in Paragraph 118. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 118.

119.    Mr. Naranjo admits that he told Relator that he had no knowledge of any arrangement allegedly proposed by Eder. Mr. Naranjo admits that he told Relator that she did not

need to sign the agreement or work with Eder. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 119. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 119. Paragraph 119 contains legal conclusions to which no response is required.

120.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 120.

121.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 121.

122.    Mr. Naranjo denies that he was "in charge of everything." Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 122. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 122.

123.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 123.

124.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 124. Paragraph 124 contains legal conclusions to which no response is required.

125.    Mr. Naranjo denies the allegations in the second sentence in Paragraph 125. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 125. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 125.

126.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 126.

127.    Mr. Naranjo admits, upon information and belief, that he had dinner with Relator sometime in 2018, and that he told Relator that he was planning on taking the board exam. Mr. Naranjo denies that he told Relator that he was planning on working with Eder once he graduated. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 127.

128.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 128.

129.    Mr. Naranjo admits, upon information and belief, that in early 2019, SWK awarded contracts for Casa Mesa and Casa Reliant to Relator and that he relayed this information to Relator. Mr. Naranjo denies the remaining allegations in Paragraph 129. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 129.

130.    Paragraph 130 contains legal conclusion to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 130.

131.    Mr. Naranjo denies the allegations in the first sentence of Paragraph 131. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 131. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 131.

132.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 132.

133.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 133.

134.    Mr. Naranjo admits, upon information and belief, that in 2019, he thanked Relator for helping to see children from Casa Sunzal at Casa Quetzal and that SWK offered Relator

contracts for Casa Mesa and Casa Reliant. Mr. Naranjo denies the remaining allegations in Paragraph 134. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 134.

135.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 135.

136.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 136.

137.    Mr. Naranjo admits that Dr. Garcia became his supervising physician. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 137. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 137.

138.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 138.

139.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 139.

140.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 140.

141.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 141.

142.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 142.

143.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 143.

144.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 144.

145.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit the allegations in Paragraph 145.

146.    Mr. Naranjo and Trinity Health Services admit the allegations in Paragraph 146. Divine Family Care lacks sufficient information to admit or deny the allegations in Paragraph 146.

147.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 147.

148.    Mr. Naranjo admits that Mr. Naranjo left SWK in or around April or May 2019. Mr. Naranjo and Trinity Health Services admit that in or around May 2019, SWK awarded Trinity Health Services the medical provider contract at Casa Padre. Mr. Naranjo and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 148. Divine Family Care lacks sufficient information to admit or deny the allegations in Paragraph 148.

149.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in the first two sentences in Paragraph 149. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in the last sentence in Paragraph 149.

150.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in the first sentence in Paragraph 150. Mr. Naranjo admits that Dr. Garcia has been his supervising physician. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 150.

151.    Mr. Naranjo denies the allegations in the last sentence in Paragraph 151. Mr. Naranjo, Divine Family Care, and Trinity Health Services admit that Mr. Naranjo's delegation

address on March 25, 2019, was 101 E. Expressway 83 #170, McAllen, TX 78501. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 151.

152.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 152.

153.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 153.

154.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 154.

155.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 155.

156.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 156.

157.    Mr. Naranjo and Divine Family Care admit the allegations contained in the first sentence in Paragraph 157. Mr. Naranjo denies that his offices were located inside Valley Med Urgent Care. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 157.

158.    Mr. Naranjo and Divine Family Care admit that records show that on November 25, 2019, Eder obtained a physician assistant license in Arizona through Divine Family Care. Mr. Naranjo and Divine Family Care deny that Mr. Naranjo and Eder were in business together. Trinity Health Services lacks sufficient information to admit or deny the allegations in Paragraph 158.

159.    Mr. Naranjo and Divine Family Care admit that SWK awarded the medical provider contract for Casa Fortaleza to Divine Family Care and deny the remaining allegations in the first

sentence in Paragraph 159. Mr. Naranjo and Divine Family Care lack sufficient information to admit or deny the allegations in the last sentence of Paragraph 159. Trinity Health Services lacks sufficient information to admit or deny the allegations in Paragraph 159.

160.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in the last sentence of Paragraph 160. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 160.

161.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 161.

162.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 162.

163.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 163.

164.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 164.

165.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 165.

166.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 166.

167.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 167.

168.    Mr. Naranjo admits, upon information and belief, that the policy document's metadata shows that it was authored by Mr. Naranjo. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 168 of the Complaint. Divine

Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations contained in Paragraph 168 of the Complaint

169.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in the first sentence in Paragraph 169. Mr. Naranjo denies the allegations contained in the second sentence in Paragraph 169. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in the second sentence in Paragraph 169.

170.    Mr. Naranjo denies the allegations contained in the first two sentences in Paragraph 170. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 170. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 170.

171.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 171.

172.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 172.

173.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 173.

174.    Mr. Naranjo admits that he had an SWK email account for a period of time. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in the first sentence in Paragraph 174. Mr. Naranjo denies the allegations the allegations contained in the second sentence of Paragraph 174. Mr. Naranjo admits, on information and belief, that he signed documents as a UC Health Consultant representative at the same time he had an SWK email

account. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 174.

175.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 175.

176.    Mr. Naranjo and Divine Family Care admit that Divine Family Care provided medical services at an influx shelter in Midland, Texas. Mr. Naranjo and Divine Family Care lack sufficient information to admit or deny the remaining allegations in Paragraph 176. Trinity Health Services lacks sufficient information to admit or deny the allegations in Paragraph 176.

177.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 177.

178.    Mr. Naranjo denies the fourth sentence in Paragraph 178. Mr. Naranjo lacks sufficient information to admit or deny the remaining allegations in Paragraph 178. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 178.

179.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 179.

180.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 180.

181.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 181.

182.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 182.

183.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 183.

184.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 184.

185.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 185.

186.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 186.

187.    Mr. Naranjo and Trinity Health Services admit that in or around 2022, SWK awarded Trinity Health Services contracts for Casa Quetzal, Casa Sunzal, and Casa Montezuma. Mr. Naranjo and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 187. Divine Family Care lacks sufficient information to admit or deny the allegations in Paragraph 187.

188.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 188.

189.    The first through third sentences in Paragraph 189 contain arguments to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in the fourth sentence in Paragraph 189.

190.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 190.

191.    Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 191.

192.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 192.

193.    Paragraph 193 contains arguments and legal conclusions to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 193.

194.    Paragraph 194 contains arguments and legal conclusions to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 194.

195.    Paragraph 195 contains arguments and legal conclusions to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 195.

196.    Paragraph 196 contains arguments and legal conclusions to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 196.

197.    Paragraph 197 contains arguments and legal conclusions to which no response is necessary. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 197.

## VII.    THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 ET SEQ. AND THE ANTI-KICKBACK STATUTE (AKS). 42 U.S.C. § 1320A-7B(B)

198.    Paragraph 198 contains legal conclusions to which no response is required.

199.    Paragraph 199 contains legal conclusions to which no response is required.

200.    Paragraph 200 contains legal conclusions to which no response is required.

201.    Paragraph 201 contains legal conclusions to which no response is required.

202.    Paragraph 202 contains legal conclusions to which no response is required.

203.    Paragraph 203 contains legal conclusions to which no response is required.

## COUNT 1 – PRESENTING FALSE CLAIMS IN VIOLATION OF
## 31 U.S.C. § 3729(a)(1)(A)

204.    Mr. Naranjo, Divine Family Care, and Trinity Health Services incorporate their responses to the foregoing paragraphs as if fully set forth herein.

205.    Paragraph 205 contains characterizations of this action to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 205.

206.    Paragraph 206 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 206.

207.    Paragraph 207 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 207.

208.    Paragraph 208 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 208.

## COUNT 2 – PRESENTING FALSE CLAIMS IN VIOLATION OF
## 31 U.S.C. § 3729(a)(1)(A)

209.    Mr. Naranjo, Divine Family Care, and Trinity Health Services incorporate their responses to the foregoing paragraphs as if fully set forth herein.

210.    Paragraph 210 contains characterizations of this action to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 210.

211.    The second sentence of Paragraph 211 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the remaining allegations in Paragraph 211.

212.    Mr. Naranjo admits that for a period of time he served as the Assistant Director of Medical Services at SWK and that in that role, he reported to Fanny Figueroa. Mr. Naranjo denies the remaining allegations in Paragraph 212. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 212.

213.    Mr. Naranjo, Divine Family Care, and Trinity Health Services admit the allegations in the first and second sentences in Paragraph 213. Mr. Naranjo denies the allegations in the third sentence in Paragraph 213. Divine Family Care and Trinity Health Services lack sufficient information to admit or deny the allegations in the third sentence in Paragraph 213.

214.    Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 214.

215.    Paragraph 215 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services lack sufficient information to admit or deny the allegations in Paragraph 215.

216.    Paragraph 216 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 216.

217.    Paragraph 217 contains legal conclusions to which no response is required.

218.    Paragraph 218 contains legal conclusions to which no response is required.

219.    Paragraph 219 contains legal conclusions to which no response is required.

220.    Paragraph 220 contains legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 220.

## COUNT 3 – CONSPIRACY UNDER 31 U.S.C. § 3729(A)(1)(C)

221.    Mr. Naranjo, Divine Family Care, and Trinity Health Services incorporate their responses to the foregoing paragraphs as if fully set forth herein.

222.    Paragraph 222 contains characterizations of this action to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 222.

223.    Paragraph 223 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 223.

## COUNT 4 – RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)

224.    Mr. Naranjo, Divine Family Care, and Trinity Health Services incorporate their responses to the foregoing paragraphs as if fully set forth herein.

225.    Paragraph 225 contains characterizations of this action to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 225.

226.    Paragraph 226 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 226.

227.    Paragraph 227 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 227.

228.    Paragraph 228 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 228.

229.    Paragraph 229 contains arguments and legal conclusions to which no response is required. Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations in Paragraph 229.

## VIII.    PRAYER FOR RELIEF

No response is required to this unnumbered paragraph of the Prayer for Relief, but, to the extent a response is deemed required, Mr. Naranjo, Divine Family Care, and Trinity Health Services deny the allegations contained therein. Mr. Naranjo, Diving Family Care, and Trinity Health Services further deny Relator is entitled any relief requested by Relator.

## IX.    DEMAND FOR JURY TRIAL

No response is necessary to Relator's jury trial demand. Mr. Naranjo, Divine Family Care, and Trinity Health Services likewise demand a trial by jury on all claims so triable in this action.

## AFFIRMATIVE DEFENSES

1.    Relator has failed to state a claim upon which relief may be granted.

2.    Relator's claims are barred in whole or in part by the applicable statute of limitations.

3.    Relator suffered no damages because of the acts alleged in her Complaint.

4.    The damages are not attributable to or caused by Mr. Naranjo's, Divine Family Care's, and Trinity Health Services' actions.

5.    Relator's claims are barred by the public disclosure bar under 31 U.S.C. § 3730(e)(4)(a).

6.      Relator's claims are barred by the safe harbor exception under 42 C.F.R. § 1001.952(d).

7.      Relator's claims are barred because Relator lacks standing.

8.      Relator's claims are barred because the Office of Refugee Resettlement is not a federal healthcare program.

9.      Relator's claims are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, and/or unclean hands.

10.     Relator's claims are barred because Mr. Naranjo, Divine Family Care, and Trinity Health Services did not make or cause to be made any false statement on any claim.

11.     Relator's claims are barred for lack of scienter.

12.     Relator is not entitled to duplicative relief because her claims overlap.

13.     Relator's claims are barred, in whole or in part, because Mr. Naranjo, Divine Family Care, and Trinity Health Services were not her employer.

14.     Relator's claims are barred, in whole or in part, because Mr. Naranjo, Divine Family Care, and Trinity Health Services did not take any adverse employment action against Relator.

15.     Relator's claims fail because one or more of the actions about which Relator complains are de minimis and/or fail to rise to the level of an actionable adverse employment action.

16.     Relator's claims are barred, in whole or in part, because Relator did not engage in protected activity under 31 U.S.C. § 3730(h).

17.     Relator's claims are barred, in whole or in part, because Relator cannot show Mr. Naranjo, Divine Family Care, or Trinity Health Services had knowledge of any protected activity by Relator under 31 U.S.C. § 3730(h).

18.     Without waiving Relator's burden to prove any alleged employment action was taken by Mr. Naranjo and that any such action was taken because of an impermissible factor, Mr. Naranjo would have taken the same action(s) regardless of any alleged discriminatory or retaliatory motive.

19.     Relator's claims are barred, in whole or in part, because any actions relating to Relator were, at all times, taken for legitimate, non-retaliatory, and non-discriminatory reasons.

20.     Relator's claims are barred, in whole or in part, because Relator was a contractor with no entitlement to any new or renewed contract.

21.     Relator's claims are barred, in whole or in part, because Relator unreasonably failed to take advantage of any preventative or corrective opportunities provided, or to otherwise avoid the harm about which Relator now complains.

22.     Relator's claims are barred or limited by the after-acquired evidence doctrine.

23.     Relator's claims are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, and unclean hands.

24.     Relator's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

25.     Relator's claims are barred, in whole or in part, because any damages sought by Relator must be reduced and offset by the amount that she has earned or, with reasonable diligence, could have earned.

26.     Mr. Naranjo, Divine Family Care, and Trinity Health Services hereby give notice that they may rely on other and further defenses that become available, apparent, or are raised by Co-Defendants, and hereby expressly reserves their right to amend their answer to assert any such defenses.

## PRAYER

Mr. Naranjo, Divine Family Care, and Trinity Health Services pray that Relator take nothing by this suit; Mr. Naranjo, Divine Family Care, and Trinity Health Services be awarded their costs, expenses, and attorneys' fees; and that Mr. Naranjo, Divine Family Care, and Trinity Health Services receive any such further relief at law or equity to which they are justly entitled.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

***Attorneys for Diego Naranjo,***
***Divine Family Care, PLLC,***
***Trinity Health Services, PLLC, and***
***Diego Naranjo dba UC Health Consultants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2025, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova