**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JANA GARZA, *Plaintiff*, | § | |
| v. | § | Case No. 1:25-cv-00305-ADA-SH |
| SOUTHWEST KEY PROGRAMS, INC., *et al.*, *Defendants*. | § | |

**DEFENDANTS' OPPOSED MOTION FOR A PROTECTIVE ORDER**

Defendants Southwest Key Programs, Inc., Diego Naranjo, Trinity Health Services, PLLC, Divine Family Care, PLLC, Diego Naranjo d/b/a UC Health Consultants, Eder Francisco Hernandez, Migdal Eder, LLC, Alyssa Hernandez, and Valley Med Urgent Care, PLLC, (collectively, "Defendants") move under Federal Rule of Civil Procedure 26(c) and local rule CV-26(c) for entry of a protective order governing the use and disclosure of confidential information to be produced in discovery. Defendants attach as Exhibit 1 the form discovery order specifically provided by the Western District of Texas that Defendants request the court to order.

Prior to filing this motion, and pursuant to local rule CV-7, Defendants conferred with Plaintiff. Plaintiff opposes the entry of a protective order.

For the reasons further explained below, Defendants contend that the entry of a protective order is appropriate—and necessary—to protect the types of information and documents requested by Plaintiff in this matter and that Defendants have demonstrated good cause for the entry of a protective order here.

## I. Legal Standard

Protective orders are governed by Federal Rule of Civil Procedure 26(c). The rule allows "[a] party or any person from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id. see also* L.R. CV-26 (c) ("Upon motion by any party demonstrating good cause, the court may enter a protective order in the form set out in Appendix H-1, or, in more complex cases, in Appendix H-2, or any other appropriate form.").

The party seeking the protective order "must establish good cause and a specific need for protection." *Lujan v. State Farm Lloyds*, No. EP-24-CV-00028-KC, 2024 U.S. Dist. LEXIS 84318, at *6 (W.D. Tex. May 9, 2024) (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003)). "Good cause exists when justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* To demonstrate a specific need, a party must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

The United States Court of Appeals for the Fifth Circuit explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v.*

*Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

**II. Argument**

Relator Garza's discovery requests seek documents containing sensitive personal, employment, investigative, and financial information. The requested materials include (1) employment files, including disciplinary records and separation or severance agreements; (2) internal-investigation materials; (3) financial records, including tax returns, tax-reporting forms, W-2s, 1099s, bank-statements, wire confirmations, invoices, and records of payment; and (4) records reflecting the names, birthdates, medical conditions, and medical treatment of unaccompanied migrant children. Unrestricted disclosure of those materials would expose personal information, sensitive health information that is protected from disclosure under the Health Insurance Portability and Accountability Act (HIPAA), and confidential financial data beyond the needs of this litigation and could cause privacy, reputational, commercial, and financial harm to Defendants and uninvolved third parties, including children. This is precisely the type of information that falls squarely within the inherent purpose of a protective order. *See Doe v. Roman Catholic Church of the Archdiocese of New Orleans*, No. 21-215, 2022 U.S. Dist. LEXIS 201098, at *7 (E.D. La. Nov. 4, 2022) (finding good cause for a protective order with confidentiality designations where personnel files were requested that could contain information on disciplinary actions or complaints against individuals related or unrelated to the allegations in the lawsuit).

Plaintiff also cannot demonstrate that the imposition of a protective order would cause any sort of harm to her interests. Even under a designation of confidentiality, Plaintiff and her counsel would still be able to view produced documents and utilize them, as appropriate, to support her

claims in this litigation. The protective order would only limit dissemination of Defendants' confidential materials to the public. Plaintiff has no "competing need" to make Defendants' personal records or financial information public. Blanket protective orders, such as the form proposed here, permit the parties to protect and designate documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely approved by the courts in this circuit. *See Holland v. Summit Autonomous, Inc.*, CIVIL ACTION No. 00-2313 SECTION: C/3, 2001 U.S. Dist. LEXIS 12659, at *6 (E.D. La. Aug. 13, 2001); *Rodriguez v. Wal-Mart Stores, Inc.*, No. EP-18-CV-00356-MAT, 2019 U.S. Dist. LEXIS 226400, at *8 (W.D. Tex. May 2, 2019).

Defendants do not seek to prevent relevant discovery, nor do Defendants contend that every responsive document requires confidential treatment. Some responsive documents are publicly available, and Defendants are willing to produce those documents without designating them as confidential. A protective order would permit discovery to proceed while restricting the use of designated confidential material to this litigation, without the threat of public disclosure.

Defendants therefore request an order allowing a producing party to designate qualifying material as confidential and restrict that material's use and disclosure. Defendants propose using the Western District of Texas's standard form Appendix H-2, attached as Exhibit 1. The requested order would not authorize blanket designations, shield public information, resolve privilege objections, or prevent Plaintiff from challenging a designation. Instead, it would allow parties to produce sensitive information such as disciplinary records and tax documents without making them subject to the public.

## III. Conclusion

Defendants respectfully request that the Court grant this motion and enter the attached protective order.

Dated: October 1, 2026

Respectfully submitted,

*/s/ Mindy B. Pava*
**FELDESMAN LLP**
Mindy B. Pava (*pro hac vice*)
Stephen M. Kuperberg (*pro hac vice*)
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Email:mpava@feldesman.com
skuperberg@feldesman.com

*Counsel for Southwest Key Programs, Inc.*

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
**JACKSON WALKER LLP**
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
lcordova@jw.com

*Counsel for Diego Naranjo, Divine Family Care, PLLC, Trinity Health Services, PLLC, and Diego Naranjo dba UC Health Consultants*

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868

*Counsel for the Hernandez Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

*/s/ Mindy B. Pava*
Mindy B. Pava