**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JANA GARZA** | § | |
| Plaintiff, | § | |
| v. | § | Case No. 1:25-cv-00305-ADA-SH |
| **SOUTHWEST KEY PROGRAMS, INC.,** *et al.*, | § | |
| Defendants. | § | |

**PLAINTIFF-RELATOR'S PARTIALLY OPPOSED MOTION TO EXTEND ALL REMAINING DEADLINES BY 120 DAYS AND FOR LEAVE TO TAKE UP TO TWENTY DEPOSITIONS**

Plaintiff-Relator Jana Garza ("Relator") respectfully moves, under Federal Rules of Civil Procedure 6(b)(1), 16(b)(4), 26(b)(1), 26(b)(2), and 30(a)(2)(A)(i), for an order: (1) extending every unexpired deadline in the Court's Scheduling Order by 120 days; and (2) granting Relator leave to exercise the ability to take up to twenty depositions, instead of ten. The requested relief is justified by good cause and is proportional to the needs of this uniquely broad and complex False Claims Act action. Plaintiff also seeks an extension of time because Plaintiff and her legal team have suffered a significant loss due to her lead counsel's forced departure due to illness necessitating retirement, depositions have been scheduled but now the Defendants have requested more time to serve their document production and are withholding documents absent entry of a protective order, so deposition exhibits are in jeopardy, and ,

Relator's counsel has conferred with counsel for Defendants multiple times between September 11 and September 25, 2026, consistent with the applicable local rules in repeated

attempts to resolve the motion status. Despite early indicators of agreement, the Defendants are all now opposed or partially opposed to this Motion, as summarized in more detail below.

# I. RELEVANT BACKGROUND

## *A. Complex, Expansive False Claims Scheme Involving Eleven Corporate and Individual Defendants*

1. This is a False Claims Act action alleging kickbacks, conflicts of interest, self-dealing, and fraudulent procurement involving federally funded medical-provider contracts for shelters operated by Defendant Southwest Key Programs, Inc. ("SWK"). The First Amended Complaint names eleven defendants: SWK; Alyssa Hernandez; Diego Naranjo; Divine Family Care, PLLC; Eder Francisco Hernandez; Fanny Rosa Figueroa; Geraldo Rivera; Migdal Eder, LLC; Trinity Health Services, PLLC; Diego Naranjo d/b/a UC Health Consultants; and Valley Med Urgent Care, PLLC. *See* First Am. Compl. at 1, 4–7.

2. The allegations span more than a decade, involve operations in multiple states, and concern numerous medical-provider relationships, federal cooperative agreements, treatment authorizations, billing records, electronic medical-record systems, metadata, and communications. *See id.* ¶¶ 1–2, 38–40, 58–66, 180–87. The pleaded allegations also identify multiple nonparty witnesses with potentially distinct, firsthand information about provider recruitment, contract awards, payments, billing, and retaliation.

## *B. Complex and Ultimately Debilitating Health Condition of Lead Counsel*

3. Since the current Scheduling Order was entered, Government Accountability Project Litigation Director John A. Kolar—Relator's lead counsel responsible for this matter—has experienced a prolonged intensive medical illness with hospitalizations this past winter and spring. The illness was interspersed with brief periods of respite in which Mr. Kolar seemed like he might recover. Unfortunately, the illness continued to escalate and became more complicated with additional diagnoses exacerbating one another. By June 2026, Mr. Kolar had no choice but

to medically retire from practice and to formally transition all of his cases to the Deputy Director. Mr. Kolar's health issues and unavailability contributed to a substantial slowing of discovery in this matter, from which the Plaintiff is now recovering and hoping to remedy.

4. As a result of this forced retirement, Deputy Litigation Director Stephani Ayers has had to assume responsibility for Mr. Kolar's litigation and administrative matters, including this action, of which she had only basic knowledge, in addition to handling her already existing matters, increasing her docket load by 40-50%. This unforeseen transition has required counsel to pivot to this case's needs, and to collect, review, and organize an extensive case record and to assume discovery and case-management responsibilities previously handled by Mr. Kolar. Additionally, she has had to address and attempt to remediate staffing shortages in the immediate term to keep the resultant delays to a minimum.

5. Mr. Kolar's health issues and unavailability contributed to a substantial slowing of discovery in this matter, from which the Plaintiff is now recovering and working to remedy. Despite the challenges, the parties have commenced paper discovery, and Plaintiff was scheduling a fall deposition schedule, having served her discovery in September with enough time to receive documents prior to her late October, early November depositions. However, at least two factors have destroyed that schedule: (1) Defendants have asked for more time to turn over their document production, meaning Plaintiff will not have documents in time for her depositions; (2) some Defendants have now claimed they will not timely produce documents without a protective order in place first.

### C. ***Plaintiff Has Engaged in an Ongoing Conferral Process to Attempt to Resolve This Motion, With Initial Receptivity from Defense, Then a Switch to Not Receptive, Followed by Open, Depending on Information Provided***

6. Plaintiff has engaged in an ongoing conferral process over the past month to try to reach agreement on this motion-- or at least to narrow this dispute until Plaintiff determined these efforts were fruitless. The efforts appeared to initially be successful, but Defendants have

each changed their positions at various points in the conferral process to be less amenable to Plaintiff's requests, but then saying they were open to the idea if Plaintiff provided more information, and then not responding to the additional information at all.

7. That is, initially, on September 10, 2026, Counsel for the Naranjo group indicated willingness to agree to a discovery extension of approximately three months, in connection with their own request for additional time to respond to discovery. On September 16, 2026, the Naranjo group's formal position shifted. They now oppose Plaintiff's 120-day request, instead offering only a reciprocal 30-day fact-discovery extension. They indicated willingness to consider more if Plaintiff identified the proposed additional deponents/entities and explain why they were necessary. On September 25, Plaintiff provided a detailed explanation encompassing the number of defendants in the case, the health and subsequent retirement of lead counsel, time constraints regarding document review, and list of potential witnesses. *See* Attachment A. Counsel for the Naranjo group did not reply.

8. Similarly, the Hernandez/MBMT defendants indicated their opposition could be revisited if the request were narrowed and Plaintiff identified the individuals and explained why the additional depositions were necessary. In response, on September 25, 2026, Plaintiff sent out a detailed explanation to the Defendants as to the need for more time and additional deponents. *See* Attachment C. Despite soliciting it, no Defendant responded to Plaintiff's provision of this information.

9. Counsel for Southwest Key defendants opposed both the motion to extend discovery by 120 days and the expansion of number of depositions. *See* Attachment B. They did not indicate any openness to consider the reason for the request.

***1. <u>Summary of Defendants' Last Stated Positions</u>***

| Party | Extension | # of Deponents | Condition /Caveat |
|---|---|---|---|
| Southwest Key Programs, Inc | Opposed | Opposed | SWK stated it remained willing to discuss reasonable scheduling of |

| | | | |
|---|---|---|---|
| | | | depositions beyond the November 6 written-discovery deadline. |
| Diego Naranjo, Divine Family Care, PLLC, and Trinity Health Services, PLLC | Opposed | Opposed | Left the issue open. Counsel requested identification of the proposed deponents/entities and an explanation of why each was needed. |
| Hernandez/MBMT defendants<br><br>Eder Francisco Hernandez, Alyssa Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC. | Opposed | Opposed | Open to reconsideration if Plaintiff identified the individuals and explained why the additional depositions were necessary. |

***D. <u>Plaintiff's Current Proposed Schedule For Depositions Will Be Negatively Impacted by Defendants' Requests for More Time to Produce Documents And Their Recent Protective Order Demands</u>***

10. The Hernandez Defendants and SWK have noted Garza's deposition for November 5, 2026, in Houston, TX. Plaintiff sent deposition notices for six 30b6 deponents, targeting the last week of October/early November 2026. The current list identified:

a. Southwest Key Rule 30(b)(6)

b. Trinity Rule 30(b)(6)

c. UC Health/Naranjo Rule 30(b)(6)

d. Migdal Eder Rule 30(b)(6)

e. Divine Family Care Rule 30(b)(6)

f. Dr. Antonio Diaz

11. However, with multiple Defendants' requests for additional time to provide responsive discovery, the deposition schedule is threatened. The Naranjo group wants a 30-day extension for their discovery responses. In return they have said they will agree to a 30-day

extension for Plaintiff, which does nothing to provide time for Plaintiff's document review. This fact highlights the necessity for an extension of time. With other Defendants also requesting extensions, Plaintiff will either not receive or receive without time to meaningfully review in advance of their depositions, large swaths of documents from multiple Defendants.

12. Defendants have also presented an additional complication by waiting until October 1, 2026, to file their opposed protective-order motion concerning the confidentiality of materials Plaintiff requested. This timeframe not only gives Plaintiff and the Court less than a month for the Plaintiff to brief her opposition, Defendant to file any reply, the Court to consider the briefs, issue a ruling, and then Defendant to stamp and produce documents in time for Plaintiff to review documents, prepare for, and complete multiple depositions before Nov. 6, 2026. The present record does not give Plaintiff a reliable universal production date for all Defendants. The record directly supports that substantive discovery is not expected to be available sufficiently in advance of the currently contemplated depositions.

13. Defendants themselves have sought additional time both for discovery depositions and for examining Relator. Defendants have asked for 10 hours to depose Jana Garza, rather than the usual shorter examination contemplated by the team; Plaintiff was inclined to accommodate that request if split into two consecutive five-hour sessions. .

### *E. The Demonstrated Need For Additional Deposition Slots*

#### 1. The case structure itself consumes the deposition limit

12. This is a multi-defendant case involving organizational and individual defendants and both qui tam/fraud and retaliation claims. The team has specifically identified the need for organizational, individual fact, and expert testimony. The five organizational depositions already consume half of the presumptive ten deposition limit. The identified list alone includes five separate Rule 30(b)(6) depositions:

- Southwest Key

- Trinity
- UC Health/Naranjo
- Migdal Eder
- Divine Family Care.

That is before taking the individual decision-makers and core third-party fact witnesses. The record expressly recognizes that the corporate depositions substantially consume the presumptive limit before the individual testimony can be taken.

**2. <u>These are concrete individual witnesses, not a speculative desire for more discovery</u>**

13. Plaintiff has independently estimated that approximately 15–20 depositions may be required to conduct fact discovery adequately. Among the first-tier additional witnesses beyond the corporate representatives identified above, Plaintiff identified the following individuals to Defendants, along with the unique topics they would cover:

Anselmo Villarreal, Southwest Key CEO, concerning shelter-contract decisions, procurement/conflict policies, knowledge of Garza's complaints, and retaliation/motive.

Gary Wilder, procurement specialist, concerning procurement, contract awards/terminations, relevant decision-making, and internal discussions following Garza's complaints.

Daniel De La Cruz, concerning operations and decision-making following Fanny Figueroa's departure, shelter contracts, medical services, Garza's concerns and his subsequent relationship with Naranjo.

Diego Naranjo individually, if the corporate testimony does not cover the relevant issues concerning the Houston shelters, communications with Southwest Key decision-makers, and possible preferential/informal arrangements.

14. There is an additional second-tier of potentially necessary fact witnesses described in the complaint. This working list also includes "Doctor B," Will Anderson, Alyssa Hernandez, Kimberlyn Luke, Lizardle Corderi Guerrero, and potentially Fanny Figuero. Thus, these twenty depositions are requested as an outside limit to cover a demonstrated need rather than a prediction that all twenty depositions necessarily will be taken.

## II. <u>LEGAL STANDARD</u>

15. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The principal measure of good cause is diligence: the movant must show that it could not reasonably meet the deadline despite diligence. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

16. The Fifth Circuit evaluates good cause by considering "(1) the explanation for the failure to timely [act]; (2) the importance of the [requested relief]; (3) potential prejudice in allowing the [relief]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (alterations in original).Rule 30 presumptively limits each side to ten depositions, but the Court may grant leave to take more. Fed. R. Civ. P. 30(a)(2)(A)(i).

17. In deciding whether to permit additional depositions, the Court applies Rule 26(b)(2)'s proportionality and anti-duplication principles. A movant should make a particularized showing that the additional witnesses possess necessary, noncumulative information not reasonably obtainable through less burdensome means. *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482–83 (N.D. Tex. 2001); *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, No. 4:19-CV-840-RWS-KPJ, 2021 WL 2662236, at *4-8 (E.D. Tex. June 29, 2021) (granting leave to take additional depositions where the proposed witnesses

possessed unique, nonduplicative information and the additional discovery was relevant and proportional under Rule 26(b)).

## III. ARGUMENT

### A. ***Good cause supports a 120-day extension of every remaining deadline.***

18. First, Relator has a concrete and compelling explanation for the requested modification. Mr. Kolar's extended medical illness and subsequent medical retirement were unexpected events that materially changed the staffing of Relator's counsel team. Ms. Ayers's assumption of both her own matters and Mr. Kolar's matters has required a responsible transition of a large, document-intensive, multi-defendant federal action. This request is made to allow counsel to prosecute the case diligently and competently—not to obtain tactical delay.

19. Second, the requested extension is important. The case involves eleven defendants, related individuals and entities, multiple geographic locations, substantial electronic and financial discovery, and alleged conduct extending over many years. A 120-day extension will permit orderly review of production, completion of discovery, preparation for depositions, and resolution of discovery issues without unnecessary motion practice.

20. Third, the requested extension will not unfairly prejudice Defendants. Relator seeks a uniform, finite extension of all unexpired deadlines, so the parties' remaining case-management obligations will move together. Any inconvenience from adjustment is outweighed by the need for an orderly discovery process and can be cured by the requested continuance. *See S&W Enters.*, 315 F.3d at 536. Additionally, at least one Defendant has asked for 45 additional days to respond to Relator's discovery requests. This will push depositions back to later in the fall.

21. Fourth, a 120-day continuance is the practical and least disruptive means to cure any

potential prejudice while allowing counsel to complete the transition, conduct necessary discovery, and prepare the case for the deadlines that follow.

**B. *Leave for up to twenty depositions is warranted and proportional.***

22. The presumptive ten-deposition limit is insufficient for Relator to obtain nonduplicative testimony in this case. The complaint names eleven defendants, several of whom are alleged to have played distinct roles in the provider-contracting, billing, management, and retaliation conduct. Depositions of just the appropriate corporate representatives and individual actors alone could easily exhaust the presumptive limit.

23. In addition, Relator reasonably anticipates the need to depose key nonparty witnesses with distinct firsthand knowledge, including medical providers, former or current SWK personnel, and other witnesses identified in the pleadings—such as Dr. Abdur Rauf, Dr. Juan Garcia, Dr. Asim Zamir, Dr. Vahid Mirafzali, Dr. Federico Valderrama-Bazan, Luis Ibarra, Annelise Hernandez, Dr. Ruben Roncallo, and Dr. Kazim Hussain. The anticipated testimony concerns, among other matters, provider selection and recruitment, medical services and billing, relationships among the individual and entity defendants, alleged kickback arrangements, and the factual basis of Relator's retaliation claims.

24. The requested additional depositions are neither cumulative nor speculative. Different defendants and nonparty witnesses possess different firsthand knowledge. Written discovery cannot adequately substitute for live testimony concerning who made particular decisions, the purpose of transactions and communications, knowledge and intent, the authenticity and meaning of electronic records, and the relationships among the individuals and entities. Relator Garza will conduct depositions efficiently, avoid duplicative questioning, coordinate to minimize burden, and comply with the time limits in Rule 30(d)(1) unless further relief is separately sought.

25. The request for up to twenty depositions is modest in relation to the number of

parties, witnesses, entities, locations, years of alleged conduct, and discovery subjects. It gives the parties and the Court a clear cap while retaining the FRCP 26(b)(2) protections against undue burden, duplication, and disproportionate discovery. *See Barrow*, 202 F.R.D. at 482–83; *TIGI Linea Corp.*, 2021 WL 2662236, at *7-8 (allowing additional depositions where the requested witnesses were the only individuals able to provide testimony on specific, highly relevant subjects and their testimony was neither cumulative nor obtainable through less burdensome means).

26. On September 15, 2026, counsel for Southwest Key advised that it opposed the requested 120-day extension and opposes the request to take depositions beyond the number permitted under the Federal Rules. Southwest Key stated that it remains willing to discuss reasonable scheduling for depositions after the current November 6, 2026, discovery deadline.

27. On September 16, 2026, counsel for Defendants Diego Naranjo, Divine Family Care, PLLC, and Trinity Health Services, PLLC (the "Naranjo Defendants") advised that they oppose the requested 120-day extension. The Naranjo Defendants stated that they would agree to a 30-day extension of the fact discovery deadline, with all other deadlines left unchanged, on the condition that Relator agree to 30-day extensions of the Naranjo Defendants' deadlines to respond to Relator's pending written discovery. As to additional depositions, the Naranjo Defendants stated that they do not see a need to exceed the number permitted by the Federal Rules, but that they would consider the request if Relator identifies the individuals and entities she seeks to depose.

28. On September 18, 2026, counsel for Alyssa Hernandez, Eder Francisco Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC (the "Hernandez Defendants") advised that they oppose the Motion, citing the breadth of the requested relief and stating that they had not received disclosures concerning the reason for the request. Counsel stated that they could

revisit their position if Relator narrows the request and further identifies the proposed additional deponents and the reasons for deposing them.

## II. LEGAL STANDARD

29. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The principal measure of good cause is diligence: the movant must show that it could not reasonably meet the deadline despite diligence. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

30. The Fifth Circuit evaluates good cause by considering "(1) the explanation for the failure to timely [act]; (2) the importance of the [requested relief]; (3) potential prejudice in allowing the [relief]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (alterations in original).

31. Rule 30 presumptively limits each side to ten depositions, but the Court may grant leave to take more. Fed. R. Civ. P. 30(a)(2)(A)(i). In deciding whether to permit additional depositions, the Court applies Rule 26(b)(2)'s proportionality and anti-duplication principles. A movant should make a particularized showing that the additional witnesses possess necessary, noncumulative information not reasonably obtainable through less burdensome means. *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482–83 (N.D. Tex. 2001); *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, No. 4:19-CV-840-RWS-KPJ, 2021 WL 2662236, at *4-8 (E.D. Tex. June 29, 2021) (granting leave to take additional depositions where the proposed witnesses possessed unique, nonduplicative information and the additional discovery was relevant and proportional under Rule 26(b)).

## III. ARGUMENT

### A. Good cause supports a 120-day extension of every remaining deadline.

32. First, Relator has a concrete and compelling explanation for the requested

modification. Mr. Kolar's extended medical illness and subsequent medical retirement were unexpected events that materially changed the staffing of Relator's counsel team. Ms. Ayers's assumption of both her own matters and Mr. Kolar's matters has required a responsible transition of a large, document-intensive, multi-defendant federal action. This request is made to allow counsel to prosecute the case diligently and competently—not to obtain tactical delay.

33. Second, the requested extension is important. The case involves eleven defendants, related individuals and entities, multiple geographic locations, substantial electronic and financial discovery, and alleged conduct extending over many years. A 120-day extension will permit orderly review of production, completion of discovery, preparation for depositions, and resolution of discovery issues without unnecessary motion practice.

34. Third, the requested extension will not unfairly prejudice Defendants. Relator seeks a uniform, finite extension of all unexpired deadlines, so the parties' remaining case-management obligations will move together. Any inconvenience from adjustment is outweighed by the need for an orderly discovery process and can be cured by the requested continuance. *See S&W Enters.*, 315 F.3d at 536. Additionally, at least one Defendant has asked for 45 additional days to respond to Relator's discovery requests. This will push depositions back to later in the fall.

35. Fourth, a 120-day continuance is the practical and least disruptive means to cure any potential prejudice while allowing counsel to complete the transition, conduct necessary discovery, and prepare the case for the deadlines that follow.

**B. <u>Leave for up to twenty depositions is warranted and proportional</u>.**

36. The presumptive ten-deposition limit is insufficient for Relator to obtain nonduplicative testimony in this case. The complaint names eleven defendants, several of whom are alleged to have played distinct roles in the provider-contracting, billing, management, and alleged

retaliation conduct. Depositions of appropriate corporate representatives and individual actors alone may exhaust the presumptive limit.

37. In addition, Relator reasonably anticipates the need to depose key nonparty witnesses with distinct firsthand knowledge, including medical providers, former or current SWK personnel, and other witnesses identified in the pleadings—such as Dr. Abdur Rauf, Dr. Juan Garcia, Dr. Asim Zamir, Dr. Vahid Mirafzali, Dr. Federico Valderrama-Bazan, Luis Ibarra, Annelise Hernandez, Dr. Ruben Roncallo, and Dr. Kazim Hussain. The anticipated testimony concerns, among other matters, provider selection and recruitment, medical services and billing, relationships among the individual and entity defendants, alleged kickback arrangements, and the factual basis of Relator's retaliation claims.

38. The requested additional depositions are neither cumulative nor speculative. Different defendants and nonparty witnesses are alleged to possess different firsthand knowledge. Written discovery cannot adequately substitute for live testimony concerning who made particular decisions, the purpose of transactions and communications, knowledge and intent, the authenticity and meaning of electronic records, and the relationships among the individuals and entities. Relator will conduct depositions efficiently, avoid duplicative questioning, coordinate to minimize burden, and comply with the time limits in Rule 30(d)(1) unless further relief is separately sought.

39. The request for up to twenty depositions is modest in relation to the number of parties, witnesses, entities, locations, years of alleged conduct, and discovery subjects. It gives the parties and the Court a clear cap while retaining the Rule 26(b)(2) protections against undue burden, duplication, and disproportionate discovery. *See Barrow*, 202 F.R.D. at 482–83; *TIGI Linea Corp.*, 2021 WL 2662236, at *7-8 (allowing additional depositions where the requested witnesses were the only individuals able to provide testimony on specific, highly relevant

subjects and their testimony was neither cumulative nor obtainable through less burdensome means).

## IV. PROPOSED REVISED DEADLINES

Relator requests that every unexpired deadline in the operative Scheduling Order be extended by 120 calendar days, including discovery, dispositive-motion, expert-disclosure, mediation, pretrial, and trial-related deadlines, as applicable. To facilitate entry of an amended scheduling order, Relator proposes the following schedule:

| Event | Current Deadline | Proposed Deadline (current + 120 days & commuting any non-business days) |
|---|---:|---:|
| Fact discovery deadline | November 6, 2026 | March 8, 2027 |
| Written settlement offer | December 4, 2026 | April 5, 2027 |
| Settlement offer response | December 28, 2026 | April 27, 2027 |
| Expert disclosures | February 8, 2027 | June 8, 2027 |
| Objections to expert's proposed testimony | February 22, 2027 | June 22, 2027 |
| Rebuttal expert disclosures | May 5, 2027 | September 2, 2027 |
| Objections to rebuttal expert disclosures | May 19, 2027 | September 16, 2027 |
| Expert discovery closes | July 2, 2027 | November 1, 2027 |
| Dispositive motions | September 3, 2027 | January 3, 2028 |
| Meet and confer / pre-trial deadlines | January 3, 2028 | May 2, 2028 |
| Exchange proposed jury charge | February 1, 2028 | May 31, 2028 |

| Event | Current Deadline | Proposed Deadline (current + 120 days & commuting any non-business days) |
|---|---|---|
| Exchange draft motions in limine | February 1, 2028 | May 31, 2028 |
| Objections to jury charge | February 11, 2028 | June 12, 2028 |
| Motions in Limine to the court | February 11, 2028 | June 12, 2028 |
| Joint pre-trial order | March 3, 2028 | July 3, 2028 |
| Final pre-trial conference | March 17, 2028 | July 17, 2028 |
| Jury selection | June 2, 2028 | September 19, 2028 |
| Jury trial commences | June 5, 2028 | October 2, 2028 |

## V. RELIEF REQUESTED

For these reasons, Relator respectfully requests that the Court:

1. extend each unexpired deadline in the operative Scheduling Order by 120 calendar days;
2. Grant Relator leave under Rule 30(a)(2)(A)(i) to take up to twenty depositions total, subject to the Federal Rules of Civil Procedure and further order of the Court; and
3. Grant Relator any other and further relief to which she is entitled that would aid or ease this scheduling and discovery taking, and/or any other relief to which she is entitled or would be just.

## VI. CONCLUSION

The requests for additional time and additional deposition slots solve the same practical problem. This multi-defendant FCA/retaliation action requires separate organizational discovery, individual-defendant discovery, and testimony from nonparty witnesses with distinct knowledge. Multiple Rule 30(b)(6) depositions consume much of the presumptive

deposition allotment before Plaintiff reaches the individual decision-makers. At the same time, meaningful examination of those witnesses requires receipt and review of Defendants' document productions first. Discovery was already slowed by prior lead counsel's health-related unavailability, ESI collection remains ongoing, and the present schedule compresses outstanding production, document review, and numerous depositions against a November 6 cutoff. The present record provided by the Plaintiff identifies specific witnesses and specific subject areas, rather than merely requesting twenty depositions in the abstract. This constitutes good cause to extend the time frame for completion and the number of deposition slots.

## VII. RELIEF REQUESTED

For these reasons, Relator respectfully requests that the Court:

1. extend each unexpired deadline in the operative Scheduling Order by 120 calendar days;
2. Grant Relator leave under Rule 30(a)(2)(A)(i) to take up to twenty depositions total, subject to the Federal Rules of Civil Procedure and further order of the Court; and
3. Grant Relator any other and further relief to which she is entitled that would aid or ease this scheduling and discovery taking, and/or any other relief to which she is entitled or would be just.

Respectfully submitted this 6th day of October, 2026,

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

*Counsel for Plaintiff-Relator Jana Garza*

## CERTIFICATE OF CONFERENCE

Pursuant to the applicable local rules, undersigned counsel certifies that between September 11 and September 25, 2026, counsel for Plaintiff-Relator engaged in ongoing conferring with counsel for Defendants by e-mail regarding this Motion.

/s/ Stephani Ayers

Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

*Counsel for Plaintiff-Relator Jana Garza*

**CERTIFICATE OF SERVICE**

I certify that on October 6, 2026, this Motion was filed through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

*Counsel for Plaintiff-Relator Jana Garza*

**[PROPOSED ORDER]**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JANA GARZA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00305-ADA-SH |
| | § | |
| **SOUTHWEST KEY PROGRAMS, INC.,** ***et al.*****,** | § | |
| | § | |
| Defendants. | § | |

**[PROPOSED] ORDER GRANTING PLAINTIFF-RELATOR'S MOTION TO EXTEND ALL REMAINING DEADLINES AND FOR LEAVE TO TAKE UP TO TWENTY DEPOSITIONS**

Before the Court is Plaintiff-Relator Jana Garza's Motion to Extend All Remaining Deadlines by 120 Days and for Leave to Take Up to Twenty Depositions. Having considered the Motion, the record, and applicable law, the Court finds that good cause exists.

IT IS ORDERED that the Motion is **GRANTED**.

1. Every unexpired deadline in the operative Scheduling Order is extended by 120 calendar days from its current date. The parties shall submit, if required, a revised proposed scheduling order reflecting the corresponding dates.

2. Plaintiff-Relator is granted leave under Federal Rule of Civil Procedure 30(a)(2)(A)(i) to take up to twenty depositions total. All depositions remain subject to the Federal Rules of Civil Procedure, including Rules 26(b)(1), 26(b)(2), and 30(d)(1), and to any further order of the Court.

SIGNED on ______________________________.

UNITED STATES DISTRICT JUDGE