**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**UNITED STATES OF AMERICA ex rel.**

**JANA GARZA,** Civil Action No. **1:25-cv-00305-ADA-SH**

Relator,
v.

**SOUTHWEST KEY PROGRAMS, INC., et al.,**

Defendants.

**RELATOR'S OPPOSITION TO DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE ORDER**

Relator Jana Garza respectfully opposes Defendants' Opposed Motion for Protective Order (ECF No. 118). Defendants seek a case-wide confidentiality order under Federal Rule of Civil Procedure 26(c) and Local Rule CV-26(c), but they have not made the particularized, document-specific showing that Rule 26(c) requires. The Motion identifies only broad categories of anticipated discovery and generalized concerns about privacy, reputation, commercial interests, and third parties. It does not identify particular responsive records, explain why a defined portion of any such record warrants protection, or demonstrate a concrete harm that would result from disclosure under ordinary discovery rules.

The Court should therefore deny the Motion. At minimum, the Court should decline to enter Defendants' proposed form order (ECF No. 118-1) without the targeted revisions set out below. Those revisions are necessary to ensure that any protection is limited to genuinely confidential material, that Defendants—not Relator—bear the burden to justify restrictions, and that a discovery designation does not become a substitute for the showing required to seal judicial records.

## I. Relevant Background

Defendants move under Rule 26(c) and Local Rule CV-26(c) for entry of the District's form protective order identified in their Motion as Appendix H-2. ECF No. 118 at 1–2, 4–5. Defendants state that discovery may involve four broad subject areas: employment files; internal-investigation materials; financial records; and records concerning unaccompanied migrant children's names, birthdates, medical conditions, and treatment. *Id.* at 3. They assert that unrestricted disclosure could cause privacy, reputational, commercial, and financial harm, but do not identify a particular responsive document or explain why a particular portion of a document requires protection. *See id.* at 3–4.

Defendants also represent that they do not seek to prevent relevant discovery, that not every responsive document requires confidential treatment, that publicly available information will be produced without a designation, and that Relator may challenge a designation. *Id.* at 4. Those general representations do not supply the required good-cause showing, and the proposed order contains provisions that sweep more broadly than those assurances.

## II. Governing Standard

Rule 26(c) permits a protective order only "for good cause" to protect a party or person from specified harms. Fed. R. Civ. P. 26(c)(1). The burden rests on the movant. *In re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*per curiam*). The movant must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quotation omitted).

The Western District of Texas applies the same rule. In *Homeland Insurance Co. of New York v. Clinical Pathology Laboratories, Inc.*, the court held that Rule 26(c)'s good-cause requirement places on the party seeking protection the burden to show the necessity of the requested order through a "particular and specific" factual demonstration, not conclusory

assertions. No. 1:20-CV-783-RP, Dkt. 200 at 8 (W.D. Tex. Dec. 5, 2022) (citing *Terra*). And when a party asserts that discovery should be restricted, it bears the burden of demonstrating that the requested restriction is warranted. *Id.* (quoting *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018)).

A discovery confidentiality designation also does not itself justify sealing material filed with the Court. The public's right of access to judicial proceedings is fundamental, and a court must make an individualized assessment rather than rely on a generalized confidentiality premise. *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 417–20 (5th Cir. 2021); *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519–22 (5th Cir. 2022).

**III. Defendants Have Not Shown Good Cause for a Case-Wide Protective Order.**

**A. *The Motion rests on broad categories and conclusory harms, not a particularized factual showing.***

The Motion identifies categories of material that may be responsive to discovery—personnel files, internal investigations, financial information, and some records concerning children—but category labels do not establish that every document in those categories, or every page of a document, is confidential. ECF No. 118 at 3. Nor do generalized predictions of reputational, commercial, financial, or privacy harm establish the necessity of a protective order. *Terra*, 134 F.3d at 306.

The Motion does not identify any particular document, recipient, disclosure risk, or specific injury. It does not explain why redaction, limited disclosure of narrowly identified information, or an individualized request for relief would be inadequate. Thus, Defendants have not supplied the particular and specific factual demonstration required by Rule 26(c). This is not an argument that legitimately sensitive personal or health information should be disclosed indiscriminately. Information such as names, dates of birth, medical details, account numbers, and tax-identification information can be addressed through targeted

redactions and appropriately tailored protection when Defendants identify the specific information at issue and a concrete need for protection. But Defendants' asserted interests do not justify preemptive, case-wide restrictions untethered to identified material.

**B. Local Rule CV-26(c) does not eliminate the Rule 26(c) good-cause burden.**

Defendants rely on Local Rule CV-26(c) and the Court's model forms. ECF No. 118 at 2, 4–5. The availability of a form order, however, does not replace Rule 26(c)'s threshold requirement that the party seeking protection show good cause. S*ee Terra*, 134 F.3d at 306; *Homeland Ins.*, No. 1:20-CV-783-RP, Dkt. 200 at 8. A form may be an appropriate starting point after good cause is shown; it is not a mechanism to impose broad restrictions based solely on the possibility that discovery may include private information.

**C. The Motion's assurances do not cure the proposed order's overbreadth.**

Defendants claim that they do not seek blanket designations, that public information will not be shielded, and that Relator may challenge designations. ECF No. 118 at 4. Those are nothing more claims in a motion; they should be operative, enforceable limitations. The proposed order instead belies these claims as it broadly defines protected information, permits automatic interim "For Counsel Only" treatment of all deposition transcripts and all material produced for inspection before designation, and imposes an improper burden on an objecting party who seeks to disclose material to an otherwise qualified person. ECF No. 118-1 §§ 1, 6, 9, 11(b).

**IV. In the Alternative, the Proposed Order Must Be Narrowed Before Entry.**

If the Court concludes that some protective order is appropriate despite the lack of required showing, the Relator requests that the Court deny entry of ECF No. 118-1 as written and require the following revisions.

**A. <u>Sections 1, 3, and 5 must require an identified, good-faith, and targeted basis for every designation</u>.**

Section 1 defines "Classified Information" to include information of any type that is designated "Confidential," "For Counsel Only," or "Attorneys' Eyes Only," including information designated by "supplying or receiving persons." ECF No. 118-1 § 1. Section 3(a) then permits a designation based on broad examples and a good-faith belief that information is confidential, including information that could potentially cause competitive or financial injury or third-party liability. *Id.* § 3(a). Section 5 permits document-wide stamping without requiring that the designation be confined to the information actually requiring protection. *Id.* § 5. Those provisions should be revised to require that a producing or disclosing person: (1) designate only nonpublic information for which it has a good-faith, particularized basis; (2) identify the specific pages, fields, or portions that warrant protection; and (3) use redaction or partial designation when only discrete information is confidential. Information should not become protected merely because it concerns employment, an investigation, finances, medical care, or private affairs.

**B. <u>The heightened "For Counsel Only" / "Attorneys' Eyes Only" tier requires a separate, particularized showing</u>.**

Section 3(b) permits heightened protection for information believed to be unknown to the opposing party or any employee of a corporate party and lists broad business-related examples. ECF No. 118-1 § 3(b). The provision does not require the designating party to explain why disclosure to a particular litigation participant would cause a concrete harm, or why an ordinary confidentiality designation would be inadequate.

The Court should require a separate, particularized justification for any heightened tier, tied to the identified material and recipient. A party can not be excluded from

information necessary to litigate the case simply because the information falls within a broad example in Section 3(b).

**C. <u>Sections 6 and 9 should not impose automatic "For Counsel Only" treatment on all deposition transcripts or all inspection materials.</u>**

Section 6 gives every deposition transcript automatic "For Counsel Only" treatment for 30 days after initial receipt. ECF No. 118-1 § 6. Section 9 automatically treats all documents produced for inspection before designation as "For Counsel Only." *Id.* § 9. Both provisions impose blanket restrictions before any person identifies material requiring protection. First, to exclude a party from seeing *any* material relevant to her case is an unacceptable infringement on the attorney-client relationship and any provision including the Relator as restricted must be deleted. If interim treatment is necessary in a particular circumstance to others, it should be short, definite, and limited to specifically identified material, with a final designation by page and line (for testimony) or by page, field, or portion (for documents).

**D. <u>Section 11 must preserve the designating party's burden and provide a fair, prompt challenge procedure.</u>**

Section 11(a) usefully requires the designating party to move to preserve a challenged designation within 14 days, but it should expressly require that party to establish the particular basis for continued protection. ECF No. 118-1 § 11(a). Section 11(b), however, places the burden on the objecting party to move within 21 days and to show that disclosure to a proposed Qualified Person would create a "substantial risk of harm." *Id.* § 11(b). That reverses the Rule 26(c) burden. The party seeking to restrict disclosure must identify the material, the proposed recipient, and the particularized harm it claims will result from disclosure. *Terra*, 134 F.3d at 306; *Homeland Ins.*, No. 1:20-CV-783-RP, Dkt. 200 at 8. The Court should revise Section 11 to require: prompt written notice identifying the specific material and proposed recipient; a defined meet-and-confer period; a short deadline for the

party seeking continued restriction to move; and a requirement that any interim restriction remain limited to the identified material and recipient while the dispute is promptly presented.

**E. Sections 12 and 13 must make clear that a confidentiality designation does not authorize sealing.**

Sections 12 and 13 address filing "classified" material and instruct the Clerk to maintain certain designated material under seal, subject to sealing requirements. ECF No. 118-1 §§ 12–13. U.S. court proceedings are presumptively public. These provisions should state expressly that a discovery designation, standing alone, does not authorize filing under seal or restrict public access to a judicial record. Any party seeking sealing or redaction must be required to comply with the Court's governing procedures, seek only narrowly tailored relief, and file a public redacted version where practicable. *See Binh Hoa Le*, 990 F.3d at 417–20; *June Medical*, 22 F.4th at 519–22.

**F. Sections 7, 8, 14, 15, and 17 require clarifying limits.**

The remaining provisions should also be narrowed and clarified as follows:

1. **Section 7:** Permit secure electronic storage and ordinary litigation workflows; limit copy-log obligations to identified recipients of properly justified higher-tier material.
2. **Section 8:** Require prompt written notice and a stated basis for any late designation, apply the designation prospectively from notice, and preserve relief for prejudice caused by delay.
3. **Section 14:** Permit counsel to retain a secure archival case file, work product, materials subject to legal-retention obligations, and routine backup material that is not reasonably accessible, all subject to any continuing valid restriction.
4. **Section 15:** Provide a practical procedure for seeking modification or dissolution of continuing restrictions after final disposition.

5. **Section 17:** Limit responsibility to a party's own disclosure and failure to take specified reasonable steps, rather than imposing unclear responsibility for persons outside that party's practical control.

**V. Requested Relief**

Relator respectfully requests that the Court:

1. **deny** Defendants' Opposed Motion for Protective Order (ECF No. 118);
2. in the alternative if the Court does not agree there are material failures in the Defendants' filing, decline to enter the proposed order at ECF No. 118-1 and direct the parties to submit a materially narrowed proposed order consistent with Rule 26(c), the Fifth Circuit's particularized-good-cause standard, and the revisions identified above; and
3. grant Relator all other relief to which she is entitled.

Respectfully submitted,

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

*Counsel for Plaintiff-Relator Jana Garza*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Relator conferred with counsel for Defendants regarding the relief requested in this response. Defendants' Motion states that Relator opposes entry of the proposed protective order. ECF No. 118 at 1.

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, this document was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ Stephani Ayers
Stephani L. Ayers