**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JANA GARZA** | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00305-ADA-SH |
| **SOUTHWEST KEY PROGRAMS, INC.,** ***et al.,*** | ) | |
| Defendants. | ) | |

**PLAINTIFF-RELATOR'S [REDRAFTED] PARTIALLY OPPOSED MOTION TO EXTEND ALL REMAINING DEADLINES BY 120 DAYS AND FOR LEAVE TO TAKE UP TOTWENTY DEPOSITIONS**[1]

Plaintiff-Relator Jana Garza ("Relator") moves under Federal Rules of Civil Procedure 6(b)(1), 16(b)(4), 26(b)(1), 26(b)(2), and 30(a)(2)(A)(i) for an order: (1) extending every unexpired deadline in the operative Scheduling Order by 120 calendar days; and (2) permitting Relator to take up to twenty depositions total. Good cause supports the requested, finite extension, and the requested deposition limit is proportional to the needs of this multi-defendant False Claims Act ("FCA") and retaliation action.

Discovery has been materially slowed by the prolonged illness and forced medical retirement of Relator's lead counsel. Relator is working to remedy the resulting delays, but Defendants have requested additional time to produce documents, and some have taken the position that they will not produce documents without a protective order. Those circumstances threaten Relator's planned depositions and her opportunity to review the documents needed to conduct them effectively.

[1] Plaintiff submits this 10 page Motion to substitute for her October 6, 2026 Motion to Extend.

## I. RELEVANT BACKGROUND

### A. This action involves a broad, multi-defendant alleged scheme and extensive discovery.

This FCA action alleges kickbacks, conflicts of interest, self-dealing, and fraudulent procurement involving federally funded medical-provider contracts for shelters operated by Defendant Southwest Key Programs, Inc. ("SWK"). The First Amended Complaint names eleven defendants: SWK; Alyssa Hernandez; Diego Naranjo; Divine Family Care, PLLC; Eder Francisco Hernandez; Fanny Rosa Figueroa; Geraldo Rivera; Migdal Eder, LLC; Trinity Health Services, PLLC; Diego Naranjo d/b/a UC Health Consultants; and Valley Med Urgent Care, PLLC. *See* First Am. Compl. at 1, 4–7.

The events span more than a decade and concern operations in multiple states, numerous medical-provider relationships, federal cooperative agreements, treatment authorizations, billing records, electronic medical-record systems, metadata, and communications. *See id.* ¶¶ 1–2, 38–40, 58–66, 180–87. The pleadings also identify nonparty witnesses who may have distinct firsthand information about provider recruitment, contract awards, payments, billing, and retaliation.

### B. Lead counsel's illness and retirement required an unforeseen transition.

Since entry of the current Scheduling Order, Government Accountability Project Litigation Director John A. Kolar—Relator's lead counsel responsible for this matter—has suffered a prolonged, intensive illness that included hospitalizations during the past winter and spring. Brief periods of apparent respite were followed by an escalation of illness and additional diagnoses that exacerbated one another. By June 2026, Mr. Kolar had to medically retire from practice and formally transition his cases to Deputy Litigation Director Stephani Ayers. His illness and unavailability substantially slowed discovery in this action.

Ms. Ayers assumed responsibility for Mr. Kolar's litigation and administrative matters, including this action, of which she previously had only basic knowledge. She did so while

continuing to handle her existing matters, increasing her docket and work load by approximately 40–50%. The transition required counsel to collect, review, and organize an extensive case record; assume discovery and case-management responsibilities previously handled by Mr. Kolar; and address immediate staffing shortages to minimize delay. Relator is recovering from the resulting slowdown and working to remedy it.

The parties have commenced written discovery. Relator served discovery in September expecting to receive documents in time for depositions planned for late October and early November. That schedule is now threatened because Defendants have requested more time to produce documents and some Defendants have said they will not timely produce documents without a protective order.

**C. Discovery production and the protective-order dispute threaten the deposition schedule.**

The Hernandez Defendants and SWK have noticed Garza's deposition for November 5, 2026, in Houston, Texas. Relator served notices for six proposed deponents, targeting the last week of October and early November: SWK under Rule 30(b)(6); Trinity Health Services under Rule 30(b)(6); UC Health/Naranjo under Rule 30(b)(6); Migdal Eder under Rule 30(b)(6); Divine Family Care under Rule 30(b)(6); and Dr. Antonio Diaz.

The Naranjo Defendants seek a 30-day extension for their discovery responses. Their offer of a reciprocal 30-day extension for Relator provides no additional time for Relator to review Naranjo's produced documents. Other Defendants have also sought additional time. Without an extension, Relator risks either not receiving, or receiving without adequate review time, large productions from multiple Defendants before the contemplated depositions.

The protective-order dispute compounds that problem. Defendants filed an opposed motion concerning confidentiality of the requested materials on October 1, 2026. That filing leaves less than a month for Relator to brief opposition, Defendants to reply, the Court to consider the briefing and rule, and Defendants to designate and produce documents for Relator to review

before multiple depositions and the November 6, 2026 discovery cutoff. Some Defendants have stated they will not produce documents without a protective order. The present record provides no reliable universal production date for all Defendants and supports that substantive discovery may not be available sufficiently in advance of the currently contemplated depositions.

Defendants have also sought additional time concerning discovery and Garza's examination. Defendants requested ten hours to depose Garza, rather than the shorter examination contemplated by Relator's team. Relator was inclined to accommodate that request if the examination were divided into two consecutive five-hour sessions.

**D. Relator conferred with Defendants; their last stated positions differ.**

Relator's counsel engaged in ongoing email conferral with defense counsel between September 11 and September 25, 2026. Although some Defendants initially appeared open to agreement or invited additional information, their positions changed or they did not respond after Relator supplied further detail.

**SWK.** On September 15, counsel for SWK opposed both the 120-day extension and depositions beyond the number permitted by the Federal Rules. SWK stated that it remained willing to discuss reasonable deposition scheduling after the current November 6, 2026 discovery deadline. *See* Attachment B.

**Naranjo Defendants.** On September 10, counsel for Diego Naranjo, Divine Family Care, and Trinity Health Services initially indicated a willingness to agree to approximately three months of additional time in connection with their own request for more time to respond to discovery. On September 16, they then opposed and offered only a 30-day extension of fact discovery, with other deadlines unchanged, conditioned on Relator agreeing to 30-day extensions of their deadlines to respond to Relator's pending written discovery. They did not see a need for depositions beyond the Federal Rules' limit but said they would consider the request if Relator identified the proposed deponents or entities and explained the need. On

September 25, Relator sent a detailed explanation addressing the number of defendants, lead counsel's illness and retirement, document-review constraints, and proposed witnesses. Counsel for the Naranjo Defendants did not reply. *See* Attachment A.

**Hernandez Defendants.** On September 18, counsel for Alyssa Hernandez, Eder Francisco Hernandez, Migdal Eder, and Valley Med Urgent Care opposed the motion. Counsel indicated that the position could be revisited if Relator narrowed the request and identified the additional deponents and reasons for deposing them. On September 25, Relator sent Defendants a detailed explanation of the need for additional time and depositions. No Defendant responded to that information. *See* Attachment C.

Thus, SWK opposed both requests but remained willing to discuss reasonable deposition scheduling after the existing cutoff; the Naranjo Defendants opposed the requested extension and offered a conditional 30-day fact-discovery extension; and the Hernandez Defendants opposed the motion but indicated that they might reconsider upon receiving further information.

**E. <u>The case requires distinct organizational, individual, and nonparty testimony.</u>**

The case involves organizational and individual defendants, and both qui tam/fraud and retaliation claims. Relator's team has identified a need for organizational, individual fact, and expert testimony. Five organizational depositions are already identified: SWK, Trinity, UC Health/Naranjo, Migdal Eder, and Divine Family Care. Those five depositions alone consume half of the presumptive ten-deposition limit, before the individual decision-makers and core third-party witnesses are reached.

Relator estimates that approximately 15–20 depositions may be required to conduct fact discovery adequately. The first-tier additional individual witnesses identified to Defendants, and the distinct subjects for which their testimony is sought, include:

*Anselmo Villarreal*, SWK's CEO: shelter-contract decisions, procurement and conflict policies, knowledge of Garza's complaints, and retaliation or motive;

*Gary Wilder*, a procurement specialist: procurement, contract awards and terminations, relevant decision-making, and internal discussions following Garza's complaints;

*Daniel De La Cruz*: operations and decision-making following Fanny Figueroa's departure, shelter contracts, medical services, Garza's concerns, and De La Cruz's subsequent relationship with Naranjo; and

*Diego Naranjo individually*, if corporate testimony does not cover the relevant issues: Houston shelters, communications with SWK decision-makers, and possible preferential or informal arrangements.

A second-tier working list, drawn from the complaint, includes "Doctor B," Will Anderson, Alyssa Hernandez, Kimberlyn Luke, Lizardle Corderi Guerrero, and potentially Fanny Figueroa. These are potential witnesses, not a representation that every listed person will necessarily be deposed.

Relator also reasonably anticipates the need to depose key nonparty witnesses with distinct firsthand knowledge, including medical providers, former or current SWK personnel, and other witnesses identified in the pleadings. They include Dr. Abdur Rauf, Dr. Juan Garcia, Dr. Asim Zamir, Dr. Vahid Mirafzali, Dr. Federico Valderrama-Bazan, Luis Ibarra, Annelise Hernandez, Dr. Ruben Roncallo, and Dr. Kazim Hussain. Their anticipated testimony concerns provider selection and recruitment, medical services and billing, relationships among the individual and entity defendants, alleged kickback arrangements, and the factual basis of Relator's retaliation claims. Relator seeks up to twenty depositions total, as an outside limit to address the demonstrated need—not twenty additional depositions and not a prediction that all twenty will be taken.

## II. GOVERNING LEGAL STANDARDS

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The principal measure of good cause is diligence: the movant must show that, despite diligence, the deadline could not reasonably be met. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). The Fifth Circuit evaluates good cause by considering "(1) the explanation for the failure to timely [act]; (2) the importance of the [requested relief]; (3) potential prejudice in allowing the [relief]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (alterations in original). Relator also invokes Rule 6(b)(1) in seeking the requested extension.

The Court may grant leave to take more than the presumptive 10 deposition limit. Fed. R. Civ. P. 30(a)(2)(A)(i). In deciding whether additional depositions are warranted, the Court applies Rule 26(b)(1) and (b)(2), including proportionality and anti-duplication principles. A movant should make a particularized showing that the proposed witnesses have necessary, noncumulative information that is not reasonably obtainable through less burdensome means. *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482–83 (N.D. Tex. 2001); *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, No. 4:19-CV-840-RWS-KPJ, 2021 WL 2662236, at *4–8 (E.D. Tex. June 29, 2021).

## III. ARGUMENT

### A. Good cause supports a 120-day extension of every unexpired deadline.

**The circumstances causing delay were unexpected, and Relator is working diligently to address them.** Mr. Kolar's extended illness and forced medical retirement materially changed the staffing of Relator's counsel team. Ms. Ayers had to assume Mr. Kolar's matters, including this document-intensive, multi-defendant action, while managing her own docket and addressing staffing shortages. The transition required counsel to take over the case

record, discovery, and case management. Relator seeks time to prosecute the case diligently and competently, not tactical delay.

**The requested extension is important to orderly discovery and case preparation.** This action involves eleven defendants, related individuals and entities, multiple geographic locations, substantial electronic and financial discovery, and alleged conduct extending over many years. A uniform 120-day extension would allow meaningful review of productions, completion of discovery, preparation for depositions, and resolution of discovery issues without unnecessary motion practice.

**The extension will not unfairly prejudice Defendants.** Relator seeks a finite extension of all unexpired deadlines so that the parties' remaining case-management obligations move together. The inconvenience of an adjusted schedule is outweighed by the need for orderly discovery and can be cured by the continuance. *See S&W Enters.*, 315 F.3d at 536. Defendants themselves have requested more time: the Naranjo Defendants seek a 30-day extension for discovery responses, and at least one Defendant has sought 45 additional days to respond to Relator's discovery requests. Those requests would push depositions later in the fall in any event.

**A continuance is the practical means of curing the prejudice.** Extending the deadlines by 120 days will give counsel time to complete the transition, obtain and review productions, conduct necessary discovery, and prepare for the subsequent deadlines. Given the absence of a reliable universal production date and the pending protective-order dispute, a shorter or piecemeal adjustment would not adequately address the problem.

**B. Leave to take up to twenty depositions is warranted and proportional.**

The presumptive ten-deposition limit is insufficient to obtain the distinct testimony reasonably required in this case. The complaint names eleven defendants, several alleged to have played different roles in provider contracting, billing, management, and retaliation.

Depositions of the appropriate organizational representatives and individual actors may alone exhaust the presumptive limit. Five organizational depositions are already identified, before individual decision-makers, nonparty fact witnesses, and expert testimony are considered.

Relator has identified concrete witnesses and subjects—not a speculative desire for additional discovery. The listed corporate representatives, individual witnesses, and nonparty witnesses have different firsthand knowledge. The anticipated testimony concerns, among other subjects, who made particular decisions; the purpose of transactions and communications; knowledge and intent; provider selection and recruitment; medical services and billing; alleged kickback arrangements; the authenticity and meaning of electronic records; relationships among individuals and entities; and the factual basis of the retaliation claims. Written discovery cannot adequately substitute for live testimony on those subjects. The request is also a maximum, not a commitment to depose each person identified. Relator will conduct depositions efficiently, avoid duplicative questioning, and coordinate to minimize burden. She will comply with Rule 30(d)(1)'s time limits unless she separately seeks further relief.

A limit of twenty depositions total is modest in relation to the parties, witnesses, entities, locations, years of alleged conduct, and discovery subjects. It provides a clear cap while preserving Rule 26(b)(2)'s protections against undue burden, duplication, and disproportionate discovery. *See Barrow*, 202 F.R.D. at 482–83; *TIGI Linea Corp.*, 2021 WL 2662236, at *7–8.

## IV. PROPOSED REVISED DEADLINES

Relator requests that every unexpired deadline in the operative Scheduling Order be extended by 120 calendar days, including applicable discovery, dispositive-motion, expert-disclosure, mediation, pretrial, and trial-related deadlines. To facilitate an amended scheduling order, Relator proposes the following dates:

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Fact discovery deadline | November 6, 2026 | March 8, 2027 |
| Written settlement offer | December 4, 2026 | April 5, 2027 |
| Settlement offer response | December 28, 2026 | April 27, 2027 |
| Expert disclosures | February 8, 2027 | June 8, 2027 |
| Objections to expert's proposed testimony | February 22, 2027 | June 22, 2027 |
| Rebuttal expert disclosures | May 5, 2027 | September 2, 2027 |
| Objections to rebuttal expert disclosures | May 19, 2027 | September 16, 2027 |
| Expert discovery closes | July 2, 2027 | November 1, 2027 |
| Dispositive motions | September 3, 2027 | January 3, 2028 |
| Meet and confer / pretrial deadlines | January 3, 2028 | May 2, 2028 |
| Exchange proposed jury charge | February 1, 2028 | May 31, 2028 |
| Exchange draft motions in limine | February 1, 2028 | May 31, 2028 |
| Objections to jury charge | February 11, 2028 | June 12, 2028 |
| Motions in limine to the Court | February 11, 2028 | June 12, 2028 |
| Joint pretrial order | March 3, 2028 | July 3, 2028 |
| Final pretrial conference | March 17, 2028 | July 17, 2028 |
| Jury selection | June 2, 2028 | September 19, 2028 |
| Jury trial commences | June 5, 2028 | October 2, 2028 |

## V. RELIEF REQUESTED AND CONCLUSION

The extension and additional deposition slots address the same practical problem. This multi-defendant FCA and retaliation action requires organizational discovery, individual-defendant discovery, and testimony from nonparty witnesses with distinct knowledge. The identified Rule 30(b)(6) depositions consume much of the presumptive allotment before Relator reaches individual decision-makers. Meaningful examination also requires receipt and review of Defendants' productions. Discovery was slowed by lead counsel's health-related unavailability; ESI collection remains ongoing; and the present schedule compresses production, review, and numerous depositions before the November 6, 2026 cutoff. Relator has

identified specific witnesses and subjects, rather than seeking twenty depositions in the abstract. Good cause supports both requests.

Relator respectfully asks the Court to:

1. Extend every unexpired deadline in the operative Scheduling Order by 120 calendar days;
2. Grant Relator leave under Rule 30(a)(2)(A)(i) to take up to twenty depositions total, subject to the Federal Rules of Civil Procedure and further order of the Court; and
3. Grant such other and further relief as the Court deems appropriate to facilitate scheduling and discovery.

Respectfully submitted this 9th day of October, 2026.

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

Counsel for Plaintiff-Relator Jana Garza

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

Pursuant to the applicable local rules, undersigned counsel certifies that, between September 11 and September 25, 2026, counsel for Plaintiff-Relator engaged in ongoing conferral with counsel for Defendants by email regarding this Motion.

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

Counsel for Plaintiff-Relator Jana Garza

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, this Motion was filed through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Stephani Ayers
Stephani L. Ayers
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

Counsel for Plaintiff-Relator Jana Garza