EX. C

## Kristin Berg

**From:** Stephani Ayers
**Sent:** Friday, September 25, 2026 11:45 AM
**To:** Tomas Tijerina; Kristin Berg
**Cc:** Marianne Fichtel; Carlos Doroteo; Cleveland Lawrence III; Richard Condit; Milpa Law; Toni-Ann Ocloo; Samantha Garza; Benigno (Trey) Martinez
**Subject:** Re: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Hi Tomas:

Sorry, I'm new here; I was in trial when you wrote and getting caught up this week; what disclosures are you referencing?

I have included what I think is the requested information on the whys. We are doing what we can to focus our efforts, but I am including our rough reasonably necessary list. One, we will know more when people tell us who their identified 30b6 deponents are. Two, we also know some people may not be available, so 20 is our best most conservative number that we think also avoids us having to ask the court a second time. Please let me know.

As far as the basis, here is what I have roughly documented on timing and deposition #:

I. On Timing Requests

A. The case is unusually complex and has numerous defendants and claims

Our team specifically identified the combination of multiple defendants, organizational and individual defendants, and both qui tam/fraud and retaliation claims as reasons that ordinary discovery limits and timing are inadequate. The case has eight defendants alone and both qui tam and retaliation claims; and it has a mixture of organizations and individuals and as a result we need organizational level testimony, individual testimony and facts, and possibly expert level testimony.

B. Jack's health/unavailability substantially slowed discovery

Jack Kolar was our lead counsel; I am a recent substitution. Jack had unexpected medical issues that then compounded and became unpredictable this summer. We had hopes he would return and from time to time it seemed like he might be able. We didn't know he was going to have to be fully out of the case until more recently. Finally, after months of trying to stay with us, he ended up having to medically retire; as a result I had to fill in for all of his docket in addition to my own case load, and we had not limited cases on any knowledge or belief he wouldn't be here at all in the fall.

C. Discovery needs to occur in a sequential fashion

The timing problem is not simply the number of tasks. I think we all agree we need responsive documents before meaningful depositions can be completed. We have some defendants who want more time to respond to document discovery but if we were to agree to that, it would leave us in a bad position of days


EX. C

to review documents and conduct depositions. Seven days, including a weekend, to review all documents and take depositions under one proposed schedule is very problematic with our current workload. We want to be responsive to other defendant's needs, but without additional time, we cannot, give any allowances ourself. But the realities are then we won't have the necessary documentation in time as productions will likely suffer.

D. The discovery schedule is genuinely compressed

The operative fact-discovery deadline is November 6, 2026.

II. On number of depositions

Our own team concluded that the necessary depositions easily exceed ten, with an estimate that approximately 15–20 may be necessary because the case requires a mixture of Rule 30(b)(6) witnesses and individual witnesses across 8 defendants.

A. Depositions already identified/noticed

The current list identifies:

1. Southwest Key Rule 30(b)(6)
2. Trinity Rule 30(b)(6)
3. UC Health/Naranjo Rule 30(b)(6)
4. Migdal Eder Rule 30(b)(6)
5. Divine Family Care Rule 30(b)(6)
6. Dr. Antonio Diaz - AKA "Doctor A"

B. Additional Witnesses

That's before the additional critical individual witnesses. (here are our current thoughts with a rough list of topics-- not final list)

Anselmo Villarreal, Southwest Key CEO. Testimony concerning ultimate decision-making on shelter contract awards, including shifting Houston shelters from Garza to Naranjo; procurement/conflict policies; knowledge of Garza's complaints; and potential retaliation/motive.

Gary Wilder, Southwest Key procurement specialist. Necessary to explain the procurement process, criteria for awarding and terminating shelter contracts, authenticate and explain award/termination letters, address the CEO's role in the Houston decision, and examine knowledge of retaliation concerns or internal discussions following Garza's complaints.

Daniel De La Cruz, former director/interim leader. His anticipated testimony concerns operations and decision-making after Fanny Figueroa's departure, management of shelter contracts and medical services, internal practices, Garza's concerns, and his subsequent relationship with Naranjo.

Diego Naranjo individually, if his testimony is not adequately encompassed by a 30(b)(6) deposition or if he is forced to appear separately. His testimony would concern how and why he received the Houston shelters, his communications with Southwest Key decision-makers concerning Garza, and potential preferential treatment or informal arrangements.

Those witnesses alone demonstrate the basic problem: the necessary corporate depositions may substantially consume the presumptive ten before we can depose the individual decision-makers and fact witnesses.

---

C. Additional potential witnesses supporting needing more slots

The second-tier list further explains why asking for 20 is supported by the realities.

- "Doctor B," the dentist comparator reference in complaint: potential second comparator evidence, potentially supporting a pattern involving contract awards.
- Alyssa Hernandez: early events involving the Houston shelter arrangement and relationship among the relevant actors
- Eder Hernandez: same
- Kimberlyn Luke (see Lizardle)
- Lizardle Corderi Guerrero: additional internal context concerning Southwest Key practices, controls, policy compliance, and alleged irregularities
- Fanny Figueroa: potentially relevant to earlier operational/procurement practices and as a baseline against later practices, although our current list says she is unavailable, we have commissioned the equivalent of skip-tracing.
- Nelson Lazano

The requested extension and additional depositions are interrelated. This is a multi-defendant FCA and retaliation action requiring discovery from organizational defendants through Rule 30(b)(6), from the individual defendants, and from nonparty witnesses with distinct knowledge of procurement, contract awards, alleged referral/pay-to-play arrangements, Garza's complaints, and the challenged decisions. Multiple organizational depositions alone consume a substantial portion of the presumptive ten-deposition limit. The remaining 4 slots are insufficient to examine the relevant decision-makers, procurement personnel, comparators, and other fact witnesses. Compounding that problem, discovery was substantially slowed by prior lead counsel's health-related unavailability, substantial document and ESI collection remains ongoing, and meaningful depositions require receipt and review of defendants' productions first.

Stephani

---

**From:** Tomas Tijerina <ttijerina@mbmtlawfirm.com>
**Sent:** Friday, September 18, 2026 2:07 PM
**To:** Kristin Berg <kristinb@whistleblower.org>
**Cc:** Stephani Ayers <Stephania@whistleblower.org>; Marianne Fichtel <mariannef@whistleblower.org>; Carlos Doroteo <carlos@milpalaw.com>; Cleveland Lawrence III <clawrence@findjustice.com>; Richard Condit <rcondit@findjustice.com>; Milpa Law <hola@milpalaw.com>; Toni-Ann Ocloo <tocloo@findjustice.com>; Samantha Garza <sam@mbmtlawfirm.com>; Benigno (Trey) Martinez <trey@mbmtlawfirm.com>
**Subject:** Re: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

Good afternoon,
Given the broad nature of the request, and considering we have not received your disclosures, we are opposed.  I could revisit this in the event your request are limited and the individuals and reasons for the extra depositions are made clearer.

-TT

**Kristin Berg**

| | |
|---|---|
| **From:** | Tomas Tijerina <ttijerina@mbmtlawfirm.com> |
| **Sent:** | Friday, September 18, 2026 2:08 PM |
| **To:** | Kristin Berg |
| **Cc:** | Stephani Ayers; Marianne Fichtel; Carlos Doroteo; Cleveland Lawrence III; Richard Condit; Milpa Law; Toni-Ann Ocloo; Samantha Garza; Benigno (Trey) Martinez |
| **Subject:** | Re: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit |

Good afternoon,
Given the broad nature of the request, and considering we have not received your disclosures, we are opposed. I could revisit this in the event your request are limited and the individuals and reasons for the extra depositions are made clearer.

-TT

---

**From:** Kristin Berg <kristinb@whistleblower.org>
**Date:** Thursday, September 17, 2026 at 2:17 PM
**To:** Tomas Tijerina <ttijerina@mbmtlawfirm.com>
**Cc:** Stephani Ayers <Stephania@whistleblower.org>; Marianne Fichtel <mariannef@whistleblower.org>; Carlos Doroteo <carlos@milpalaw.com>; Cleveland Lawrence III <clawrence@findjustice.com>; Richard Condit <rcondit@findjustice.com>; Milpa Law <hola@milpalaw.com>; Toni-Ann Ocloo <tocloo@findjustice.com>; Samantha Garza <sam@mbmtlawfirm.com>; Benigno (Trey) Martinez <trey@mbmtlawfirm.com>
**Subject:** RE: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Tomas,

Thank you for the update. Let us know the defendants' position when you are able.

Best,

**Kristin Berg**
*Paralegal*
Government Accountability Project
1612 K St., NW, Suite 808
Washington, DC 20006
Main Office Number: (202) 457-0034
My Direct Line: (202) 449-6040
E-mail: Kristinb@whistleblower.org
Website: http://www.whistleblower.org
Pronouns: she/her/hers

**From:** Tomas Tijerina <ttijerina@mbmtlawfirm.com>
**Sent:** Wednesday, September 16, 2026 4:18 PM
**To:** Kristin Berg <kristinb@whistleblower.org>
**Cc:** Stephani Ayers <Stephania@whistleblower.org>; Marianne Fichtel <mariannef@whistleblower.org>; Carlos Doroteo <carlos@milpalaw.com>; Cleveland Lawrence III <clawrence@findjustice.com>; Richard Condit <rcondit@findjustice.com>; Milpa Law <hola@milpalaw.com>; Toni-Ann Ocloo <tocloo@findjustice.com>; Samantha Garza <sam@mbmtlawfirm.com>; Benigno (Trey) Martinez <trey@mbmtlawfirm.com>
**Subject:** Re: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

I will be conferring tomorrow and will get you a response as soon as feasible.



TOMAS TIJERINA
Attorney

Phone: 956-550-4868
Fax: 956-621-0135
Email: ttijerina@mbmtlawfirm.com
Address: 1201 E. Van Buren, Brownsville, Texas 78520
Website: mbmtlawfirm.com

MBMT LAW FIRM

*This e-mail transmission may be protected by legal privileges or immunities. If you have received this message in error, please notify sender and delete. Thank you.*

---

**From:** Kristin Berg <kristinb@whistleblower.org>
**Date:** Wednesday, September 16, 2026 at 11:48 AM
**To:** Benigno (Trey) Martinez <trey@mbmtlawfirm.com>; Tomas Tijerina <ttijerina@mbmtlawfirm.com>
**Cc:** Stephani Ayers <Stephania@whistleblower.org>; Marianne Fichtel <mariannef@whistleblower.org>; Carlos Doroteo <carlos@milpalaw.com>; Cleveland Lawrence III <clawrence@findjustice.com>; Richard Condit <rcondit@findjustice.com>; Milpa Law <hola@milpalaw.com>; Toni-Ann Ocloo <tocloo@findjustice.com>
**Subject:** RE: Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

I'm following up on the email below regarding Plaintiff's anticipated motion for a 120-day extension of the current scheduling deadlines and request for leave to take up to 20 depositions.

When you have a chance, please let us know Defendants' positions on these requests so that we can accurately reflect them in the motion, or if you have any questions.

Thank you, and we appreciate your attention to this.

Best,

**Kristin Berg**
*Paralegal*
Government Accountability Project
1612 K St., NW, Suite 808
Washington, DC 20006
Main Office Number: (202) 457-0034
My Direct Line: (202) 449-6040
E-mail: Kristinb@whistleblower.org
Website: http://www.whistleblower.org
Pronouns: she/her/hers

---

**From:** Kristin Berg
**Sent:** Friday, September 11, 2026 4:46 PM
**To:** trey@mbmtlawfirm.com; ttijerina@mbmtlawfirm.com
**Cc:** Stephani Ayers <Stephania@whistleblower.org>; Marianne Fichtel <mariannef@whistleblower.org>; Carlos Doroteo <carlos@milpalaw.com>; Cleveland Lawrence III <clawrence@findjustice.com>; Richard Condit <rcondit@findjustice.com>; Milpa Law <hola@milpalaw.com>; Toni-Ann Ocloo <tocloo@findjustice.com>
**Subject:** Garza Proposed Motion to Extend Scheduling Deadlines and Deposition Limit

Counsel,

Plaintiff intends to file a motion requesting a 120-day extension of the current scheduling deadlines in this matter. We also intend to request leave to take up to 20 depositions given the number of parties and witnesses involved.

Before filing, we wanted to confer and determine Defendants' positions on these requests.

Please let us know whether you oppose either the requested 120-day extension or our request to take up to 20 depositions.

If you oppose either request, please let us know so that we can accurately reflect your position in the motion.

Thank you,

**Kristin Berg**
*Paralegal*
Government Accountability Project
1612 K St., NW, Suite 808
Washington, DC 20006
Main Office Number: (202) 457-0034
My Direct Line: (202) 449-6040
E-mail: Kristinb@whistleblower.org
Website: http://www.whistleblower.org
Pronouns: she/her/hers