**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* JANA GARZA<br>*Plaintiff,*<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC.,<br>*et. al.,*<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00305-ADA-SH |

**DEFENDANTS' OPPOSITION TO MOTION DKT. 121**

Defendants Southwest Key Programs, Inc., Diego Naranjo, Trinity Health Services, PLLC, Divine Family Care, PLLC, Diego Naranjo d/b/a UC Health Consultants, Eder Francisco Hernandez, Migdal Eder, LLC, Alyssa Hernandez, and Valley Med Urgent Care, PLLC, (collectively, "Defendants") hereby oppose Plaintiff's Opposed Motion to Extend Scheduling Order Deadlines, Dkt. 121 ("Motion Dkt. 121"). Motion Dkt. 121 duplicates the relief Plaintiff seeks in Dkt. 119, and Defendants have opposed and continue to oppose both Plaintiff's Motion Dkt. 119 and Plaintiff's duplicative Motion Dkt. 121 because both lack merit. Indeed, Plaintiff's Motion fails to offer any "good cause" why Plaintiff's team of counsel neglected to prosecute this case for more than six months—since fact discovery commenced in early February 2026—and are only now seeking additional time before fact discovery closes.

Plaintiff's Motion Dkt. 121 mentions several times how "important … orderly discovery and case preparation," Dkt. 121 at 8, is to a case of this magnitude, in which Plaintiff has claimed treble damages, statutory penalties, and attorney's fees for allegations regarding "events [that] span more than a decade," *id.* at 2, and for which Plaintiff alleges Defendants are jointly and severally liable for damages in the billions of dollars. Four years after Plaintiff filed her

Complaint, Plaintiff only now "seeks time to prosecute the case diligently and competently." *Id.* at 8. Plaintiff has had more than enough time. Rewarding Plaintiff's failure to prosecute her case and abide by the Court's Scheduling Order would be highly prejudicial to Defendants.

Separately, Defendants are concurrently filing a motion requesting that the Court convene a status conference to address scheduling comprehensively considering the multiple motions currently pending that seek to address the ordering and conclusion of fact discovery under the Court's Scheduling Order.

## BACKGROUND

Plaintiff filed this matter four years ago, in October 2022, under seal in the Eastern District of Texas. (Dkt. 2.) Plaintiff's Complaint alleged violations of the federal False Claims Act, which, as this Court is aware, require pleading with particularity under Rule 9(b) as allegations of fraud. (*See* Dkt. 121 at 2; *see, e.g., United States ex. rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014)). After reviewing Plaintiff's allegations, the U.S. Department of Justice declined to intervene (Dkt. 7), and Judge Truncale of the Eastern District ordered Plaintiff's Complaint unsealed in July 2023. (Dkt. 8.) Rather than serve the Complaint, Plaintiff's initial counsel withdrew (Dkts. 10 & 11), and Judge Truncale provided Plaintiff multiple extensions over the following five months to seek replacement counsel. (Dkts. 11, 14, & 17.)

Plaintiff's present counsel entered their appearances in January 2024 (Dkts. 21, 22, & 23), and Plaintiff served her Amended Complaint in February 2024 on some, but not all, named defendants. (*See* Dkts. 26-33, 37, 39.) To date, Plaintiff has apparently not yet attempted or accomplished service on all named defendants or sought to amend.

Judge Truncale granted in part the served Defendants' motions to transfer venue and ordered the case transferred to this Court in February 2025 (Dkt. 54), where this Court assigned

the matter to Judge Albright and Magistrate Judge Hightower. On June 18, 2025, Judge Hightower issued a Scheduling Order specifying in part that discovery on all issues would commence on February 9, 2026 and that the fact discovery deadline would be November 6, 2026, adding: "Any discovery requests must be propounded so that the responses are due by this date." (Dkt. 88.) During the government shutdown in November 2025, Judge Albright denied Defendants' motions to dismiss by text Order without opinion, and Defendants subsequently filed responsive Answers that month. (*See* Dkts. 108, 109, & 110.) Although Judge Albright resigned from the bench in 2026, this Court clarified:

> all deadlines, scheduling orders, and obligations previously established in this matter shall remain in full force and effect pending reassignment. The parties shall continue to prosecute and defend this matter, including conducting discovery and abiding by the scheduling order or proposed scheduling order in this matter. (Dkt. 117.)

Despite nearly three and a half years elapsing since filing her initial Complaint, over two years since Plaintiff's counsel entered their appearances, and over six months since the Court issued the Scheduling Order in this matter, Plaintiff failed to serve substantive discovery requests when discovery commenced; in fact, Plaintiff waited nearly seven months into a nine-month fact discovery period to serve substantive discovery requests on any Defendant. When Plaintiff finally elected to serve substantive discovery requests, her requests facially violated the Federal and Local Rules. For example, on September 14, 2026—less than two months before the close of fact discovery—Plaintiff served Defendant Southwest Key Programs, Inc. with 94 requests for production of documents (in addition to 19 document requests Plaintiff purported to attach to a 30(b)(6) deposition notice Plaintiff served September 11, for a total of over 100 document requests), 52 interrogatories, and 93 requests for admission; Plaintiff served the Hernandez Defendants on the same day with 87 requests for production (together with 13 further requests for production attached to a Rule 30(b)(6) notice to Migdal Eder, LLC and 10 further requests

attached to a Rule 30(b)(6) notice to Valley Med Urgent Care, PLLC), 52 interrogatories, and 95 requests for admission directed to Eder Francisco Hernandez individually. *But see* Fed. R. Civ. Pro. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); Local Rule CV-36 ("Requests for admissions made pursuant to Federal Rule of Civil Procedure 36 are limited to 30 requests.").

Defendants requested Plaintiff's agreement to a form protective order taken from the Court's website governing confidential materials shared in discovery, which Plaintiff opposed, necessitating Defendants to file an opposed Motion for the Court to issue the protective order. (Dkt. 118.) Regardless, Plaintiff's choice in timing her written discovery requests left roughly one week between the discovery production deadlines and her noticed depositions, which in turn Plaintiff noticed in a two-week window before the close of fact discovery on November 6 under the Court's Scheduling Order. (*See* Dkt. 121 at 3) ("Relator served discovery in September expecting to receive documents in time for depositions planned for late October and early November.")

Concurrently with service of the substantive discovery requests, Plaintiff's counsel also requested Defendants' position on a motion to extend discovery deadlines and for leave to conduct an additional ten (10) depositions beyond the limits of Rule 30(a)(2)(A)(i), which, as the Exhibits to Motion Dkt. 121 reflect, Defendants promptly opposed. Nevertheless, Plaintiff's counsel waited until under a month before the fact discovery deadline from the Court's Scheduling Order issued in June 2025 to file Motion Dkt. 121, in which Plaintiff seeks an extension of all deadlines by 120 days—adding four months to a nine-month fact discovery period in which Plaintiff served no substantive discovery for nearly seven months—and seeking

to double the total number of depositions permitted under the Rules without any plan to conduct those depositions within the existing deadlines under the Scheduling Order.

Not only does Plaintiff's Motion Dkt. 121 offer no explanation for Plaintiff's delay in seeking its requested relief, but it presents factual inaccuracies on which it appears to rely. Contrary to Motion Dkt. 121's bald assertion and as its own Exhibits reflect, none of the Defendants have received additional time to produce documents that would affect either Plaintiff's noticed deposition dates or the November 6 close of fact discovery. (*See* Dkt. 121 at 1; *but see* Dkt. 121 Exhs. A-C.[1]) None of the Defendants have categorically refused to produce any documents without a protective order. (*See* Mot. Dkt. 121 at 1; *but see* Jt. Mot. for Prot. Order, Dkt. 118, at 4) ("Defendants do not seek to prevent relevant discovery, nor do Defendants contend that every responsive document requires confidential treatment. Some responsive documents are publicly available, and Defendants are willing to produce those documents without designating them as confidential.").) And while to be sure, sympathy and best wishes are warranted for the illness and medical retirement in June 2026 of one of Plaintiff's counsel (*see* Dkt. 121 at 2), Plaintiff's Motion Dkt. 121 offers no explanation why the remaining four counsel of record for Plaintiff, three of whom entered appearances in the matter in January 2024, were unable to proceed with discovery and unable to request relief from Defendants or the Court in the months before or since.

[1] In response to Plaintiff's request to extend all deadlines by 120 days, one of the Defendant groups offered to extend deadlines for both Plaintiff and Defendants by 30 days, which Plaintiff did not accept. *See* Mot. Dkt. 121 Exh. A at 4. That Defendant group requested additional time to respond from Plaintiff but received no response. Another Defendant group separately asked for and received Plaintiff's consent to time their responses to coincide with Plaintiff's deposition dates for their clients, and in any event consistent with Defendants' pending Motion for Confidentiality/Protective Order. Neither position necessitates or justifies extending either the fact discovery deadline or other Scheduling Order deadlines.

## ARGUMENT

Plaintiff's counsel now refuse to lie in the bed they made. Four years after Plaintiff filed a Complaint for which the Federal Rules and case law require Plaintiff to have pled allegations with particularity; over two and a half years after counsel for Plaintiff entered appearances; nearly a year and a half after the Court issued the Scheduling Order in this case; over eight months after discovery opened on all matters under that Scheduling Order; four months after Plaintiff's Motion indicates illness necessitated the medical retirement of one of Plaintiff's counsel, leaving four counsel remaining; and with less than a month remaining before the Scheduling Order's deadline for fact discovery, Plaintiff's counsel now complain of the burdens they created for themselves by choosing to serve substantive discovery at such a late date that Plaintiff "risks … receiving without adequate review time, large productions from multiple Defendants before the contemplated depositions." (Dkt. 121 at 3.) But Plaintiff's counsel bear the responsibility for creating those burdens, not Defendants, and rewarding Plaintiff's lack of diligence serves only to prejudice the Defendants whom Plaintiff chose to hale before this Court.

### A. Plaintiff Cannot Demonstrate "Good Cause" to Modify the Scheduling Order

Under the Rules, a Scheduling Order may be modified "only for good cause." Fed. R. Civ. Pro. 16(b)(4). This District's Local Rules make explicit that its Scheduling Orders mean what they say, including specifying:

> Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline.

Local Rule CV-16(e). Plaintiff's counsel jointly agreed to the Scheduling Order in this case that the Court issued in June 2025.

The good cause standard under Rule 16(b)(4) focuses on the diligence of the party seeking to modify the scheduling order. *S & W Enters. v. Southtrust Bank*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met *despite the diligence of the party* needing the extension.") (emphasis added). Courts in this District apply that standard by considering the movant's explanation for the requested extension, the importance of the discovery sought, the prejudice to the opposing party if the extension is granted, and whether a continuance could cure that prejudice. *Id.* at 536; *see also Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 U.S. Dist. LEXIS 176151, at *4 (W.D. Tex. Oct. 9, 2019) (applying these factors and denying a request to modify the scheduling order for failure to show good cause).

In cases such as this one, in which a court has granted multiple extensions and which has been pending for several years, Western District courts have denied similar requests to extend discovery deadlines. *See, e.g.*, *Macias v. Bexar Cty.*, No. SA-21-CV-00193-JKP, 2023 U.S. Dist. LEXIS 161033, at *2 (W.D. Tex. Sep. 11, 2023) (denying plaintiff's request to extend; court had already granted two extensions and case had been pending for over two and a half years); *Brit UW Ltd. v. Briones*, No. SA-11-CV-00994-DAE, 2013 U.S. Dist. LEXIS 88844, at *27-28 (W.D. Tex. June 25, 2013) (denying motion for continuance including permission to conduct additional discovery; party only initiated discovery thirty days before the discovery deadline). In this case, an extension would be highly prejudicial to Defendants: it would substantially disrupt the agreed litigation schedule, prolong a case that already has proceeded through the discovery period, and reward delay absent a concrete showing that the existing deadlines could not reasonably have been met despite diligent efforts.

**B. The Dispute Over the Protective Order Does Not Justify an Extension**

To be sure, Plaintiff's opposition to the entry of a routine form protective order governing the exchange of confidential information in discovery—again, a matter of Plaintiff's choosing—unnecessarily complicates Defendants' efforts to produce materials and to provide deposition testimony. *See* Dkt. 121 at 4 (complaining that Plaintiff's opposition to a form protective order "provides no reliable universal production date"). But that complication, too, does not justify the modification of the Court's Scheduling Order. Defendants have offered and continue to offer to accommodate Plaintiff by permitting Plaintiff to reschedule her noticed depositions within a reasonable period following the Scheduling Order's fact discovery cutoff date of November 6. *See, e.g.,* Dkt. 121 Exh. B at 1 ("Southwest Key remains willing to discuss reasonable scheduling for depositions—past the current written discovery deadline of November 6.").

Providing time for the Court to rule on a motion for a routine form protective order governing discovery does not require extending all deadlines by 120 days. For example, counsel for Defendants have offered to Plaintiff's counsel that Defendants are willing, after the Court rules on the pending Motion for Protective Order, to allow Plaintiff to reschedule her previously-noticed depositions to reasonable and mutually agreeable dates, on the understanding that Defendants will produce any outstanding written materials consistent with the Court's ruling on the pending Motion for Protective Order on or before one week prior to the respective rescheduled deposition dates. Such an arrangement places Plaintiff's counsel in the same position as they chose to create for themselves before they chose to oppose the entry of a routine form protective order governing discovery, without the need to modify the Court's Scheduling Order.

**C. Plaintiff's Request for Additional Depositions Also Has No Merit**

The same lack of good cause applies to Plaintiff's counsel's request for additional depositions beyond the 10 depositions provided by Rule 30(a)(2)(A)(i), not least because

Plaintiff's counsel failed to notice *any* depositions to take place prior to two weeks before the fact discovery deadline and has neither noticed any additional depositions nor left any time for the depositions to take place. *See* Local Rule CV-16(e). For Plaintiff's counsel to conduct any additional depositions, Plaintiff's counsel would first need this Court to find good cause, where there is none, justifying why they failed to serve any substantive discovery in the first seven months of a nine-month fact discovery period. Even then, Plaintiff's Motion Dkt. 121 offers no explanation, because there is none, why Plaintiff failed either to notice or seek permission to notice the additional depositions Plaintiff for which Plaintiff now seeks permission, when Plaintiff purports to have alleged with particularity four years ago the individuals she alleges to have participated in a fraud against the federal government; and such notices would be invalid under the Local Rules even if the Court had granted permission to issue them on the date Plaintiff first requested such permission.

In sum, neither Plaintiff's request for a 120-day extension of deadlines under the Scheduling Order nor Plaintiff's request for additional 10 depositions demonstrate the required good cause, and this Court should deny both requests.

## CONCLUSION

For the foregoing reasons, this Court should DENY Plaintiff's Motion Dkt. 121 and grant Defendants other relief as is just and proper.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Mindy B. Pava*
**FELDESMAN LEIFER LLP**
Mindy B. Pava (*pro hac vice*)
Stephen M. Kuperberg (*pro hac vice*)
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Fax: (202) 293-8103
Email: mpava@feldesman.com
skuperberg@feldesman.com
*Counsel for Defendant Southwest Key Programs, Inc.*

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
**JACKSON WALKER LLP**
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
lcordova@jw.com
*Counsel for Diego Naranjo, Divine Family Care, PLLC, Trinity Health Services, PLLC, and Diego Naranjo dba UC Health Consultants*

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
*Counsel for the Hernandez Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

_*/s/ Stephen Kuperberg*_______________
Stephen Kuperberg