**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel*. JANA GARZA<br>*Plaintiff*,<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC., *et al.*,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:25-cv-00305-ADA-SH |

**<u>DEFENDANTS' REPLY RE MOTION FOR PROTECTIVE ORDER DKT. 118</u>**

Plaintiff's Opposition (Dkt. 120) to Defendants' Motion for a Protective Order (Dkt. 118) fails for three primary reasons. First, Plaintiff's arguments and cited case law ignore that Defendants are seeking a form protective order to govern discovery, specifically approved by the Western District of Texas and available on the Court's website, of the type that this and other federal courts routinely issue in litigation. Second, Defendants have demonstrated good cause that a protective order governing discovery is necessary. Third—for the first time and without having met and conferred regarding these novel proposals—Plaintiff's Opposition offers four pages of impractical and inefficient revisions to the Court's form protective order; yet such proposals contradict Plaintiff's own stated reasons for opposing a protective order entirely.

Accordingly, for the reasons described more fully below and those in Defendants' Motion, this Court should grant Defendants' motion and issue the Court's routine, form protective order governing the exchange of confidential information in discovery in this case.

## I. ARGUMENT

### A. Plaintiff's Arguments Do Not Apply to Protective Orders Governing Discovery

Defendants' Motion seeks "entry of a protective order governing the use and disclosure of confidential information to be produced in discovery" using this Court's form discovery order. *See, e.g.*, Mot., Dkt. 118 at 1 & Exh. 1. Nevertheless, Plaintiff's Opposition confuses Defendants' request for a protective order governing discovery with a request "to seal judicial records," *see* Dkt. 120 at 1, which Defendants' request is not, and for which the standards are entirely different. Simply put, Plaintiff's citation to cases regarding the common law right of access to judicial proceedings is inapposite and distinguished in the case law. *See, e.g.*, *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984) (observing that discovery is largely "conducted in private as a matter of modern practice"); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 229 F.R.D. 126, 128 (S.D. Tex. 2005) (finding "presumption of public access does not apply to pretrial discovery materials"); *Santana v. Aaron's, Inc.,* No. 1:19-cv-00241-HSO-JCG, 2021 U.S. Dist. LEXIS 252832 at *7, 2021 WL 6804103 (S.D. Miss. June 3, 2021) (differentiating between designating materials as confidential pursuant to a protective order governing discovery and the stricter "presumption of public access to judicial records").

By contrast to protective orders sealing judicial proceedings, courts commonly approve protective orders governing the exchange of confidential information during discovery and find them "essential to the functioning of civil discovery," even going so far as to provide sample or form orders on the court's website, as this Court has done, and approving the use of such sample orders over opposition like Plaintiff's here. *See, e.g., Baker v. Amazon Logistics, Inc.*, 2025 U.S. Dist. LEXIS 1463 *6 (E.D. La. Jan. 6, 2025) (granting defendants' protective order and determining that the sample order contained on the court's website suffices to protect both

Defendants' commercially sensitive information and its alleged trade secrets). Defendants' Motion seeks to keep confidential unfiled discovery through a generalized protective order, and Plaintiff's appeal to a stricter standard applicable to sealing of judicial proceedings is inapposite.

**B. Defendants Have Demonstrated Good Cause**

Defendants' Motion exceeds Rule 26(c)'s good cause standard that a party seeking a protective order make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). Defendants have described that Plaintiff's discovery requests specifically (and not merely hypothetically) seek personal, employment, investigative, and financial information, as Plaintiff well knows, because Plaintiff issued the requests.[1] Courts routinely find similar requests to be subject to protective orders. *See, e.g.*, *McBride v. Hobby Lobby Stores, Inc.,* No. SA-18-cv-00197-XR, 2018 U.S. Dist. LEXIS 171662 at *2, 2018 WL 4839108 (W.D. Tex. Oct. 4, 2018) (granting protective order because plaintiff's employment records may contain private information about her that should not be publicly disclosed); *Walker v. Smith,* No. 3:15-cv-00911-DPJ-FKB, 2018 U.S. Dist. LEXIS 82176 at *5, 2018 WL 2249972 (S.D. Miss. May 16, 2018) (finding that portions of "personnel files shall be subject to a protective order").

Plaintiff's reliance on *In re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), is misplaced. In that case, a corporation seeking a protective order did so based simply on the assertion that its employees possessed knowledge of the company's confidential information; the court denied the request because it did not want to endorse the idea that "good cause exists for

---

[1] Defendants can provide the Court with Plaintiff's discovery requests for review, which include specific requests for the employment files of multiple individuals, detailed financial records from private individuals and companies, trade secrets, and other confidential materials routinely protected from public dissemination.

granting a protective order any time fact witnesses in a case are employed by the same employer." *Id*. at 306. Defendants have made no such blanket claim here and instead seek protection of materials—employment files, financial records, trade secrets, and other confidential materials—that courts routinely protect from public disclosure during discovery. *See supra*. Accordingly, Defendants have demonstrated good cause for a protective order to protect, at the discovery stage, the exact type of information that falls within the inherent purpose of a protective order, and Plaintiff has not refuted that good cause.

### C. Plaintiff's Alternative "Narrowing" Is Illogical

Bizarrely, Plaintiff devotes significant space in her Opposition to proposing, for the first time, novel revisions to this Court's form protective order. Not only did Plaintiff never meet and confer with Defendants before proposing these revisions, but also Plaintiff's proposed revisions contradict her stated reasons for opposing a protective order and ultimately frustrate both the purpose of the order and Plaintiff's own ostensible goals.

First, Plaintiff's counsel stated reasons for opposing Defendants request for a protective order were: "[a]s a matter of organizational policy, [plaintiff's counsel doesn't] consent or stipulate to protective orders." (*See* Exh. 1, K. Berg email of Oct. 8, 2026, at 1). Plaintiff offers no explanation, as indeed there could be none, why selected proposed changes would make the Court's form protective order acceptable when Plaintiff's counsel's previously stated position was that no protective order could ever be acceptable according to Plaintiff's counsel's "organizational policy."

Second, Plaintiff's proposed revisions are untenable. Whereas the Court's form protective order provides an efficient system for challenging designations of confidentiality on a case-by-case basis, Plaintiff instead aim to reverse that process and slow discovery to a standstill by

forcing the parties to litigate the confidentiality of every piece of information before exchanging it—thereby creating the very delays of which Plaintiff separately complains and seeks this Court's relief. *See* Pl's Opposed Mot. to Extend Scheduling Order, Dkt. 121, at 3-4 (complaining that the Defendants' act of requesting a protective order "provides no reliable universal production date" for discovery and that "substantive discovery may not be available sufficiently in advance of" Plaintiff's noticed depositions). Simply put, Plaintiff doth protest o'er much; her proposed revisions to the Court's form protective order serve only to frustrate the efficient exchange of discovery materials that the Court's form protective order is designed to achieve.

## II. CONCLUSION

For the reasons stated in Defendant's Motion and in this Reply, Defendants request that the Court GRANT their Motion for Protective Order, Dkt. 118, and enter the Court's form discovery order attached as Exhibit 1 to Defendants' Motion.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Mindy B. Pava*
**FELDESMAN LLP**
Mindy B. Pava (*pro hac vice*)
Stephen M. Kuperberg (*pro hac vice*)
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Email:mpava@feldesman.com
skuperberg@feldesman.com
*Counsel for Southwest Key Programs, Inc.*

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova, State Bar 24128031
lcordova@jw.com
JACKSON WALKER LLP
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
*Counsel for Diego Naranjo,*
*Divine Family Care, PLLC,*
*Trinity Health Services, PLLC, and*
*Diego Naranjo dba UC Health Consultants*

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
*Counsel for the Hernandez Defendants*

**Certificate of Service**

I hereby certify that on October 13, 2026, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all parties of record who are CM/ECF participants on this case.

*/s/ Stephen Kuperberg*
Stephen Kuperberg