**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JANA GARZA,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST KEY PROGRAMS, INC., et al.,<br><br>Defendants. | Case No. 1:25-cv-00305-ADA-SH |

**THE HERNANDEZ DEFENDANTS' EMERGENCY MOTION TO STAY THE DEPOSITIONS NOTICED FOR OCTOBER 29 AND OCTOBER 30, 2026 AND FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF DISCOVERY TO THE CLAIMS PLEADED, AND REQUEST FOR AN EXPEDITED HEARING**

Defendants Eder Francisco Hernandez, Alyssa Hernandez, Migdal Eder, LLC, and Valley Med Urgent Care, PLLC (the "Hernandez Defendants" or "Movants") move on an emergency basis under Fed. R. Civ. P. 26(c) for an order staying the two depositions Relator has noticed for October 29 and October 30, 2026 until the Court rules on the scope of discovery, for a protective order under Rule 26(c)(1)(D) limiting discovery to the claims pleaded in the First Amended Complaint, and for an expedited hearing. The motion addresses both the depositions and the written discovery served.

## I. STATEMENT OF THE EMERGENCY

The deposition of Eder Francisco Hernandez is set for October 29, 2026 and the Rule 30(b)(6) deposition of Valley Med Urgent Care, PLLC for October 30, 2026. Fact discovery closes November 6, 2026. Three discovery motions are already pending and undecided: a jointly filed motion for entry of this District's form protective order (Dkt. 118), Relator's own motion to extend

every unexpired deadline by 120 days (Dkt. 121), and a consented request that the Court convene a status conference (Dkt. 126).

The relief Movants seek is a stay of two depositions for a matter of days, not a stay of the action. Defendants have already asked Relator to continue the noticed deposition dates pending a ruling on the pending protective-order motion, and offered to produce outstanding written materials a week in advance of any rescheduled date; Relator refused. (Dkt. 126 at 2.).

Movants also request an expedited hearing. All Defendants have already asked the Court to convene one, and Relator consented to that request. (Dkt. 126.) The disputes are discrete, the categories are identified by request number below, and Movants believe they can be resolved in a single setting. Movants are available at the Court's convenience, including by videoconference and on short notice.

## II. PROCEDURAL POSTURE

### *A. Three discovery motions are pending and none has been decided.*

The Court's Scheduling Order (Dkt. 88) set the fact discovery deadline at November 6, 2026. The operative pleading is Relator's First Amended Complaint (Dkt. 24), and the deadline to amend the pleadings expired August 7, 2026.

On October 1, 2026 all Defendants jointly moved for entry of this District's form protective order governing the use and disclosure of confidential information produced in discovery, Appendix H-2. (Dkt. 118.) Relator opposed (Dkt. 120, corrected at Dkt. 122), Defendants replied on October 13, 2026 (Dkt. 124; errata, Dkt. 125), and the motion has been fully briefed and pending since that date. Relator's stated ground for opposing was not directed to the form order at all: her counsel wrote that "[a]s a matter of organizational policy, [counsel does not] consent or stipulate to protective orders." (Dkt. 124 at 4.) No protective order has been entered, and Movants have

stated in their written responses that confidential financial, personnel and health information will be produced once one is.

On October 6, 2026 Relator moved to extend every unexpired deadline in the Scheduling Order by 120 days and for leave to take up to twenty depositions. (Dkt. 119.) She refiled that motion in redrafted form on October 9, 2026. (Dkt. 121.) She asks that the fact discovery deadline be moved from November 6, 2026 to March 8, 2027. (Dkt. 121 at 9-10.) That motion is opposed and remains pending.

On October 14, 2026 all Defendants moved for a status conference "to address multiple motions currently pending and likely to be filed imminently affecting the efficient scheduling and conclusion of fact discovery in this matter." (Dkt. 126 at 1.) Relator consented. (Id.) That motion also records that Defendants asked Relator to continue the noticed deposition dates pending a ruling on the protective-order motion, and offered to produce outstanding written materials one week before any rescheduled date, and that "Plaintiff's counsel has rejected Defendants' requests and proposal." (Dkt. 126 at 2.) That motion is also pending.

***B. Relator has told the Court that these depositions should not go forward on the present schedule.***

Movants' request for a short stay is the position Relator herself has taken. In moving to extend, Relator told the Court that her deposition schedule "is now threatened because Defendants have requested more time to produce documents and some Defendants have said they will not timely produce documents without a protective order"; that the protective-order motion "leaves less than a month for Relator to brief opposition, Defendants to reply, the Court to consider the briefing and rule, and Defendants to designate and produce documents for Relator to review before multiple depositions and the November 6, 2026 discovery cutoff"; and that "substantive discovery

may not be available sufficiently in advance of the currently contemplated depositions." (Dkt. 121 at 3-4.)

Movants agree. Relator is asking for 120 days. Movants ask for fourteen, as to two depositions, so that the scope of the examination can be fixed before it occurs. A party who has moved to push fact discovery to March 8, 2027 cannot be prejudiced by a stay of two depositions measured in days.

Relator's own October 9, 2026 motion identified six proposed deponents: Southwest Key Programs, Inc., Trinity Health Services, PLLC, UC Health/Naranjo, Migdal Eder, LLC and Divine Family Care, PLLC under Rule 30(b)(6), and Dr. Antonio Diaz. (Dkt. 121 at 3.) The individual deposition of Eder Francisco Hernandez was not among them. Relator noticed it on October 21, 2026, twelve days later, for October 29, 2026, and withdrew the Migdal Eder, LLC notice she had identified to the Court.

***C. The discovery served on the Hernandez Defendants.***

On September 11, 2026 Relator served Eder Hernandez individually with eighty-seven requests for production, fifty-two interrogatories and ninety-five requests for admission, together with Rule 30(b)(6) notices to Migdal Eder, LLC and Valley Med Urgent Care, PLLC carrying thirteen and ten further requests. Movants served objections and responses on October 19, 2026. On October 21, 2026 Relator withdrew the Rule 30(b)(6) notice to Migdal Eder, LLC, replaced it with a notice of the individual deposition of Eder Hernandez set for October 29, 2026, and attached twenty-three additional requests for production demanding production by October 22, 2026 — the next day. Relator also served an Amended Rule 30(b)(6) Notice to Valley Med Urgent Care, PLLC setting that deposition for October 30, 2026 and re-attaching the same ten requests Valley Med had answered two days earlier.

## III. LEGAL STANDARD

Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and Rule 26(c)(1)(D) authorizes an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(b)(1) limits discovery to matter "that is relevant to any party's claim or defense and proportional to the needs of the case," and Rule 26(b)(2)(C)(iii) requires the Court to limit discovery that is "outside the scope permitted by Rule 26(b)(1)."

In an action under the False Claims Act the Fifth Circuit has committed the management of that boundary to the district court. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 195 (5th Cir. 2009) ("We emphasize that we decide only that the allegations are sufficient to gain Dr. Grubbs access to the discovery process. We leave to the able district court to manage this access—discovery targeted to the claims alleged, avoiding a search for new claims."). The same opinion explains that Rule 9(b) serves to "prevent[] plaintiffs from filing baseless claims then attempting to discover unknown wrongs," id. at 190 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)), and that it "should not be made to shoulder all the burden of policing abusive discovery. Its balance draws upon the vigilant hand of the district court judge." *Id.* at 191. Movants ask the Court to exercise that function now, before the depositions proceed.

District courts in this circuit have applied that instruction. *U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2014 WL 691500 (S.D. Miss. Feb. 21, 2014) ("Grubbs states that even if a complaint survives a Rule 9(b) challenge, discovery should be tailored to the claims alleged, so as to avoid a search for new claims. To allow expanded discovery in the fashion Relators seek would permit improper smuggling of additional claims byond the sngle claim of which Relators have personal knowledge").

## IV. THE CLAIMS THE AMENDED COMPLAINT PLEADS

Every limitation Movants request follows from what the Amended Complaint alleges to be false. The pleading is specific about that, and so is Relator.

Count 1 alleges that Eder Hernandez "formed an agreement with Dr. A of Brownsville, TX that Dr. A would pay Eder kickbacks from the funds paid by the federal government to Dr. A for delivering medical services to UCs at Casa Padre," and that he "also sought kickbacks from Dr. Garza." (FAC ¶ 206.) The pleading identifies "Dr. A" as Dr. Diaz. (FAC ¶ 97.)

The Amended Complaint then states whose claims are false. "[E]ach of the claims submitted by doctors or other health care providers participating in the kickback scheme, such as those submitted by Dr. A, were false claims." (FAC ¶ 203.) Relator confirmed the point in opposing dismissal, describing "the providers' false claims at issue — which the Hernandez Defendants caused to be submitted." (Dkt. 104 at 7.) The false claims are the providers' claims. No Hernandez Defendant is alleged to have submitted a claim to the United States.

Count 2 pleads a separate theory against Southwest Key Programs, Inc. and the Naranjo defendants: that Southwest Key awarded medical provider contracts to Diego Naranjo and his companies in violation of the conflict-of-interest condition in its cooperative agreements, that its applications for ORR funds were therefore false, and that "requests for reimbursement submitted to ORR pursuant to these corrupted cooperative agreements and medical provider contracts are false claims." (FAC ¶¶ 214, 216.) The claims there are Southwest Key's applications and the Naranjo entities' reimbursement requests. The only allegation connecting Eder Hernandez to that count is that Figueroa awarded contracts to Naranjo "which directly benefited Eder." (FAC ¶ 214.) A benefit is not a claim.

Count 3 alleges a conspiracy to pressure Relator into "their scheme to pay kickbacks of 45% of the federal health care dollars Garza would be paid." (FAC ¶ 223.) The same paragraph

states the outcome: "Plaintiff refused to join the conspiracy." (Id.) So does ¶ 115: "Garza never signed the kickback agreement." And so does ¶ 20, which alleges that Eder Hernandez "attempted to use" Migdal Eder, LLC "as part of the kickback arrangement he was trying to form."

Beyond Dr. A and Relator, the Amended Complaint pleads nothing. It says the scheme "was likely employed with other medical providers" (¶ 207), that Defendants "implemented their kickback scheme with Dr. A and likely other medical providers" (¶ 223), and that Migdal Eder, LLC was formed "for the purposes of obtaining kickbacks from Garza and probably others" (¶ 15). "Likely" and "probably" are not allegations. They are the pleading's acknowledgment that no other transaction is known.

## V. THE CATEGORIES AT ISSUE

### *A. Financial records unconnected to any pleaded claim.*

The False Claims Act attaches to claims. Fed. R. Civ. P. 26(b)(1) permits discovery relevant to a claim or defense, and under 31 U.S.C. § 3729(b)(2) a "claim" is "any request or demand, whether under a contract or otherwise, for money or property" presented to the United States or to a grantee or contractor spending federal funds. Money in a defendant's bank account is not a claim. The question for financial discovery is therefore not whether a Hernandez Defendant received money, but whether a particular transaction is alleged to have tainted a claim submitted to the Government.

Measured that way, the Amended Complaint identifies one transaction. Dr. Diaz paid Eder Hernandez in connection with the Casa Padre medical provider contract: "he was only paying Eder $90 for each child he saw at Casa Padre" (¶ 93), and "Dr. Diaz eventually paid him $30,000 for the Casa Padre contract" (¶ 97). That is the payment the pleading says violated the Anti-Kickback Statute and so rendered Dr. A's claims false. (FAC ¶¶ 202—203.) No other financial transaction of any Hernandez Defendant is tied to a claim.

As to Relator and Nutrix Medical Worx, PLLC, no money changed hands. The Administrative Services Agreement was transmitted on August 23, 2018 and was never executed. (FAC ¶¶ 113, 115.) There are no payment records, no ledger entries and no bank records of a transaction that never occurred. The documents that exist are the four unexecuted agreements, which Movants have produced.

As to Count 2, the conflict-of-interest theory does not run through any Hernandez Defendant's accounts. The claims alleged to be false are Southwest Key's applications and the Naranjo entities' reimbursement requests. (FAC ¶¶ 216—217.) Whatever Eder Hernandez was paid for the clinical services he personally furnished to Trinity Health Services, PLLC or Divine Family Care, PLLC is compensation for medical work. Relator does not allege that Eder Hernandez submitted any claim, and under her own pleading the false claims on that count belong to others.

As to Migdal Eder, LLC, the entity was formed on December 17, 2017 (FAC ¶ 15) and its entire alleged role in this action is the unconsummated August 2018 proposal (FAC ¶ 20). Relator's Request for Production No. 2 demands its complete bank records, ledgers, invoices, tax returns and financial statements "from January 1, 2015 to the present" — beginning almost three years before the company existed, and reaching every transaction it has ever had with any patient, vendor, landlord or employee.

As to Valley Med Urgent Care, PLLC, the Amended Complaint alleges no payment to it at all. It alleges that Southwest Key acted "through Eder Hernandez and Valley Med Urgent Care" in soliciting (¶ 196) and that Dr. Rauf "employed or contracted Eder at Valley Med during 2017 through at least 2018" (¶ 23). No claim submitted by Valley Med is alleged to be false and no payment to Valley Med is alleged to be a kickback.

Relator has drawn the correct line herself. Instruction 9 of the requests served with her Rule 30(b)(6) notices limits financial requests to "transactions reasonably identifiable as involving" seven named persons and entities, and states they "do not call for production of unrelated SWK financial activity outside the Medical Services/Immigrant Children's Services procurement context." The requests served on the individual contain no such limitation, and the twenty-three requests served October 21, 2026 replace "as involving" with "such as involving," converting an exhaustive list into an illustrative one.

***B. The period from 2009 through 2014, which the Amended Complaint does not reach.***

The Amended Complaint alleges no act by any Hernandez Defendant before 2015. Its first allegation concerning Eder Hernandez is that "[s]ometime in 2015, Garza was contacted by Eder Hernandez" (¶ 76). Migdal Eder, LLC was not formed until December 17, 2017 (¶ 15). Valley Med Urgent Care, PLLC enters the pleading in 2017 (¶ 23). The earliest transaction pleaded against any Movant is the August 2018 proposal to Relator (¶¶ 20, 113).

Relator nonetheless devotes a substantial part of her discovery to the years 2009 through 2014. Requests for Admission Nos. 21 through 46 address that period almost without exception: No. 21 asks about the formation of a company in 2009; Nos. 22 and 23 about events in May 2010; Nos. 24 and 26 through 37 about 2012 and 2013; and Nos. 38 through 46 about 2014 and 2015. The Court need not resolve what happened in 2009 to decide whether Dr. Diaz paid Eder Hernandez a kickback in connection with Casa Padre in 2018.

***C. Uptown Pharmacy, William Anderson, and prescription referrals.***

The words "pharmacy," "Uptown" and "Anderson" do not appear anywhere in the fifty-eight pages of the Amended Complaint. No claim in this action concerns a pharmacy or a prescription referral, and no pharmacy is alleged to have submitted a false claim. The conduct is nonetheless the subject of Requests for Admission Nos. 22 through 24 and 32 through 46, Requests

for Production Nos. 36 and 37, and Interrogatories Nos. 34 and 35. The requests ask the Defendant to admit that his father was a part owner of Uptown Pharmacy, LLC in May 2010 (No. 22); that he introduced Diego Naranjo to William Anderson in 2012 (No. 32); that Naranjo toured the pharmacy (Nos. 33 and 34); that prescriptions were referred there (Nos. 35 through 37, 39 and 46); that his father had "a falling out with the owners" in 2014 (No. 38); and that a successor pharmacy took over the same street address and did business under a different name (Nos. 43 through 45).

***D. South Texas Advanced Practice Solutions, LLC and Family Care Specialists, LLC.***

Neither entity appears in the Amended Complaint. South Texas Advanced Practice Solutions, LLC is alleged in the requests to have been formed in 2009, six years before the earliest conduct pleaded and eight before Migdal Eder, LLC existed. Relator seeks its complete formation, ownership, management, governance and "business purpose and activities" documents (Request for Production No. 3), the identity of all of its owners, members, managers and officers "from its creation to present" (Interrogatory No. 4), and admissions concerning its formation and ownership (Requests for Admission Nos. 21, 26 and 30). Family Care Specialists, LLC is the subject of Requests for Admission Nos. 26 through 29, all directed to 2012. These are the business affairs of a physician assistant in South Texas years before this case begins.

***E. Defendant's father, his former spouse, and other non-parties.***

Request for Admission No. 22 concerns Defendant's father, Jose Eduardo Hernandez, who is not named in the Amended Complaint and is not a party. Requests for Admission Nos. 41 and 42 ask Defendant to admit whom he was married to in 2014 and what he knew about his then-wife's business interests. Neither Adriana Villareal nor the marriage appears anywhere in the pleading. Requests for Admission Nos. 66 and 76 concern job postings placed on Craigslist and a request made to a man named Jeff Lopez, neither of whom nor which appears in the pleading.

Requests for Admission Nos. 94 and 95 ask about two urgent care clinics in Houston — Imperial Valley Urgent Care and Normandy Urgent Care — that appear nowhere in the Amended Complaint and that no Movant is alleged to own or operate.

Interrogatory No. 2 asks Defendant to identify every entity, joint venture, assumed name or business partnership created, owned, operated or controlled by him "or Your family members." The phrase "family member" appears nowhere in the Amended Complaint. Of Defendant's relatives, only Alyssa Hernandez is a party; Annelise Hernandez is pleaded as a "[r]elated party" (¶ 19) and is not a defendant. The business interests of non-party relatives are not relevant to any claim or defense, and those individuals are not before the Court to protect their own interests. Relator's own Definition 7, which she states restates Local Rule CV-26(b) verbatim, provides that the definition "is not intended to impose a discovery obligation on any person who is not a party to this litigation."

***F. Medical providers not identified in the Amended Complaint.***

Request for Production No. 56 seeks every "agreement, draft agreement, term sheet, or proposed arrangement similar in form or substance" proposed to or discussed with "any medical provider other than Dr. Garza." Interrogatory No. 11 asks Defendant to identify "every medical provider" with whom he discussed any arrangement Relator characterizes as a kickback.

Relator's counsel stated the purpose during the parties' conference: "We don't know how prevalent the practice, as we allege it, may have been beyond those that we know something about. ... I don't think we're limited to just the examples in the complaint." That is the search *Grubbs* directs the district court to prevent. Two providers are identified; the deadline to amend has passed; and testimony about providers Relator has never identified cannot support a claim she can still assert.

Dr. B is not an answer. The Amended Complaint pleads the Dr. B allegations against Southwest Key alone and places them "[e]ven before SWK and Eder involved Dr. A. in their kickback scheme" (¶ 98) — that is, before any conduct alleged against these Defendants and before Migdal Eder, LLC was formed.

***G. The records of separate legal entities demanded from a natural person.***

The twenty-three requests attached to the October 21, 2026 notice of Eder Hernandez's deposition are the requests previously served on Migdal Eder, LLC and Valley Med Urgent Care, PLLC, reproduced without revision. They name the entities as the responding party: Request No. 10 states that "Migdal Eder may redact unrelated transactions"; Request No. 11 seeks "the amounts Migdal Eder received"; Request No. 20 states that "Valley Med may redact"; Request No. 21 seeks "amounts Valley Med billed to, or received from" others. Fed. R. Civ. P. 34(a)(1) reaches only items "in the responding party's possession, custody, or control." An individual deposition notice is not a vehicle for obtaining an entity's books and records. The same requests are in any event untimely: they demand production by October 22, 2026, one day after service, while Rule 34(b)(2)(A) allows thirty days.

***H. The matters for examination in the Rule 30(b)(6) notice to Valley Med Urgent Care, PLLC.***

Valley Med Urgent Care, PLLC does not resist the deposition. It will designate and prepare a witness for examination on matters relevant to and within the proper scope of this litigation.

Matter for examination No. 1 asks the entity about "Dr. Abdur Rauf's, Eder Hernandez's, and Diego Naranjo's" relationships without limitation as to subject matter. The Amended Complaint refers to Valley Med twice, at ¶ 196 and ¶ 23. The entity will designate on those relationships as they concern Southwest Key Programs, Inc. and the Office of Refugee

Resettlement. It should not be required to prepare a witness on the clinical, scheduling, payroll and administrative history of three individuals over eight years.

Matter for examination No. 5 reaches arrangements with "any medical provider serving a Shelter" without limitation as to shelter, program, payer, or connection to the conduct alleged. For the reasons stated in Part V.F, discovery concerning medical providers should be limited to the providers the Amended Complaint identifies.

## VI. RELIEF REQUESTED

Movants request an order under Fed. R. Civ. P. 26(c) providing as follows:

1. The deposition of Eder Francisco Hernandez noticed for October 29, 2026 and the Rule 30(b)(6) deposition of Valley Med Urgent Care, PLLC noticed for October 30, 2026 are STAYED pending the Court's ruling on this motion, and are reset to dates no earlier than fourteen (14) days after entry of an order resolving it, notwithstanding the November 6, 2026 close of fact discovery.

2. Financial discovery as to the Hernandez Defendants — at both depositions, and in response to written discovery — is limited to: (a) payments, transfers or other remuneration between Dr. Antonio Diaz, or any practice or entity through which he furnished medical services at Casa Padre, and Eder Francisco Hernandez or any entity he owns or controls, during the period he furnished or arranged medical services in connection with the Casa Padre medical provider contract; (b) the four agreements transmitted to Jana Garza or Nutrix Medical Worx, PLLC on or about August 23, 2018; and (c) transactions reasonably identifiable as involving Diego Naranjo, Eder Hernandez, Migdal Eder, LLC, Trinity Health Services, PLLC, Divine Family Care, PLLC, UC Health Consultants or Valley Med Urgent Care, PLLC and concerning a Medical Provider Contract at a Southwest Key shelter, during the period January 1, 2017 through July 31, 2025.

3. No Hernandez Defendant is required to produce, and Relator shall not inquire into, financial or bank records of Migdal Eder, LLC predating its formation on December 17, 2017, or financial records of any Hernandez Defendant reflecting transactions with patients, vendors, landlords, lenders, employees or other counterparties unconnected to a Medical Provider Contract at a Southwest Key shelter.

4. Discovery is limited to the period January 1, 2015 through July 31, 2025, and Relator shall not inquire at either deposition into conduct, transactions or relationships predating January 1, 2015..

5. Relator shall not inquire at either deposition into Uptown Pharmacy, LLC, William Anderson, RGV Compounding Pharmacy, LLC, The Pharmacy at Uptown, La Farmacia, or the referral of any prescription to any pharmacy.

6. Relator shall not inquire at either deposition into South Texas Advanced Practice Solutions, LLC or Family Care Specialists, LLC.

7. Relator shall not inquire at either deposition into the identity, business interests, or marital or family relationships of any member of Eder Francisco Hernandez's family who is not a party to this action, including Jose Eduardo Hernandez and Adriana Villareal.

8. Discovery concerning arrangements with medical providers is limited to medical providers identified in the Amended Complaint, and Relator shall not inquire at either deposition into arrangements with medical providers not so identified.

9. The twenty-three requests for production attached to the October 21, 2026 Notice of Deposition of Eder Hernandez require no response, as untimely under Fed. R. Civ. P. 34(b)(2)(A) and Local Rule CV-16 and as directed to a party other than the one named in them; and the ten requests for production attached to the October 21, 2026 Amended Notice of Rule

30(b)(6) Deposition of Valley Med Urgent Care, PLLC require no further response, as untimely under Local Rule CV-16 and as already answered on October 19, 2026.

10. Amended Topic 2 of the Rule 30(b)(6) notice to Valley Med Urgent Care, PLLC is limited to the facts of Valley Med's participation, if any, in the transactions described in paragraph 196 of the Amended Complaint, and does not require the designee to testify to legal conclusions; Matter for examination No. 1 is limited to the ownership, management, and business or office-sharing relationships among Valley Med Urgent Care, PLLC, Dr. Abdur Rauf, Eder Francisco Hernandez and Diego Naranjo as they concern Southwest Key Programs, Inc. or a program funded in whole or in part by the Office of Refugee Resettlement; and Matter for examination No. 5 is limited to Medical Provider Contracts, subcontracts, and billing arrangements between Valley Med Urgent Care, PLLC and Southwest Key Programs, Inc., and between Valley Med Urgent Care, PLLC and medical providers identified in the Amended Complaint.

## VII. CONCLUSION

Relator is entitled to discover the transaction she pleaded. She is not entitled to examine four defendants about a pharmacy, a 2009 company, a father, a former spouse and a decade of business history that her own pleading never mentions, because she suspects, in her own words, that the scheme was "likely" employed elsewhere. Movants respectfully request that the Court stay the depositions noticed for October 29 and October 30, 2026, set this motion for an expedited hearing, enter the order described above, and grant such other relief to which Movants may be entitled.

Respectfully submitted,

MARTINEZ/TIJERINA, PLLC
1201 E. Van Buren
Brownsville, Texas 78520
Ph: (956) 550-4868
Fax (956) 621-0135

Tomas F. Tijerina
Federal ID No. 1062166
State Bar No. 24070746
ttijerina@mbmtlawfirm.com
Benigno (Trey) Martinez
Federal ID No. 23945
State Bar No. 00797011
trey@mbmtlawfirm.com
**COUNSEL FOR DEFENDANTS EDER FRANCISCO HERNANDEZ, ALYSSA HERNANDEZ, MIGDAL EDER, LLC, AND VALLEY MED URGENT CARE, PLLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, the undersigned advises the Court that counsel for the parties conferred with Counsel for Relator via email and he is opposed to all relief requested in this Motion.

/s/ Tomas F. Tijerina
Tomas F. Tijerina

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Tomas F. Tijerina
Tomas F. Tijerina