**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **United States of America *ex rel.* Jana Garza,** *Plaintiff* | § | |
| **v.** | § | **No. 1:25-cv-00305-ADA-SH** |
| **Southwest Key Programs, Inc., *et al.*,** *Defendants* | § | |

**ORDER**

Before the Court are Defendants' Opposed Motion for a Protective Order, filed October 1, 2026 (Dkt. 118); Defendants' Consent Motion for Status Conference, filed October 14, 2026 (Dkt. 126); Plaintiff-Relator's Partially Opposed Motion to Extend All Remaining Deadlines by 120 Days and For Leave to Take Up to Twenty Depositions, filed October 9, 2026 (Dkt. 121); The Hernandez Defendants' Emergency Motion to Stay the Depositions Noticed for October 29 and October 30, 2026 and for a Protective Order under Rule 26(c)(1)(D) Limiting Discovery to the Claims Pleaded in the First Amended Complaint, and for an Expedited Hearing, filed October 26, 2026 (Dkt. 128); the Emergency Joint Motion for a Stipulated Order, filed October 27, 2026 (Dkt. 129); and the associated response and reply briefs.[1]

## I. Protective Order and Joint Motion for Stipulated Order

The Court finds that Defendants have presented good cause to enter the Court's form protective order governing the use and disclosure of confidential information to be produced in discovery. The Court **GRANTS** Defendants' Opposed Motion for a Protective Order (Dkt. 118) and will enter the proposed confidentiality and protective order (Dkt. 118-1) in a separate order.

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 56.

The Court **GRANTS** the parties' Emergency Joint Motion for a Stipulated Order (Dkt. 129) and will issue the stipulated order separately.

## II. Status Conference and Stay of Depositions

The Court **ORDERS** counsel to appear before the Court for a **HEARING via Zoom** on the disputed discovery and scheduling issues (Dkts. 121 and 128) on **Tuesday, November 10, 2026 at 3 p.m.** The parties will receive instructions for the hearing from Courtroom Deputy Kyra Kelley.

The Court **GRANTS** Defendants' Consent Motion for Status Conference (Dkt. 126). The Court **GRANTS IN PART** Hernandez Defendants' Emergency Motion to Stay the Depositions Noticed for October 29 and October 30, 2026 and for a Protective Order under Rule 26(c)(1)(D) Limiting Discovery to the Claims Pleaded in the First Amended Complaint, and for an Expedited Hearing (Dkt. 128). The Court **GRANTS** the Motion to Stay the Depositions Noticed for October 29 and October 30, 2026 and the Request for an Expedited Hearing but **DEFERS** ruling on their request for Protective Order under Rule 26(c)(1)(D) Limiting Discovery to the Claims Pleaded in the First Amended Complaint until after the hearing.

## III. Failure to Satisfy Conference Requirement

Local Rule CV-7(g) provides, in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Plaintiff-Relator's Partially Opposed Motion to Extend All Remaining Deadlines (Dkt. 121) and Hernandez Defendants' Motion for Protective Order (Dkt. 128) each have boilerplate statements that the parties conferred by email, but neither "certifies the specific reason that no agreement could be made." *Id.* Conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse," and "a movant's certification

requires a *detailed* description as to the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement." *McCallum v. Camping World, Inc.*, No. SA-19-CV-01021-OLG, 2019 WL 9197839, at *1 (W.D. Tex. Dec. 18, 2019).

The Court **ORDERS** the parties to meaningfully confer – by telephone, remote meeting, or in person – in an attempt to resolve the issues raised in their motions. After their conference(s), the parties are **ORDERED to FILE** a Joint Advisory no more than six pages on length **on or before November 6, 2026**. The Joint Advisory must discuss the parties' conference, inform the Court what issues raised in the pending motions have been resolved, identify any remaining disputed issues requiring resolution by the Court, and briefly set forth the parties' respective positions on each outstanding issue. If no issues remain that the parties cannot resolve without Court intervention, the hearing will be canceled and the motions dismissed as moot.

The Court **FURTHER ORDERS** the parties to file no more motions before the hearing without first requesting and obtaining leave.

**SIGNED** on October 28, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE