**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| ***ex rel.* JANA GARZA** | § | |
| Plaintiff, | § | |
| v. | § | Case No. 1:25-cv-00305-ADA-SH |
| **SOUTHWEST KEY PROGRAMS, INC.,** | § | |
| ***et al.*,** | § | |
| Defendants. | § | |

# JOINT ADVISORY

This Court's Order regarding pending discovery motions and scheduling, Dkt. 130, directed that the Parties to this matter meaningfully confer in an attempt to resolve the issues raised in the discovery-related motions currently pending before the Court and to file a Joint Advisory on or before November 6, 2026 to discuss the parties' conference, inform the Court what issues raised in the pending motions have been resolved, identify any remaining disputed issues requiring resolution by the Court, and briefly set forth the parties' respective positions on each outstanding issue. Accordingly, the Parties submit this Joint Advisory:

## 1. Meet and Confer

The Parties met and conferred via Zoom on Monday, November 2 for approximately 50 minutes to discuss the issues relating to the pending motions and the scheduling of outstanding discovery. Additionally, Plaintiff's counsel and counsel for the Hernandez Defendants, met via video conference on November 3 to confer separately regarding the Hernandez Defendants' pending motion (Dkt. 128) and issues specific to discovery requests and responses. The Parties exchanged email responses on November 4 and 5 regarding follow-up requested in the November 2 conference. This Joint Advisory summarizes points on which the parties agreed and those still requiring resolution by the Court.

Plaintiff lists below each conference and email exchange in which counsel sought to resolve these issues without the Court's involvement.

| Date | Conference or email | Substance and result |
|---|---|---|
| Oct. 30 | Email, all counsel | Agenda set; Plaintiff proposed Dkt. 128 limits and twenty depositions. |
| Nov. 2 | Zoom, all counsel | Plaintiff offered February 1, 2027 and November 16 production. |
| Nov. 3 | Email, Defendants | Counteroffer: December 28 close of fact discovery with depositions extended to Feb. 1 pursuant to Court's standing order; no more than ten depositions. Exh. 1. |
| Nov. 3 | Zoom, Hernandez | Dkt. 128 scope agreed; motion to be held in abeyance. |
| Nov. 4 | Teams, Naranjo | Some requests clarified; other objections maintained. |
| Nov. 5 | Teams and email, Naranjo | Plaintiff's written proposals narrowing the disputed requests. |
| Nov. 5 | Email, Plaintiff | Reply; deposition list; November 19 production proposed. Exh. 1. |
| Nov. 6 | Email, Defendants | Draft Advisory; extension, depositions, and production unresolved. |

**2. Resolved and Disputed Issues**

Two issues are resolved. All Parties agree that the sixty-day period under Dkt. 132 ends December 28, 2026, and Plaintiff and the Hernandez Defendants agree that Dkt. 128 may be held in abeyance, as stated in Part 3.

Three issues remain for the Court, each unresolved for the reason stated: (1) the close of fact discovery, which Plaintiff asks the Court to set at February 1, 2027, while Defendants regard the sixty days under Dkt. 132 as a fair accommodation and would permit later depositions up until February 1, 2027 under the standing order on which Plaintiff will not rely without the Court's confirmation that it still governs, Exh. 1; (2) leave for Depositions 11 through 20, which Defendants oppose for want of good cause, Dkt. 123; Part 4.a; and (3) the production date, which Defendants tie to fourteen days before each Party's deposition as per the stipulation entered by this Court, Dkt. 132, while Plaintiff seeks a fixed date of November 19, 2026, Exh. 1.

**3. Hernandez Defendants' Motion to Stay and for Protective Order (Dkt. 128)**

Counsel for Plaintiff and counsel for the Hernandez Defendants represent that they have reached agreement to defer the need for the Court to rule on the Hernandez Defendants' request for a protective order, Dkt. 128, pending the exchange and review of discovery responses following the Court entering a Confidentiality and Protective Order, Dkt. 131. Respective counsel indicate they request that the Court hold the Hernandez Defendants' motion, Dkt. 128, in abeyance pending that exchange of additional discovery.

**4. Plaintiff's Motion to Extend All Scheduling Order Deadlines by 120 Days and for Leave to Take up to Ten Additional Depositions (Dkt. 121)**

Counsel for all Parties discussed Plaintiff's pending motion to extend all Scheduling Order deadlines by 120 days and for leave to take up to ten additional depositions, Dkt. 121, which Defendants opposed, Dkt. 123. Previously, the Parties had met, conferred, and ultimately agreed to the stipulation that formed the basis of the Court's Order to Modify the Discovery Schedule, Dkt. 132, which provides for sixty days in which to reschedule depositions then currently noticed and identified on mutually agreed-upon dates and pursuant to proper notice and service requirements. After further efforts to meet and confer outlined above, the Parties were unable to reach further agreement, as described more fully in the Parties' email exchange. (*See* Exh. 1, email of R. Condit of Nov. 5, 2026.)

**a. Defendants' Position on Extending Discovery and Allowing for Additional Depositions**

Defendants submit that the additional sixty days to which the Parties previously stipulated and provided by the Court's Order Modifying the Discovery Schedule, Dkt. 132, to reschedule then-noticed and identified depositions and to exchange discovery affected by the Court's entry of the Confidentiality and Protective Order, Dkt. 131, constituted a fair accommodation to Plaintiff. Defendants offered, but Plaintiff did not agree, that the Parties could

stipulate to take depositions out of time through February 1, 2027, consistent with Judge Albright's standing Order governing this case, but that the Court's previous Scheduling Orders, Dkts. 88 & 132, otherwise control.

Regarding Plaintiff's request for additional depositions, Defendants reviewed Plaintiff's latest list of proposed deponents as provided by email on November 5, *see* Exh. 1 attachment to email of R. Condit of Nov. 5, 2026, but do not agree that the list reflects good cause to allow Plaintiff to take 10 additional depositions at this stage or to extend the fact discovery deadline of November 6 by 120 days as the Plaintiff requests. Per the stipulated Order as entered by the Court, Dkt. 132, Defendants agree to reschedule the party depositions that Plaintiff had noticed as of the date of the stipulated Order and as reflected in the "Omnibus Notice" Plaintiff provided to Defendants on October 24, 2026. (*See* Exh. 2, email of S. Ayers of Oct. 24, 2026.) Defendants have offered to reschedule their noticed depositions and have requested available dates for Plaintiff's deposition but have received no response. (*See* Exh. 1.)

Defendants each met their deadlines for producing discovery responses, and submitted a limited document production, in mid-October, but could not produce fulsome documents before the protective order governing confidentiality was in place. Defendants remain committed to producing discovery materials affected by the Court's entry of the Confidentiality and Protective Order, Dkt. 131, by not less than fourteen days prior to that Party's deposition per this Court's Order as stipulated to and requested by the Parties, Dkt. 132.

Defendants counsel further notes that the "discovery table" offered by Plaintiff on page 6 of this Joint Advisory was only shared with Defendants at 3:30 p.m. Eastern on Friday, November 6; accordingly, Defendants have not fully reviewed it for accuracy and, to that end, expressly deny the claims made in the table about the sufficiency of discovery efforts thus far.

**b. Plaintiff's Reasons for the Discovery Delay**

The Government Accountability Project (GAP) is Plaintiff's lead counsel; Mehri & Skalet, PLLC provides False Claims Act expertise and funds the litigation; and Carlos Doroteo of Milpa Law PLLC is Texas local counsel. GAP's lead attorney, John Kolar, lost his in-house litigation staff by July 2025 and resigned for medical reasons effective June 30, 2026, and GAP has been unable to fill open positions at nonprofit salaries. Stephani L. Ayers, Acting Litigation Director since January 16, 2026, entered this case only after he left. Dkts. 114, 116; *see* Decl. of Stephani L. Ayers ¶¶ 3–6, *United States ex rel. Buckmaster v. Baylor Coll. of Med.*, No. 3:22-cv-00059 (S.D. Tex. Nov. 3, 2026), ECF No. 38-1. GAP then engaged part-time contract attorneys Thad M. Guyer of T.M. Guyer & Friends, PC and Diana Christian, whose pro hac vice motions remain pending. Dkts. 133, 134. Plaintiff has since pressed discovery diligently.

**c. Plaintiff's Position on Extending Discovery and Allowing for Additional Depositions**

On November 2, Plaintiff offered, as a compromise of the 120-day extension sought in Dkt. 121, to extend fact discovery to February 1, 2027; Defendants declined. See Exh. 1. Plaintiff accepts December 28, 2026 as the end of the sixty-day period under Dkt. 132, but asks for a Court-ordered deadline rather than a stipulation under a standing order that may no longer govern. Id. Plaintiff's November 5 Prioritized Deposition List, served with Exh. 1, ranks twenty depositions, including six Rule 30(b)(6) depositions (topics in Appendix A); Valley Med's is new since Dkt. 121 because each entity Defendant must testify through Rule 30(b)(6) designees. Good cause supports leave for Nos. 11 through 20.

Defendants' productions remain outstanding; Southwest Key's was due October 13. Dkt. 132 makes fourteen days before each deposition a minimum, not a holding period. Plaintiff urges a ruling at or soon after the November 10 hearing and asks the Court to (1) set February 1, 2027 as the close of fact discovery, with corresponding extensions of the unexpired Dkt. 88 deadlines;

(2) grant leave for the twenty listed depositions; and (3) order Defendants to complete production and written responses by November 19, 2026.

**5. Plaintiff's Outstanding Written Discovery Will Be Served by the November 10 Hearing**

By the November 10, 2026 hearing, Plaintiff will have served the majority of the written discovery she owes Defendants, subject to Rule 26(e): her document production, privilege log, and Rule 34, Rule 33, and Rule 36 responses, and will follow up with any missing or omitted items by November 17. She will promptly provide dates for Dr. Garza's deposition. The table below shows the written discovery served in each direction and its status.

| Defendant | Requests to Plaintiff | Plaintiff's responses | Plaintiff's requests | Defendant's responses |
|---|---|---|---|---|
| Southwest Key | RFP (15), ROG (18), RFA (19), Sept. 25 | Served Oct. 26; production and privilege log by Nov. 10 | RFP (34), ROG (16), July 21; RFP (113), ROG (52), RFA (93), Sept. 11 and 14 | 157 pages, Aug. 21 to Sept. 1; responses Oct. 13, ROG 26–52 and RFA 31–93 unanswered; 1,942 pages |
| Diego Naranjo, individually and dba UC Health | ROG (25), RFP (56), RFA (24), Oct. 2 | Due Nov. 17 by agreement; all by Nov. 10 | RFP (121), ROG (36), RFA (81), Aug. 21 | Responses Sept. 21; 10 pages produced |
| Divine Family Care | RFP (56), Oct. 2; amended ROG (18), RFA (9), Oct. 4 | Due Nov. 17 by agreement; all by Nov. 10 | RFP (14) with Rule 30(b)(6) notice, Sept. 11 | Responses Oct. 14; 8 pages produced |

| Defendant | Requests to Plaintiff | Plaintiff's responses | Plaintiff's requests | Defendant's responses |
|---|---|---|---|---|
| Trinity Health Services | RFP (56), Oct. 2; amended ROG (18), RFA (9), Oct. 4 | Due Nov. 17 by agreement; all by Nov. 10 | RFP (15) with Rule 30(b)(6) notice, Sept. 11 | Responses Oct. 14; 2 pages produced |
| Eder Hernandez | ROG (25), RFP (40), RFA (29), Sept. 28 (joint set) | Responses, production, and privilege log by Nov. 10 | RFP (87), ROG (52), RFA (95), Sept. 11; RFP (23), Oct. 21 | Responses Oct. 19 to ROG 1–25 and RFA 1–30; no production; Oct. 21 RFP unanswered |
| Alyssa Hernandez | Joint set, Sept. 28 | By Nov. 10 | None | None due |
| Migdal Eder | Joint set, Sept. 28 | By Nov. 10 | RFP (13) with Rule 30(b)(6) notice, Sept. 11 | Responses Oct. 19; no production |
| Valley Med Urgent Care | Joint set, Sept. 28 | By Nov. 10 | RFP (10) with Rule 30(b)(6) notice, Sept. 11 | Responses Oct. 19; no production |
| Fanny Figueroa | None | None due | None | None due |
| Geraldo Rivera | None | None due | None | None due |

Dated: November 6, 2026

Respectfully submitted,

*/s/ Mindy B. Pava*
**FELDESMAN LLP**
Mindy B. Pava (*pro hac vice*)
Stephen M. Kuperberg (*pro hac vice*)
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Email:mpava@feldesman.com
skuperberg@feldesman.com
*Counsel for Southwest Key Programs, Inc.*

/s/ Richard Condit
Richard Condit
Cleveland Lawrence III
MEHRI & SKALET, PLLC
2000 K St. N.W., Suite 325, Washington, D.C. 20006
(202) 822-5100 | RCondit@findjustice.com
Stephani L. Ayers
Government Accountability Project
1612 K St. N.W., Suite 808, Washington, D.C. 20006
(813) 382-7865 | stephania@whistleblower.org
Carlos Doroteo, TX Bar No. 24097616
MILPA LAW PLLC
2030 North Loop West #115, Houston, TX 77018
(866) 666-4572 | carlos@milpalaw.com
Counsel for Plaintiff-Relator Jana Garza

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova, State Bar 24128031
lcordova@jw.com
JACKSON WALKER LLP
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
*Counsel for Diego Naranjo,*
*Divine Family Care, PLLC,*
*Trinity Health Services, PLLC, and*
*Diego Naranjo dba UC Health Consultants*

*/s/ Tomas F. Tijerina*
Tomas F. Tijerina
State Bar No. 24070746
Federal ID No. 1062166
ttijerina@mbmtlawfirm.com
**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
*Counsel for the Hernandez Defendants*