**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **United States of America *ex rel.* Jana Garza,** *Plaintiff* | § | |
| v. | § | **No. 1:25-CV-00305-ADA-SH** |
| **Southwest Key Programs, Inc., *et al.*,** *Defendants* | § | |

## ORDER

Now before the Court are Plaintiff-Relator's Partially Opposed Motion to Extend All Remaining Deadlines by 120 Days and for Leave to Take Up to Twenty Depositions, filed October 9, 2026 (Dkt. 121); The Hernandez Defendants' Motion for a Protective Order under Rule 26(c)(1)(D) Limiting Discovery to the Claims Pleaded in the First Amended Complaint, filed October 26, 2026 (Dkt. 128); the Parties' Joint Advisory, filed November 6, 2026 (Dkt. 135); and the associated response and reply briefs.[1]

Plaintiff-Relator Jana Garza brings this *qui tam* action, on behalf of the United States and herself, under the False Claims Act against Southwest Key Programs, Inc., a Texas nonprofit corporation, and related individuals and entities. Garza alleges that Defendants submitted false claims for payment to the federal government and violated anti-kickback statutes.

The Court held a status conference at which the parties appeared through counsel on November 10, 2026, and now issues this order for the reasons stated from bench.

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 56.

## I. Motion to Extend Deadlines

On June 18, 2025, the Court entered a Scheduling Order ordering that discovery would commence on February 9, 2026 and setting the deadlines for fact discovery on November 6, 2026 and for dispositive motions on September 3, 2027. Dkt. 88. Under Rule of Civil Procedure 16(b)(4), once a scheduling order has been entered, it may be modified only for good cause and with the court's consent. *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). When evaluating whether a movant has shown good cause, courts consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

The Court finds that Garza has shown good cause to extend the deadlines. The Court also finds that the amendment will not unduly prejudice Defendants because the dispositive motion deadline is ten months away and the trial date has been vacated (Dkt. 117). Accordingly, the Court grants Garza's motion to extend.

## II. Motion for Leave to Take Up to 20 Depositions

Under Rule 30(a)(2)(A)(i), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1)" if the parties have not stipulated to the deposition and "the deposition would result in more than 10 depositions being taken." Because the deposition limit was intended to curb abusive discovery practices, "it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Mullenix v. Univ. of Tex. at Austin*, No. 1-19-CV-1203-LY-SH, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021) (citation omitted).

The Court finds that Garza has shown good cause to take up to 20 depositions. The Amended Complaint names eleven defendants and alleges a conspiracy spanning more than ten years, and Garza has identified a need for specific organizational and individual witness testimony. Dkt. 135-1 at 4-14; Dkt. 135-2 at 2-4. The Court grants her motion for leave to take more than ten depositions.

## III. Motion for Protective Order

The parties have settled the dispute underlying Hernandez Defendants' Motion for a Protective Order. Accordingly, the motion is dismissed as moot.

## IV. Conclusion

The Court **GRANTS** Plaintiff-Relator's Partially Opposed Motion to Extend All Remaining Deadlines by 120 Days and for Leave to Take Up to Twenty Depositions (Dkt. 121) and **DIMISSES as moot** The Hernandez Defendants' Motion for a Protective Order under Rule 26(c)(1)(D) Limiting Discovery to the Claims Pleaded in the First Amended Complaint (Dkt. 128). The Court will issue an amended scheduling order.

**SIGNED** on November 10, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE